IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

J.K.J,

      Plaintiff,

    v.

                                      Case No. 15-cv-428

POLK COUNTY SHERIFF'S DEPARTMENT,
DARRYL L. CHRISTENSEN,

      Defendants.

## INTERVENOR WISCONSIN COUNTY MUTUAL INSURANCE CORPORATION'S BRIEF IN SUPPORT OF MOTION TO INTERVENE

### <u>INTRODUCTION</u>

Wisconsin County Mutual Insurance Corporation ("WCMIC") issued Public Entity Liability policies of insurance to Polk County covering four consecutive one-year periods from January 1, 2011, to January 1, 2015. The Public Entity Liability policies of insurance are subject to all terms, conditions, limitations, and exclusions contained therein. Defendant Darryl L. Christensen is a former Polk County employee. According to Plaintiff's Complaint, Defendant Darryl L. Christensen violated Plaintiff's Eighth Amendment right against cruel and unusual punishment by sexual assaulting her during her incarceration in the Polk County Jail while he was employed by Polk County.

No coverage is available to Defendant Darryl L. Christensen under WCMIC's insurance policies issued to Polk County for the claims asserted against him in Plaintiff's Complaint. Accordingly, WCMIC filed a motion to intervene in this action. WCMIC may, at a later date, move to bifurcate the insurance coverage issues from the proceedings on the merits, and may move to stay all proceedings on the merits until the Court rules on the insurance coverage issues.

However, at the present time, WCMIC has moved only to intervene as a party in the case.  If its motion is granted, WCMIC will file a Complaint for Declaratory Judgment relating to insurance coverage for Plaintiff's claims against Defendant Darryl L. Christensen.

## FACTS

Plaintiff filed a Complaint against Polk County Sheriff's Department and Darryl L. Christensen relating to certain actions taken by Defendant Darryl L. Christensen while he was employed as a Polk County Jailer.  Plaintiff alleges that from August of 2012 through October of 2014, at various times she was an inmate in the Polk County Jail.  She alleges that during that time, Defendant Darryl L. Christensen made unwanted sexual requests and unwanted sexual advances towards her.  The Complaint asserts a claim against Defendant Darryl L. Christensen for violation of Plaintiff's Eighth Amendment right against cruel and unusual punishment by sexually assaulting her during her incarceration.

WCMIC issued Public Entity Liability policies of insurance to Defendant Polk County covering four consecutive one-year periods from January 1, 2011 to January 1, 2015.  WCMIC has agreed to provide a defense to Defendant Darryl L. Christensen subject to a complete reservation of all rights existing under the terms, conditions, exclusions, and other provisions of these policies.

## ARGUMENT

I.  <u>WCMIC HAS A RIGHT TO INTERVENE UNDER FED. R. CIV. P. 24(a)(2).</u>

WCMIC should be permitted to intervene in the present case pursuant to Fed. R. Civ. P. 24, which states:

> Upon timely application anyone shall be permitted to intervene in an action . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that disposition of the action may as a practical matter impair or impede the applicant's ability to protect

2

> that interest, unless the applicant's interest is adequately represented by existing
> parties.

Fed. R. Civ. P. 24(a)(2) (hereinafter "Rule 24(a)").  According to this language, a movant may intervene in an action after satisfying four requirements set forth in Rule 24(a): (1) timeliness; (2) an interest relating to the subject matter of the action; (3) at least potential impairment of that interest if the action is resolved without the intervenor; and (4) a lack of adequate representation by existing parties.  *Reid L. v. Illinois State Bd. of Educ.*, 289 F.3d 1009 (7th Cir. 2002); *People Who Care v. Rockford Bd. of Educ.*, 68 F.3d 172, 175 (7th Cir. 1995).  WCMIC has the right to intervene in the case at bar because it has satisfied all four requirements set forth in Rule 24(a).

First, WCMIC's Motion to Intervene is timely.  While Rule 24(a) does not set a specific time limitation, the Seventh Circuit has described the timeliness requirement as preventing a tardy intervenor from derailing a lawsuit "within sight of the terminal."  *U.S. v. South Bend Cmty. Sch. Corp.*, 710 F.2d 394, 396 (7th Cir. 1983).  WCMIC is filing its Motion to Intervene two months after Plaintiff filed this action.  This case has just begun.  By filing its motion to intervene while this case is still in its infancy, WCMIC is in no way derailing this lawsuit "within sight of the terminal."

Second, WCMIC has an interest in the present action.  All defendants tendered defense of the claims alleged by Plaintiff in the Complaint to WCMIC.  WCMIC has retained separate counsel to defend the interests of Defendant Christensen with respect to Plaintiff's Complaint under a full and complete reservation of rights.

Third, the disposition of the present action, without permitting WCMIC's intervention on the insurance coverage issue, would impair or impede WCMIC's ability to protect its monetary interest, as evidenced by the Wisconsin Supreme Court's decisions holding that bifurcation of

the insurance coverage issue from the trial on the merits is the preferred procedure to protect the interests of the insurer and the insured where coverage is an issue.  *Mowry v. Badger Mut. Ins. Co., 129 Wis. 2d 496 (1986); Newhouse v. Citizens Sec. Mut. Ins. Co.*, 176 Wis. 2d 824 (1993).

Finally, WCMIC's interests are not represented by the existing parties.  Therefore, because WCMIC has satisfied the requirements of Rule 24(a) for intervention, WCMIC's Motion to Intervene should be granted.

<div align="center">

**<u>CONCLUSION</u>**

</div>

Based on the foregoing, WCMIC respectfully requests that the Court grant its Motion to Intervene in this case.

Dated this 19th day of October, 2015.

<div style="margin-left: 40%">

s/ Lori M. Lubinsky
Attorneys for Intervenor
  Wisconsin County Mutual Ins. Corporation
AXLEY BRYNELSON, LLP
P.O. Box 1767
Madison, WI  53701-1767
Telephone:  (608) 257-5661
Fax:  (608) 257-5444
Email: llubinsky@axley.com

</div>

F:\EAFDATA\2961\74232\01672685.DOCX