

Wisconsin County Mutual Insurance Corporation

July 29, 2015

Axley Brynelson, S.C.
Attn: Lori Lubinsky
2 E. Mifflin Street, Suite 200
P.O. Box 1767
Madison, WI  53701-1767

RE:     Jennifer Johnson & Melinda Juleen vs. Polk County Sheriff's Dept.
        Case Numbers:  15-CV-00428 & 15-CV-00433
        Dates of Loss:  August 15, 2012 and November 3, 2011

I formally submit that the enclosed is a true, accurate, and certified copy of the liability
insurance policy issued to Polk County for the year January 1, 2013 to January 1, 2014.

Signed and dated this 29th day of July, 2015.

_____
Brian J. Knee, Litigation Case Manager
WI COUNTY MUTUAL INSURANCE CORPORATION

Subscribed and sworn to before me this 29th day of

_____July_____, 2015.

_____
Notary Public, State of  Wisconsin

My commission expires_____9.14.18_____

Corporate Management ◊ Wisconsin Counties Association
22 E. Mifflin Street, Suite 900 ◊ Madison, WI 53703
Phone: 866.404.2700 ◊ 608.663.7188 ◊ Fax: 608.663.7189 ◊ www.wisconsincountymutual.org

General Administrator ◊ Aegis Corporation
18550 West Capitol Drive ◊ Brookfield, WI 53045-1925
Phone: 800.236.6885 ◊ Fax: 262.781.7743 ◊ www.aegis-corporation.com

**EXHIBIT**

3



**County Mutual**
Wisconsin County Mutual Insurance Corporation

## WISCONSIN COUNTY MUTUAL INSURANCE CORPORATION

**Home office at:**
**22 E. Mifflin Street – Suite 900**
**Madison, Wisconsin 53703**

## PUBLIC ENTITY LIABILITY INSURANCE

### Declarations - Public Entity General and Automobile Liability,
### Uninsured and Underinsured Motorists Insurance and Medical Payments Coverage

| | | | |
|---|---|---|---|
| Policy Number: | 14913 | Renewal of Number: | 14912 |
| Named Insured: | Polk County | | |
| Mailing Address: | 100 Polk County Plaza | | |
| | Balsam Lake, WI 54810 | | |

Policy Period: From <u>1/1/2013</u> To <u>1/1/2014</u> 12:01 A.M. Standard time at the Mailing Address above.

**LIMITS OF INSURANCE**

Public Entity Liability Limit of Insurance: $<u>10,000,000</u> inclusive of the amount of the deductible

  Bodily Injury and Property Damage (Coverage A) Limit of Insurance:

    $<u>10,000,000</u> per occurrence inclusive of the amount of the deductible

  Personal Injury (Coverage B) and Errors and Omissions (Coverage C) Limit of Insurance:

    $<u>10,000,000</u> per offense inclusive of the amount of the deductible
    **Note: The Limit of Insurance for Bodily Injury and Property Damage (Coverage A) and the Limit of Insurance for Personal Injury (Coverage B) and Errors and Omissions (Coverage C) are part of and not in addition to the Public Entity Liability Limit of Insurance.**

Limit for Uninsured Motorist Liability:    $<u>25,000</u> per person / $<u>50,000</u> per accident, inclusive of the amount of the deductible

Limit of Underinsured Motorist Liability: $ n/a  per person/$ n/a  per accident, inclusive of the amount of the deductible
Limit for Medical Payments Coverage:    $ n/a  per person per accident, as per Endorsement WCMIC03103, if applicable

| | |
|---|---|
| **RETROACTIVE DATE (COVERAGES A & B, excluding claims arising out of the use, loading or unloading of an automobile):** | NONE |
| | (Enter Date or "None" if no Retroactive Date applies) |
| **RETROACTIVE DATE (COVERAGE C):** | 1/1/1989 |
| | (Enter Date or "None" if no Retroactive Date applies) |

**DEDUCTIBLE: Liability Deductible as per Endorsement DED09 (10-09)**

**PREMIUM**    Net Premium:    $<u>293,009.00</u>

The Premium for this policy is determined by the rate for this entity for this period applied to the actual ratable operating expenditures taken from the <u>12/31/2011</u> Audited Financial Statement.

_____
President

11/28/2012
Date

_____
Secretary

_____
Authorized Agent

WCMIC-D30011(10/11)



**County Mutual**
Wisconsin County Mutual Insurance Corporation

**WISCONSIN COUNTY MUTUAL INSURANCE CORPORATION**
Home office at:
22 E. Mifflin Street – Suite 900
Madison, Wisconsin 53703

**PUBLIC ENTITY LIABILITY INSURANCE**

**Supplemental Declarations - Public Entity General and Automobile Liability,
Uninsured and Underinsured Motorists Insurance and Medical Payments Coverage**

| FORMS AND ENDORSEMENTS (other than applicable Forms and Endorsements shown elsewhere in this policy) |
|---|
| Forms and Endorsements applying to this Policy and made part of this policy at time of issue:<br>WCMIC D30011 (10/11) Public Entity Liability Insurance Declarations – Policy #14913<br>WCMIC D3002 (10/09) Public Entity Liability Insurance Supplemental Declarations<br>WCMIC END 03003 (10/09) Deductible Liability Insurance Endorsement<br>WCMIC End M3010 (10/09) General Endorsement Premium Installment<br>WCMIC-END-3024(10/10) LEGAL LOSS PREVENTION SERVICES ENDORSEMENT<br>Policyholder Disclosure Notice of Terrorism Insurance Coverage<br>WCMIC END M31011 (10/12) Uninsured Motorist Endorsement<br>WCMIC END M3009 (10/09) Nursing Home Personal Injury Endorsement<br>WCMIC-3000 (10/09) Public Entity Liability Insurance TERMS<br>WCMIC END 3008 Nursing Home Liability Endorsement |

_Leland T. Rymer_ (signature)

**Leland T. Rymer**
**President**

**11/28/2012**

**Date**

_W. K. Barribeau_ (signature)

**W. K. Barribeau**
**Secretary**

_Karen Flynn_ (signature)

**Karen Flynn**
**Authorized Agent**

WCMIC-D3002(10/09)



**Wisconsin County Mutual Insurance Corporation**

**WISCONSIN COUNTY MUTUAL INSURANCE CORPORATION**

**DEDUCTIBLE LIABILITY INSURANCE ENDORSEMENT**

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

This endorsement modifies insurance provided under the following coverage parts if the particular coverage part has been made a part of the policy:

> Coverage A - *Bodily Injury* and *Property Damage*
> Coverage B - *Personal Injury*
> Coverage C - *Errors and Omissions*

| Coverage | Amount of Deductible |
|---|---|
| *Bodily Injury, Property Damage, Personal Injury* and *Errors and Omissions* | $10,000.00 Per *Occurrence* or *Offense* |
| Combined | $75,000.00 Annual Aggregate |

*Our* obligation under the *Bodily Injury, Property Damage, Personal Injury* or *Errors and Omissions* liability coverages or any combination of thereof, to pay damages or *defense costs* on *your* behalf applies only to the amount of damages and defense costs in excess of any deductible amounts stated in the Schedule above as applicable to such coverages, and the limits of insurance applicable to each *occurrence* and to each *offense* for such coverages will be reduced by the amount of such deductible.  In no event will *you* be charged for more deductible loss during this policy period than that shown for the annual aggregate deductible.  At such time as *your* paid deductible losses for the policy period total an amount equal to the annual aggregate deductible, *your* policy will have no further deductibles applied for this policy period.

*Your* **Deductible Fund Escrow**, the portion of the total outlay set aside in escrow used to pay damages and *defense costs* incurred during the policy period within the deductible layer, with us will be reconciled semi-annually on a paid loss basis and reconciled on an incurred loss basis at the end of the policy period.

Named Insured:  **Polk County**

Policy Number:  **14913**     Policy Period:  **1/1/2013 - 1/1/2014**

**Page 1 of 1**

WCMIC-END-03003(10/09)



**County Mutual**

Wisconsin County Mutual Insurance Corporation

WISCONSIN COUNTY MUTUAL INSURANCE CORPORATION

GENERAL ENDORSEMENT

**Named Insured:**   **Polk County**

**Policy Number:**   **14913**       **Policy Period:**   **1/1/2013 - 1/1/2014**

PREMIUM INSTALLMENT ENDORSEMENT

*We* agree that the advance premium is payable in two equal installments (with additional due to rounding billable on the first installment) and with the installments due and payable on January 1, and July 1, of the policy year.

**11/28/2012**

**Date**

*Karen Flynn*

**Authorized Agent**

WCMIC-END M3010 (10/09)



Wisconsin County Mutual Insurance Corporation

**WISCONSIN COUNTY MUTUAL INSURANCE CORPORATION**

**LEGAL LOSS PREVENTION SERVICES ENDORSEMENT**

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

In order to assist *you* in reducing your exposure to certain covered *Losses* related to collective bargaining agreements, and in consideration of the premium charged for your *Policy*, *we* agree to contribute to the cost of qualified *Legal Loss Prevention Services* that *you* incur during your *Policy* period, subject to the terms, conditions, limitations and exclusions stated herein.

| **Description** | **Maximum Annual Contribution** | **Cost Sharing Each Requested Service** |
| --- | --- | --- |
| Legal Loss Prevention Services | $50,000* | 50% of expenses above $2,500 |

*  *Our* contribution toward *Legal Loss Prevention Services* is subject to an annual maximum contribution set forth above for all *Legal Loss Prevention Services*.

1. **SECTION I – CONTRIBUTION**

   *We* will contribute toward attorneys' fees and related costs *you* incur during your *Policy* period that relate to *Legal Loss Prevention Services*.  *Our* contribution will take the form of fifty percent (50%) of the cost of such qualified *Legal Loss Prevention Services* above the first $2,500.00 of such expense.  Any contribution for *Legal Loss Prevention Services* is in addition to, and does not erode any other limits of liability set forth in your *Policy*.

2. **SECTION II – DEFINITIONS**

   *Legal Loss Prevention Services* means attorneys' fees and related costs for matters for which coverage is not otherwise available under this *Policy,* arising out of or related to *collective bargaining disputes*.

   *Collective bargaining disputes* means the negotiation of a collective bargaining agreement and any mediations or arbitrations between *you* and *a union representative* related to such negotiations.  *Collective bargaining disputes* exclude any disputes, mediations, arbitrations or lawsuits which pertain to matters that arise after the subject collective bargaining agreement has taken effect.

   *Union representative* means any individual or group of individuals empowered to negotiate on behalf or otherwise represent a labor union.

3. **SECTION III – SELECTION OF COUNSEL**

   *We* have the exclusive right to select counsel to handle any matter for which *you* have given notice of your intent to seek contribution toward *Legal Loss Prevention Services*.  *We* also have the right to determine and negotiate hourly rate and reporting requirements for any counsel selected by *us* under this Endorsement.

**WCMIC-END-3024(10/10)**



**County Mutual**

Wisconsin County Mutual Insurance Corporation

As respects *Legal Loss Prevention Services, we* will pay attorneys' fees and related costs on *your* behalf, and will bill *you* on a quarterly basis for any amounts that are not eligible for contribution under this Endorsement, including your deductible, any amount above the aggregate limit, and the difference between *our* contribution and the actual fees and costs incurred during such period.

4.  **SECTION IV – EXCLUSIONS**

    As respects *Legal Loss Prevention Services*, this benefit does not apply to:

    i.  any matter where *you* are the plaintiff or the party seeking affirmative relief;

    ii. any matter which in any way arises out of or is related to a criminal proceeding;

    iii. any matter for which *you* seek *Legal Loss Prevention Services* where attorneys are hired without prior authorization by *us*; and

    iv. any matter which in any way arises out of or is related to an insurance coverage dispute.

5.  **SECTION V – NOTICES**

    As respects *Legal Loss Prevention Services:*

    *You* will make reasonable efforts to notify *us* as soon as reasonably possible of any matter for which *you* seek contribution toward *Legal Loss Prevention Services*.  Notice must be approved through formal action of the County Board and submitted in writing by the County Board Chair or the County Board authorized designee/committee registered with *us*.  Notice must include a description of the matter for which *you* seek contribution toward *Legal Loss Prevention Services.*

    Nothing in this Endorsement relating to the notice required for *Legal Loss Prevention Services* replaces or modifies in any way *your* duties in the event of an *occurrence, offense, claim,* or *suit* under Coverages A, B, or C, as set forth in Section VII-Conditions, A.

| Named Insured: | **Polk County** | | |
|---|---|---|---|
| Policy Number: | 14913 | Policy Period: | 1/1/2013 - 1/1/2014 |

# WISCONSIN COUNTY MUTUAL INSURANCE CORPORATION

## POLICYHOLDER DISCLOSURE
### NOTICE OF TERRORISM
### INSURANCE COVERAGE

You are hereby notified that under the Terrorism Risk Insurance Act of 2002, effective November 26, 2002, that you now have the right to purchase insurance coverage for losses arising out of acts of terrorism, *as defined in Section 102(1) of the Act*:  The term "act of terrorism" means any act that is certified by the Secretary of the Treasury, in concurrence with the Secretary of State, and the Attorney General of the United States – to be an act of terrorism; to be a violent act or an act that is dangerous to human life, property; or infrastructure; to have resulted in damage within the United States, or outside the United States in the case of an individual or individuals acting on behalf of any foreign person or foreign interest, as part of an effort to coerce the civilian population of the United States or to influence the policy or affect the conduct of the United States Government by coercion.

UNDER THE ACT, ANY IN-FORCE TERRORISM **EXCLUSIONS** FOR ACTS OF TERRORISM, *AS DEFINED IN THE ACT*, ALREADY CONTAINED IN A POLICY OR INCLUDED IN AN ENDORSEMENT ARE NULLIFIED AS OF NOVEMBER 26, 2002.  **YOUR POLICY DOES NOT CONTAIN ANY TERRORISM EXCLUSIONS. THEREFORE, THE NULLIFICATION OF TERRORISM EXCLUSIONS DOES NOT AFFECT YOUR POLICY.**

YOU SHOULD KNOW THAT COVERAGE PROVIDED BY THIS POLICY FOR LOSSES CAUSED BY CERTIFIED ACTS OF TERRORISM IS PARTIALLY REIMBURSED BY THE UNITED STATES UNDER A FORMULA ESTABLISHED BY FEDERAL LAW.  UNDER THIS FORMULA, THE UNITED STATES PAYS 90% OF COVERED TERRORISM LOSSES EXCEEDING THE STATUTORILY ESTABLISHED DEDUCTIBLE PAID BY THE INSURANCE COMPANY PROVIDING THE COVERAGE.  NO ADDITIONAL PREMIUM IS CHARGED FOR INSURED LOSSES COVERED BY THE FEDERAL TERRORISM INSURANCE PROGRAM AND THE FEDERAL SHARE OF LOSSES UNDER THE PROGRAM.

## TERRORISM INSURANCE COVERAGE

**THIS COVERAGE IS AUTOMATICALLY INCLUDED IN YOUR POLICY AND THERE IS NO ADDITIONAL PREMIUM REQUIRED.**

Insured   Polk County

Policy No:   14913          Endorsement Effective Date   1/1/2013



Wisconsin County Mutual Insurance Corporation

**WISCONSIN COUNTY MUTUAL INSURANCE CORPORATION**

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY**

**WISCONSIN UNINSURED MOTORIST INSURANCE**

**I.  INSURING AGREEMENT**

A.    We will pay all sums the *insured* is legally entitled to recover as monetary damages from the owner or driver of an *uninsured motor vehicle* because of *bodily injury*.  The *bodily injury* must be sustained by the *insured* and must be caused by an *accident*.  The owner's or driver's liability for the damages must result from the ownership, maintenance or use of the *uninsured motor vehicle*.

B.    If this insurance provides a limit in excess of the amounts required by the applicable law where an *automobile* is principally garaged, we will pay only after all liability bonds or policies have been exhausted by judgments or payments.

C.    Any judgment for damages arising out of a *suit* brought without *our* consent is not binding on *us*.

**II.  WHO IS AN INSURED**

A.    *You.*

B.    Any person qualifying as an *insured* under the Who Is An Insured provision of the policy while *using* an *automobile* within the scope of his or her employment or authority;

C.    Any person qualifying as an *insured* under the Who Is An Insured provision of the policy while *using* with your permission an *automobile* you own, hire or borrow; or

D.    Anyone for damages he is entitled to recover because of *bodily injury* sustained by another *insured*.

**III.  EXCLUSIONS**

This insurance does not apply to:

A.    Any *claim* or *suit* settled without *our* consent.

B.    The direct or indirect benefit of any insurer or self-insurer under any worker's compensation, disability benefits, or similar law.

C.    Anyone *using* an *automobile* without a reasonable belief that the person is entitled to do so.

D.    Punitive or exemplary damages.

WCMIC-END M31011 (10/12)                         **Page  1  of 4**



Wisconsin County Mutual Insurance Corporation

IV. **LIMIT OF LIABILITY**

A.     The limits for similar coverage applying to other motor vehicles may not be added to the per person or per accident Uninsured Motorist Limits shown in the Declarations. Regardless of the number of policies involved, vehicles involved, persons covered, claims or *suits* made, vehicles or premiums shown on the policy, or premiums paid, the most *we* will pay under this endorsement for damages to any person for any one *accident* is the per person Uninsured Motorist Limit shown in the Declarations. Regardless of the number of policies involved, vehicles involved, persons covered, claims or *suits* made, vehicles or premium shown on the policy, or premiums paid, the most *we* will pay under this endorsement for damages for any one *accident* is the per accident Uninsured Motorist Limit shown in the Declarations.

B.     All *bodily injury* resulting from continuous or repeated exposure to substantially the same conditions will be considered as resulting from one *accident*.

C.     No one will be entitled to receive duplicate payments for the same element of damages under this coverage endorsement and any Liability Coverage Form, Uninsured Motorist Coverage, or Underinsured Motorist Coverage.

D.     The limits under this policy for Uninsured Motorist Coverage for bodily injury or death resulting from any one *accident* shall be reduced by any of the following that apply:

1.     Amounts paid by or on behalf of any person or organization that may be legally responsible for the bodily injury or death for which the payment is made.

2.     Amounts paid or payable under any worker's compensation law.

3.     Amounts paid or payable under any disability benefits laws.

V. **DEFINITIONS**

In addition to the Definitions within the Public Entity Liability Insurance policy, the following words and phrases have special meaning for this Uninsured Motorist Insurance endorsement:

A.     *Accident* means an *automobile accident* during the policy period and includes continuous or repeated exposure to the same conditions resulting in *bodily injury* neither expected nor intended from the standpoint of the *insured*.

B.     *Uninsured motor vehicle* means a land motor vehicle or trailer, other than a motor vehicle owned by a governmental unit, that is involved in an accident with a person who has uninsured motorist coverage and with respect to which, at the time of the accident, a bodily injury liability insurance policy is not in effect and the owner or operator has not furnished proof of financial responsibility for the future under subch. III of ch. 344 and is not a self-insurer under any other applicable motor vehicle law.

"*Uninsured motor vehicle*" also includes any of the following motor vehicles, other than a motor vehicle owned by a governmental unit, involved in an accident with a person who has uninsured motorist coverage:

**WCMIC-END M31011 (10/12)**



**County Mutual**

Wisconsin County Mutual Insurance Corporation

1. The maximum recovery under all coverage forms or policies combined may equal but not exceed the highest applicable limits for any three vehicles under any coverage form or policy providing coverage on either a primary or excess basis.

2. The coverage provided by this endorsement with respect to an *automobile you* do not own is excess over any other collectible uninsured motorist insurance available to the *insured*.

B. *Your* Duties in the Event of an *Occurrence, Offense, Claim* or *Suit* is changed by adding the following:

   1. Promptly notify the police if a hit-and-run or miss-and-run driver is involved; and

   2. Promptly send *us* copies of the legal papers if *suit* is brought.

C. Transfer of *Your* Rights of Recovery Against Others to *Us* is changed by the following:

If *we* make any payment under this uninsured motorist endorsement we are subrogated to the rights of the *insured* against any other party. If *we* make any payment and the *insured* recovers from another party, the *insured* shall hold the proceeds in trust for *us* and pay *us* back the amount *we* have paid. *We* shall be entitled to recovery only after the *insured* has been fully compensated for his or her damages.

D. The following condition is added:

<u>ARBITRATION</u>

1. If *we* and the *insured* disagree whether the *insured* is legally entitled to recover damages from the owner or driver of an *uninsured motor vehicle* or do not agree as to the amount of damages, either party may make a written demand for arbitration. In this event, each party will select an arbitrator. The two arbitrators will elect a third. If they cannot agree within 30 days, either may request that the selection be made by a judge of a court having jurisdiction. Each party will pay the expenses it incurs and bear the expenses of the third arbitrator equally.

2. Unless both parties agree otherwise, arbitration will take place in the county in which the insured lives. Local rules of law as to arbitration procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding.

3. This condition does not require arbitration of disputes concerning coverage under this endorsement.

11/28/2012  _____
Date

*Karen Flynn* _____
Authorized Agent

WCMIC-END M31011 (10/12)

Page 4 of 4



**County Mutual**
Wisconsin County Mutual Insurance Corporation

## WISCONSIN COUNTY MUTUAL INSURANCE CORPORATION

## GENERAL ENDORSEMENT – PERSONAL INJURY

Named Insured:     Polk County

Policy Number:     14913       Policy Period:     1/1/2013 - 1/1/2014

Name of Facility:     Golden Age Manor

In consideration of the additional premium specified below, coverage as defined by **SECTION VI - DEFINITIONS**, M., defining *personal injury*, is provided to *your* owned and operated nursing home and/or hospital. This coverage is excess over that provided by any other policy insofar as coverage is provided by both policies.

Annual Net Premium    **$9,097.00.**

11/28/2012
Date

*Karen Flynn*
Authorized Agent



**County Mutual**

Wisconsin County Mutual Insurance Corporation

WISCONSIN COUNTY MUTUAL INSURANCE CORPORATION

NURSING HOME LIABILITY ENDORSEMENT

| | |
|---|---|
| **Named Insured:** | **Polk County** |
| **Date this endorsement takes effect:** | **1/1/2013** |
| **Endorsement number:** | **1** |
| **Policy Number:** | **14913** |
| **Policy Period:** | **1/1/2013 - 1/1/2014** |

(*We* will not fill in the above unless *we* issue this endorsement after *we* issue *your* policy.)

In consideration of the additional premium specified below, Section V – Exclusions C., is hereby deleted in its entirety and replaced with the following exclusion:

**C. As respects coverage afforded under Section I, Coverage A – *Bodily Injury and Property Damage*, liability arising out of any hospital, mental health facility or other operation which provides *medical professional services*, but this exclusion does not apply to activities of: (1) a public health nurse while acting within the scope of his or her employment by *you*; (2) exclusively outpatient facilities for treatment of drug or alcohol dependency disabilities and their employees who are not physicians or physician's assistants; (3) *emergency medical personnel*; or (4) *your* owned and operated nursing home and its employees who are not physicians or physician's assistants.** Coverage provided by this endorsement is subject to the following policy sublimit only:

**Coverage A -**   **$1,000,000.00 per occurrence**
**$3,000,000.00 policy aggregate**

| | |
|---|---|
| **Name of Facility:** | **Golden Age Manor** |
| **Annual premium:** | **$25,025.00** |

11/28/2012
_____
Date

*Karen Flynn*
_____
Authorized Agent

**WCMIC-END-3008(10/09)**

**Page 1 of 1**

Wisconsin County Mutual Insurance Corporation

**WISCONSIN COUNTY MUTUAL INSURANCE CORPORATION**
**Home office at:**
22 E. Mifflin Street – Suite 900
**Madison, Wisconsin 53703**

**PUBLIC ENTITY LIABILITY INSURANCE**

**Supplemental Declarations - Public Entity General and Automobile Liability,
Uninsured and Underinsured Motorists Insurance and Medical Payments Coverage**

| |
|---|
| **FORMS AND ENDORSEMENTS** (other than applicable Forms and Endorsements shown elsewhere in this policy) |
| Forms and Endorsements applying to this Policy and made part of this policy at time of issue:<br>WCMIC D30011 (10/11) Public Entity Liability Insurance Declarations – Policy #14913<br>WCMIC D3002 (10/09) Public Entity Liability Insurance Supplemental Declarations<br>WCMIC END 03003 (10/09) Deductible Liability Insurance Endorsement<br>WCMIC End M3010 (10/09) General Endorsement Premium Installment<br>WCMIC-END-3024(10/10) LEGAL LOSS PREVENTION SERVICES ENDORSEMENT<br>Policyholder Disclosure Notice of Terrorism Insurance Coverage<br>WCMIC END M31011 (10/12) Uninsured Motorist Endorsement<br>WCMIC END M3009 (10/09) Nursing Home Personal Injury Endorsement<br>WCMIC-3000 (10/09) Public Entity Liability Insurance TERMS<br>WCMIC END 3008 Nursing Home Liability Endorsement<br>WCMIC-END 77094 (4/05) Leased Equipment<br>WCMIC-END 7703 (4/05) Leased Vehicles |

Leland T. Rymer
**Leland T. Rymer**
**President**

W. K. Barribeau
**W. K. Barribeau**
**Secretary**

**1/4/2013**

**Date**

Karen Flynn
**Karen Flynn**
**Authorized Agent**

WCMIC-D3002(10/09)

# WISCONSIN COUNTY MUTUAL INSURANCE CORPORATION

### ADDITIONAL INSURED ENDORSEMENT
### Leased Equipment

| | |
|---|---|
| Named Insured | **Polk County** |
| Date this endorsement takes effect | **1/1/2013** |
| Endorsement Number | **2** |
| Policy Number | **14913** |
| Policy Period | **1/1/2013 to 1/1/2014** |

(*We* will not fill in the above unless *we* issue this endorsement after *we* issue *your* policy.)

IN CONSIDERATION OF AN ADDITIONAL PREMIUM CHARGED OF $25.00, THE FOLLOWING IS HEREBY ADDED AS AN ADDITIONAL INSURED WITH REGARD TO THE LEASED EQUIPMENT LISTED BELOW:

LEASED EQUIPMENT:  Contract #598-1200 351-001 -
15 HomMed Genesis DM Monitors
15 HomMed Pulse Oximetry
Total Value $79,200 - used by Polk County Public Health Department

ADDITIONAL INSURED:  Honeywell Global Finance
Attn: Sara Anderson
1310 Madrid Street, Suite 103
Marshall, MN 56258

1/4/2013
Date

*Karen Flynn*
Authorized Agent

WCMIC-END 7704 (4/05)

# WISCONSIN COUNTY MUTUAL INSURANCE CORPORATION

## ADDITIONAL INSURED ENDORSEMENT
### Leased Vehicles

| | |
|---|---|
| Named Insured | **Polk County** |
| Date this endorsement takes effect | **1/1/2013** |
| Endorsement Number | **3** |
| Policy Number | **14913** |
| Policy Period | **1/1/2013 to 1/1/2014** |

(*We* will not fill in the above unless *we* issue this endorsement after *we* issue *your* policy.)

IN CONSIDERATION OF AN ADDITIONAL PREMIUM CHARGED OF $25.00, THE FOLLOWING IS HEREBY ADDED AS AN ADDITIONAL INSURED WITH REGARD TO THE LEASED VEHICLE(S) LISTED BELOW:

LEASED VEHICLE(S):     (2) 2011 Honda Accods, VIN 1HGCP2F43BA104964 & 1HGCP2F42BA080852, lease date 3/24/11; & (1) 2012 Honda Fusion, VIN 3FAHP0HG5C294666, lease start 5/23/2012.


ADDITIONAL INSURED:     American Honda Finance Corporation
c/o PDP Services
PO Box 650200
Hunt Valley, MD 21065-0200


1/4/2013
_____
Date

*Karen Flynn*
_____
Authorized Agent


WCMIC-END 7703(4/05)



**County Mutual**
Wisconsin County Mutual Insurance Corporation

**WISCONSIN COUNTY MUTUAL INSURANCE CORPORATION**
Home office at:
22 E. Mifflin Street – Suite 900
Madison, Wisconsin 53703

**PUBLIC ENTITY LIABILITY INSURANCE**

**Supplemental Declarations - Public Entity General and Automobile Liability,
Uninsured and Underinsured Motorists Insurance and Medical Payments Coverage**

| |
|---|
| **FORMS AND ENDORSEMENTS** (other than applicable Forms and Endorsements shown elsewhere in this policy) |
| Forms and Endorsements applying to this Policy and made part of this policy at time of issue:<br>WCMIC D30011 (10/11) Public Entity Liability Insurance Declarations – Policy #14913<br>WCMIC D3002 (10/09) Public Entity Liability Insurance Supplemental Declarations<br>WCMIC END 03003 (10/09) Deductible Liability Insurance Endorsement<br>WCMIC End M3010 (10/09) General Endorsement Premium Installment<br>WCMIC-END-3024(10/10) LEGAL LOSS PREVENTION SERVICES ENDORSEMENT<br>Policyholder Disclosure Notice of Terrorism Insurance Coverage<br>WCMIC END M31011 (10/12) Uninsured Motorist Endorsement<br>WCMIC END M3009 (10/09) Nursing Home Personal Injury Endorsement<br>WCMIC-3000 (10/09) Public Entity Liability Insurance TERMS<br>WCMIC END 3008 Nursing Home Liability Endorsement<br>WCMIC-END 77094 (4/05) Leased Equipment<br>WCMIC-END 7703 (4/05) Leased Vehicles<br>WCMIC-END 7717 (4/05) 4H Volunteers |

_Leland T. Rymer_

**Leland T. Rymer
President**

**1/17/2013**

**Date**

_W K Barribeau_

**W. K. Barribeau
Secretary**

_Karen Flynn_

**Karen Flynn
Authorized Agent**

WCMIC-D3002(10/09)

# WISCONSIN COUNTY MUTUAL INSURANCE CORPORATION

## NAMED INSURED ENDORSEMENT
### County 4-H

| | |
|---|---|
| Named Insured | **Polk County** |
| Date this endorsement takes effect | **1/1/2013** |
| Endorsement Number | **4** |
| Policy Number | **14913** |
| Policy Period | **1/1/2013 to 1/1/2014** |

(*We* will not fill in the above unless *we* issue this endorsement after *we* issue *your* policy.)

IN CONSIDERATION OF NO ADDITIONAL PREMIUM CHARGE, IT IS HEREBY AGREED THAT THE COUNTY 4-H PROGRAM VOLUNTEER LEADERS NAMED ON THE ATTACHED SCHEDULE ARE ADDED TO THE POLICY AS NAMED INSUREDS WITH RESPECT TO THEIR POSITION AS AUTHORIZED 4-H VOLUNTEERS.

1/17/2013
_____
Date

*Karen Flynn*
_____
Authorized Agent

WCMIC-END 7717 (4/05)



**County Mutual**
Wisconsin County Mutual Insurance Corporation

**WISCONSIN COUNTY MUTUAL INSURANCE CORPORATION**
Home office at:
**22 E. Mifflin Street – Suite 900**
**Madison, Wisconsin 53703**

**PUBLIC ENTITY LIABILITY INSURANCE**

**Supplemental Declarations - Public Entity General and Automobile Liability,**
**Uninsured and Underinsured Motorists Insurance and Medical Payments Coverage**

| FORMS AND ENDORSEMENTS (other than applicable Forms and Endorsements shown elsewhere in this policy) |
|---|
| Forms and Endorsements applying to this Policy and made part of this policy at time of issue: |
| WCMIC D30011 (10/11) Public Entity Liability Insurance Declarations – Policy #14913 |
| WCMIC D3002 (10/09) Public Entity Liability Insurance Supplemental Declarations |
| WCMIC END 03003 (10/09) Deductible Liability Insurance Endorsement |
| WCMIC End M3010 (10/09) General Endorsement Premium Installment |
| WCMIC-END-3024(10/10) LEGAL LOSS PREVENTION SERVICES ENDORSEMENT |
| Policyholder Disclosure Notice of Terrorism Insurance Coverage |
| WCMIC END M31011 (10/12) Uninsured Motorist Endorsement |
| WCMIC END M3009 (10/09) Nursing Home Personal Injury Endorsement |
| WCMIC-3000 (10/09) Public Entity Liability Insurance TERMS |
| WCMIC END 3008 Nursing Home Liability Endorsement |
| WCMIC-END 77094 (4/05) Leased Equipment |
| WCMIC-END 7703 (4/05) Leased Vehicles |
| WCMIC-END 7717 (4/05) 4H Volunteers |
| WCMIC-END 7703 (4/05) Leased Vehicles |

_Leland T. Rymer_
Leland T. Rymer
President

_W.K. Barribeau_
W. K. Barribeau
Secretary

8/27/2013
Date

_Karen Flynn_
Karen Flynn
Authorized Agent

**WCMIC-D3002(10/09)**

# WISCONSIN COUNTY MUTUAL INSURANCE CORPORATION

### ADDITIONAL INSURED ENDORSEMENT
**Leased Vehicles**

| | |
|---|---|
| Named Insured | **Polk County** |
| Date this endorsement takes effect | **8/13/2013** |
| Endorsement Number | **5** |
| Policy Number | **14913** |
| Policy Period | **1/1/2013 to 1/1/2014** |

(*We* will not fill in the above unless *we* issue this endorsement after *we* issue *your* policy.)

IN CONSIDERATION OF AN ADDITIONAL PREMIUM CHARGED OF <u>$25.00</u>, THE FOLLOWING IS HEREBY ADDED AS AN ADDITIONAL INSURED WITH REGARD TO THE LEASED VEHICLE(S) LISTED BELOW:

LEASED VEHICLE(S):  Per lease agreement dated 8/13/2013 for lease of vehicles for Polk County use for transportation services.

ADDITIONAL INSURED:  Enterprise FM Trust
Enterprise Fleet Management, Inc.
2775 Blue Water Road
Eagan, MN 55121

8/27/2013
_____
Date

*Karen Flynn*
_____
Authorized Agent

WCMIC-END 7703(4/05)



**WISCONSIN COUNTY MUTUAL INSURANCE CORPORATION**

**WISCONSIN COUNTY MUTUAL INSURANCE CORPORATION**

**PUBLIC ENTITY LIABILITY INSURANCE**

Various provisions in this policy restrict coverage.  Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words *you* and *your* refer to the Named Insured shown in the Declarations. The words *we, us* and *our* refer to Wisconsin County Mutual Insurance Corporation.

The word *insured* means any person or organization qualifying as such under Section III - Who is an Insured.

Other words and phrases that appear in italics have special meaning.  Refer to Section VI - Definitions.

## SECTION I - INSURING AGREEMENT

*We* will pay on behalf of the *insured* those sums that the *insured* becomes legally obligated to pay as damages because of:

      Coverage A - *Bodily Injury* and *Property Damage* caused by an *occurrence*

      Coverage B - *Personal Injury*

      Coverage C - *Errors and Omissions*

### Retroactive Date

If the Policy Declarations include a Retroactive Date for General Liability prior to the inception of the policy period, *bodily injury, property damage,* and *personal injury* shall include *bodily injury, property damage,* and *personal injury* that occurs after the Retroactive Date but prior to the inception of the policy period, provided that no *insured* knew, prior to the inception of the policy period, that such *bodily injury, property damage* or *personal injury* had occurred in whole or in part.  If the Policy Declarations include a Retroactive Date for Errors and Omissions prior to the inception of the policy period, and *personal injury* coverage was provided to the Named Insured by a separate Public Officials Errors and Omissions policy prior to the inception of this policy, *errors and omissions* shall include *personal injury* that occurs after the Retroactive Date but prior to the inception of the policy period, provided that no *insured* knew, prior to the inception of the policy period, that such *personal injury* had occurred in whole or in part.

## SECTION II - DEFENSE AND SETTLEMENT

*We* have the right and duty to defend any *suit* against the *insured* seeking monetary damages and/or plaintiffs attorneys fees on account of *bodily injury, personal injury,*

**WCMIC-3000(10/09)**



**WISCONSIN COUNTY MUTUAL INSURANCE CORPORATION**

*property damage* or *errors and omissions* or any combination thereof to which this insurance applies, but:

1. The amount *we* will pay for damages is limited as described in Section IV - Limits of Insurance;

2. *We* may, at *our* discretion, investigate any *occurrence* or *offense* and settle any *claim* or *suit* that may result even if the settlement amount is exclusively within the *insured's* deductible, and

3. Our right and duty to defend end when *we* have used up the Limit of Insurance in the payment of judgments or settlements under Coverages A, B or C. This applies to both *claims* and *suits* pending at the time the Limit of Insurance is used up and those filed thereafter.

*Defense costs* are payable in addition to the policy limit and only after any applicable deductible has been exhausted by payment of *damages* or *defense costs*.

**SECTION III - WHO IS AN *INSURED***

*Insured* means:

1. *You*, and

2. *Your* past or present employees or elected or appointed officials while acting within the scope of their employment or authority, and authorized volunteers while acting for *you* or on *your* behalf, including all commissions, agencies, boards, districts, authorities or similar entities when *you* retain the right to control the details of the work of these individuals or entities, except this insurance shall be excess of any insurance maintained by *your* past or present employees, elected or appointed officials, or authorized volunteers for the ownership, maintenance, or use of any *automobiles* owned by the employee, official, or volunteer, regardless of whether such *automobiles* are also hired or borrowed by *you*.

3. Anyone else is an *insured* while using with *your* permission, an *automobile you* own, hire or borrow, except this insurance shall apply excess of any insurance maintained by:

   a. An *insured* working in a business of selling, servicing, repairing or parking *automobiles* and then only up to the limits required by Wisconsin financial responsibility law.

   b. An owner of an *automobile you* hire or borrow.

WCMIC-3000(10/09)



**WISCONSIN COUNTY MUTUAL INSURANCE CORPORATION**

## SECTION IV - LIMIT OF INSURANCE

A.   *Our* total limit of liability for damages under Coverages A, B and C resulting from any one *occurrence* and any one *offense* will not exceed the Public Entity Liability Limit of Insurance specified in the declarations, inclusive of the amount of the deductible.  This will be true regardless of:

1.   The number of *insureds*,

2.   The number of policy coverages involved in the loss,

3.   The number of *claims* made or *suits* brought for any *occurrence or any offense*, and

4.   The number of persons or organizations making *claims* or bringing *suits*.

B.   In determining *our* limit of liability for Coverage A, all damages because of *bodily injury* and *property damage* arising out of continuous or repeated exposure to substantially the same general conditions shall be considered as arising out of one *occurrence*.  In determining our limit of liability for Coverages B and C, all damages arising out of *offenses* that are logically or causally connected by reason of any common fact, circumstance, situation, transaction, event or decision shall be considered as arising out of one *offense.*

C.   There is no limit to the number of *occurrences* or *offenses* for which a *claim* may be made or a *suit* may be brought.

D.   If a *claim* or *suit* is covered under more than one Coverage, *we* will designate only one of the potentially applicable Coverages to apply to the *claim* or *suit.*  The most *we* will pay is the Limit of Insurance applicable to the Coverage *we* designate, subject always to the total Public Entity Liability Limit of Insurance.

## SECTION V - EXCLUSIONS

This policy does not apply to:

A.   As respects coverage afforded under Section I, Coverage A – *Bodily Injury and Property Damage,* to *bodily injury* or *property damage* expected or intended from the standpoint of the *insured*.  This exclusion does not apply to *bodily injury* or *property damage* resulting from the use of reasonable force to protect persons or property, including the use of force by a law enforcement agency of *yours*, if done within the scope of agency procedures.

**WCMIC-3000(10/09)**



**WISCONSIN COUNTY MUTUAL INSURANCE CORPORATION**

B.  As respects coverage afforded under Section I, Coverage A - *Bodily Injury* and *Property Damage*, liability arising out of the ownership, maintenance, use, loading or unloading or operation of:

  1.  Any aircraft, or

  2.  Airfields and runways, or

  3.  Hangars, buildings or other properties in connection with aviation activities.

      This exclusion does not apply to *your* liability for *bodily injury and property damage* arising from the ownership, maintenance, use, loading or unloading, or operation of a nonowned aircraft which *you* hire, lease, borrow, or commission for aerial photography operations, aerial investigation/evaluation of weather damage, search and rescue operations, marijuana eradication and search operations, or emergency management operations (as defined in Wis. Stats. Chap. 166), including *your* liability arising from a statutory duty to indemnify *your* emergency management employees or volunteers for tort liability incurred in their good faith and reasonable performance of emergency management activities.  However, except as to *your* liability arising from a statutory duty to indemnify *your* emergency management employees or volunteers for tort liability incurred in their good faith and reasonable performance of emergency management activities, this insurance shall apply in excess of any collectible insurance maintained by the owner or operator of the non-owned aircraft.

C.  As respects coverage afforded under Section I, Coverage A - *Bodily Injury* and *Property Damage* and as respects coverage afforded under Section I, Coverage B - *Personal Injury*, liability arising out of any hospital, nursing home, mental health facility or other operation which provides *medical professional services*, but this exclusion does not apply to activities of: (1) a public health nurse while acting within the scope of his or her employment by *you*, (2) exclusively outpatient facilities for treatment of drug or alcohol dependency disabilities and their employees who are not physicians or physician's assistants, or (3) *emergency medical personnel*.

D.  Any obligation of the *insured* under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

E.  Any liability for:

  1.  Any amount actually or allegedly due under the terms of any payment or performance contract or agreement;

  2.  That part of any award or settlement which is, or reasonably could be deemed to be,  compensation for loss of salary or fringe benefits; or

WCMIC-3000(10/09)



Wisconsin County Mutual Insurance Corporation

**WISCONSIN COUNTY MUTUAL INSURANCE CORPORATION**

3.  Payments owed under a collective bargaining agreement.

F.  Bodily injury to:

1.  An employee of the *insured* arising out of and in the course of employment by the *insured*; or,

2.  The spouse, child, parent, brother or sister of that employee as a consequence of (1) above.

    This exclusion applies whether the *insured* may be liable as an employer or in any other capacity, except with respect to liability of others assumed by the *insured* under contract.

G.  Liability of any kind, including but not limited to, *bodily injury*, *property damage*, *personal injury*, and *errors and omissions* liability arising out of the actual, alleged or threatened discharge, dispersal, release or escape of *pollutants*:

1.  At or from premises *you* own, rent or occupy.

2.  At or from any site or location used by or for *you* or others for the handling, storage, disposal, processing or treatment of waste.

3.  Which are at any time transported, handled, stored, treated, disposed of, or processed as waste by or for *you* or any person.

4.  At or from any site or location on which *you* or any contractor(s) or subcontractor(s) working directly or indirectly on *your* behalf are performing operations:

    a.  If the *pollutants* are brought on to the site or location in connection with such operations, or

    b.  If the operations are to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize *pollutants*.

    This exclusion does not apply to loss or injury caused by heat, smoke or fumes from a *hostile* fire or to loss or injury caused by the following operations:

    i.   Paint overspray while applying paint;

    ii.  Spilling or splashing wet concrete or asphalt while pouring or laying same;

WCMIC-3000(10/09)



**WISCONSIN COUNTY MUTUAL INSURANCE CORPORATION**

    iii.    Spilling of splashing or overspraying liquid paving tar during application of same;

    iv.    Airborne drifting of sandblasting materials during sandblasting operations;

    v.    Fires set by firefighters for training purposes;

    vi.    Application of herbicides, pesticides or chemicals for their intended use or purpose; and

    vii.    Sudden and accidental release of fuel, as a result of collision or upset of a motor vehicle, mobile equipment or other equipment.  Fuel, for the purpose of this endorsement, is considered to be a substance, contained in a tank and used as a primary fuel source, for the operation of equipment to which it is attached.

H.    Any loss, cost or expense arising out of any governmental direction or request that *you* test for, monitor, clean up, remove, contain, treat, detoxify or neutralize *pollutants*.

I.    Liability arising out of ownership, maintenance or use, including loading or unloading. of watercraft over 26 feet in length.

J.    Property damage to:

    1.    Property *you* own, or

    2.    Property *you* rent or lease where *you* have assumed liability for damage to or destruction of such property unless *you* would have been liable in the absence of such assumption of liability, or

    3.    Aircraft in *your* care, custody or control.

K.    Liability arising out of or in any way connected with any operation of the principles of eminent domain, condemnation proceedings or *inverse condemnation*, by whatever name called, and whether or not liability accrues directly against any *insured* by virtue of any agreement entered into by or on behalf of any *insured*.

L.    Personal Injury or property damage arising out of:

    1.    Oral or written publication of material, if authorized or ratified if the *insured* knew or should have known of its falsity.

    2.    Oral or written publication of material whose first publication took place before the beginning of the policy period.  This subsection of this exclusion does not apply if the Policy Declarations include a Retroactive Date for *errors*

**WCMIC-3000(10/09)**



**WISCONSIN COUNTY MUTUAL INSURANCE CORPORATION**

*and omissions* prior to the inception of the policy period and *personal injury* coverage was provided by a separate Public Officials Errors and Omissions Policy for the Named Insured prior to the effective date of this policy, and a claim for *personal injury* is made during this policy period arising out of oral or written publication of material whose first publication took place after the Retroactive Date and before the beginning of the policy period, provided, however, that no *insured* knew, prior to the policy period, that such *personal injury* had occurred in whole or in part. All other subsections of this exclusion remain in full force and effect.

3.     Arising out of the intentional or knowing violation of a penal statute or ordinance committed by or with the consent of the *insured*.

However, any fact pertaining to any one *insured* shall not be imputed to any other *insured* for the purpose of determining the application of this exclusion.

M.     Liability arising out of the failure to supply electrical power, fuel or water or to liability arising out of the interruption of the electrical power, fuel or water supply. However, this exclusion does not apply if the failure to supply or the interruption results from the direct negligence of the insured.

N.     *Errors and omissions* liability resulting in or arising from:

1.     *Bodily injury* or *personal injury*, except as provided in Section I – Insuring Agreement, Retroactive Dates, if the Policy Declarations include a Retroactive Date for Errors and Omissions.

2.     Physical injury to tangible property, including all resulting loss of use of that property.

3.     The willful violation of a penal code or ordinance committed by or with the consent of any *insured*.

4.     Any deliberately wrongful act, omission or breach of duty committed by or with the consent of any *insured*.

5.     Liability of any *insured* arising in whole, or in part, out of any *insured* obtaining remunerations, financial gain, or other benefit, financial or otherwise, to which the *insured* was not legally entitled.

6.     Estimates of probable costs or cost estimates being exceeded or related in any way to the preparation of bid specifications or plans.

7.     Failure to perform, or breach of, a contractual obligation.

WCMIC-3000(10/09)



**WISCONSIN COUNTY MUTUAL INSURANCE CORPORATION**

However, any fact pertaining to any one *insured* shall not be imputed to any other *insured* for the purpose of determining the application of parts (3) (4) and (5) of this exclusion.

O.  Liability due to war, whether or not declared, or any act or condition incident to war. War includes civil war, insurrection, rebellion or revolution.

P.  Liability:

1.  With respect to which an *insured* under the policy is also an *insured* under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters Nuclear Insurance Association of Canada or any of their successors, or would be an *insured* under any such policy but for its termination upon exhaustion of its limit of liability; or

2.  Resulting from the hazardous properties of nuclear material and with respect to which:

    a.  Any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or

    b.  The *insured* is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.

3.  Resulting from the hazardous properties of nuclear material, if:

    a.  The nuclear material:

        (1)  Is at any nuclear facility owned by, or operated by or on behalf of, an *insured* or

        (2)  Has been discharged or dispersed therefrom.

    b.  The nuclear material is contained in spent fuel or waste at any time possessed, handled, used, processed, stored, transported or disposed of by or on behalf of an *insured*, or

    c.  The *bodily injury* or *property damage* arises out of the furnishing by an *insured* of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any nuclear facility, but if such facility is located with the United States of America, its territories or possessions or Canada, this exclusion (c)

WCMIC-3000(10/09)



**WISCONSIN COUNTY MUTUAL INSURANCE CORPORATION**

applies only to *property damage* to such nuclear facility  and any property threat.

As used in this exclusion:

a. Hazardous properties include radioactive, toxic or explosive properties;

b. Nuclear material means source material, special nuclear material or by-product  material;

c. Source material, special nuclear material, and by-product material have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof;

d. Spent fuel means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a nuclear reactor;

e. Waste means any waste material:

(1) Containing by-product material other than the tailings or wastes produced by the extraction or concentration of uranium or thorium from any ore processed primarily for this source material content, and

(2) Resulting from the operation by any person or organization of any nuclear facility included under the first two paragraphs of the definition of nuclear facility.

f. Nuclear facility means:

(1) Any nuclear reactor;

(2) Any equipment or device designed or used for:

(a) Separating the isotopes of uranium or plutonium,

(b) Processing or utilizing spent fuel, or

(c) Handling, processing or packaging waste;

(3) Any equipment or device used for the processing, fabricating or alloying of special nuclear material if at any time the total amount of such material in the custody of the *insured* at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams plutonium or uranium 235;

**WCMIC-3000(10/09)**



**WISCONSIN COUNTY MUTUAL INSURANCE CORPORATION**

    (4)    Any structure, basin, excavation, premises or place prepared or used for the storage or disposal of waste, and

    (5)    Includes the site on which any of the foregoing is located, all operations conducted on such site and all premises sued for such operations;

g.    *Nuclear reactor* means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material;

h.    *Property damage* includes all forms of radioactive contamination of property.

## SECTION VI - DEFINITIONS

A.    *Automobile* means a land motor vehicle, trailer or semi-trailer designed for travel on public roads, including any attached machinery or equipment, but does not include *mobile equipment*.

B.    *Bodily injury* means *bodily injury*, sickness, disability or disease, sustained by a person during the policy period, including death resulting from any of these at any time.

C.    *Claim* means a pre-suit demand for damages because of *bodily injury, property damage, personal injury,* or *errors and omissions* to which this insurance applies, including without limitation any notice or claim under Wis. Stats. Sec. 893.80.

D.    *Defense costs* means all fees and expense caused by and relating to the adjustment, investigation, defense or litigation of a *claim* or *suit* including attorney's fees, expert witness fees, court costs, and prejudgment and post judgment interest the *insured* is legally obligated to pay on that portion of any judgment we pay. *Defense costs* shall not include the office expenses of the Company or the *insured* nor the salaries of employees or officials of the Company or any *insured*.

E.    *Emergency medical personnel* means (1) Emergency Medical Technicians who are not physicians (EMT's), (2) Ambulance personnel who are not authorized to prescribe medications, (3) County authorized first responders.

F.    *Errors and omissions* means any misstatement or misleading statement or act or omission or neglect or breach of duty during the policy period, including misfeasance, malfeasance and nonfeasance by an *insured* in their capacity as such.

G.    *Hostile fire* means a fire which becomes uncontrollable or breaks out from where it was intended to be.

WCMIC-3000(10/09)



H.     *Inverse condemnation* means a claim by any one other than an *insured* that an *insured* has taken or diminished the value of land through land use restrictions on such land or use of adjacent land or air space by an *insured*.

I.     Medical professional services means:

    1.     Medical, surgical, psychiatric, dental, X-ray or nursing services or treatment, or the furnishing of food or beverages in connection with such services;

    2.     Cosmetic or tonsorial services or treatment; or

    3.     The furnishing or dispensing of drugs or medical, dental or surgical supplies or appliances.

J.     *Mobile Equipment* means any of the following types of land vehicles:

    1.     Specialized equipment such as:  bulldozers, power shovels, rollers, graders or scrapers; farm machinery; cranes; street sweepers or other cleaners; diggers; forklifts; pumps; generators; air compressors; drills; other similar equipment.

    2.     Vehicles designed for use principally off public roads.

    3.     Vehicles maintained solely to provide mobility for such specialized equipment when permanently attached.

    4.     Vehicles not required to be licensed.

    5.     *Automobiles* maintained for use solely on your premises or that part of other accesses that adjoin your premises.

K.     *Occurrence* means an event, (  ) including continuous and repeated exposure to the same general harmful conditions, the *insured* neither expected nor intended. Expectations or intentions of any one *insured* shall not be imputed to any other *insured*.

L.     *Offense* refers collectively to any offense enumerated in Paragraph M of this Section which gives rise to *personal injury* and any *errors and omissions* as defined in Paragraph F of this Section.

M.     *Personal injury* means injury, other than *bodily injury*, during the policy period arising out of one or more of the following offenses:

    1.     False arrest, detention or imprisonment, defective service of process;

    2.     Malicious prosecution;

**WCMIC-3000(10/09)**



3.   Wrongful entry or eviction, or other invasion of the right of private occupancy;

4.   Libel, slander or defamation of character;

5.   Sexual harassment, including workplace harassment;

6.   Assault and battery, including *sexual molestation;*

7.   Discrimination, including employment discrimination;

8.   Other civil rights violations, including employment-related violations.

N.   *Pollutants* means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

O.   Property damage means:

1.   Physical injury to or destruction of tangible property which occurs during the policy period, including the loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

2.   Loss of use, during the policy period, of tangible property that is not physically injured or destroyed.  All such loss of use shall be deemed to occur at the time of the *occurrence* that caused it.

P.   *Sexual molestation* means the actual or attempted or alleged sexual contact of a person or more than one persons acting in concert.

Q.   *Suit* means a civil proceeding in which damages because of *bodily injury, property damage, personal injury* or *errors and omissions* to which this insurance applies are alleged.  *Suit* includes an arbitration proceeding or other alternative dispute resolution proceeding alleging such damages to which *you* must submit or submit with *our* consent.

## SECTION VII - CONDITIONS

A.   <u>**Your duties in the Event of an *Occurrence, Offense, Claim* or *Suit***</u>

1.   If *you, your* insurance manager, or other person *you* designate to handle insurance matters think that an *occurrence* or an *offense* is likely to result in a *claim, you, your* insurance manager, or that person designated to handle insurance matters must see to it that *we*, or *our* authorized agents, are



**WISCONSIN COUNTY MUTUAL INSURANCE CORPORATION**

Wisconsin County Mutual Insurance Corporation

promptly notified as soon as reasonably possible after *you, your* insurance manager, or that person designated to handle insurance matters, has actual knowledge of the *occurrence* or the *offense*. Notice should include:

    a.    How, when and where the *occurrence* or *offense* took place; and

    b.    The names and addresses of any injured persons and witnesses.

Providing notice of an *occurrence* that has taken place or an *offense* that has been committed does not relieve *you* of *your* duty to comply with the provisions of paragraphs 2 and 3 below in the event *you* receive a *claim* or *suit*.

2.    If a *claim* is received by any *insured you* must:

    a.    Immediately record the specifics of the *claim* and the date received, and

    b.    Notify *us* as soon as reasonably possible and provide written notice to *us* as soon as reasonably possible.

3.    *You* and any involved *insureds* must:

    a.    Immediately send *us* copies of any demands, notices, summaries or legal papers received in connection with the *claim* or *suit*;

    b.    Authorize *us* to obtain records and other information;

    c.    Cooperate with *us* in the investigation, settlement or defense of the *claim* or *suit*, and

    d.    Assist *us*, upon *our* request, in the enforcement of any right against any person or organization which may be liable to the *insured* because of injury, damage or loss to which this insurance may apply.

4.    Notice given by or on behalf of *you* to any authorized agent of *ours,* with particulars sufficient to identify this policy, is notice to *us.*

**B.**    <u>**Governmental Immunity**</u>

Nothing contained in this policy shall be deemed a waiver of any statutory immunity or limitation of liability available to any *insured*. *We* do not waive our right to deny liability by reason of such immunity or limitation.

**C.**    <u>**Bankruptcy**</u>

**WCMIC-3000(10/09)**



Bankruptcy or insolvency of the *insured* will not relieve *us* of *our* obligations hereunder.

**D.    Non-Duplication of Limits-Multiple Coverage Periods**

*Bodily injury* or *property damage* that takes place over more than one policy period will be deemed to have taken place only during the policy period when the *bodily injury or property damage* began, and shall be treated as arising from a single *occurrence*. *Personal injury* that takes place over more than one policy period will be deemed to have taken place only during the policy period when the *personal injury* began, and shall be treated as arising from a single *offense. Errors and omissions* that are logically or causally connected by reason of any common fact, circumstance, situation, transaction, event or decision, that take place over more than one policy period will be deemed to have taken place only during the policy period when the *errors and omissions* began, and shall be treated as arising from a single *offense.*

**E.    Legal Action Against *Us***

No legal action may be brought against *us* until there has been full compliance with all the terms of this policy.

**F.    Other Insurance**

If other collectible insurance is available to the *insured* for a loss *we* cover, *our* obligations are limited as follows:

1.    Primary insurance - This insurance is primary except when paragraph 2 below applies.  If this insurance is primary, *our* obligations are not affected unless any of the other insurance is also primary. Then, *we* will share with all that other insurance by the method described in paragraph 3 below:

2.    Excess insurance - This insurance is excess over any of the other insurance, whether primary, excess, contingent or on any other basis:

    a.    As respects Coverage C, that is effective prior to the Inception Date shown in the Declarations of this insurance and applies to *errors and omissions* on other than a claims-made basis.

    b.    That is Fire, Extended Coverage, Builders' Risk, Installation Risk or similar coverage for work or operations performed by *you* or on *your* behalf;

    c.    That is Fire insurance for premises rented to *you.*

WCMIC-3000(10/09)



**WISCONSIN COUNTY MUTUAL INSURANCE CORPORATION**

d. That is extended to an *insured* by *your* independent contractors, lessees or entities using *your* facilities.

e. As respects Coverage A, that is liability insurance for the ownership, maintenance, operation, loading or unloading, or use of an *automobile* owned by *your* past or present employees, elected or appointed officials, or authorized volunteers, regardless of whether such *automobile* is also hired, leased, or borrowed by *you*.

f. As respects Coverage A, that is liability insurance maintained by an *insured* working in a business of selling, servicing, repairing or parking *automobiles* and then only up to the limits required by Wisconsin financial responsibility law.

g. As respects Coverage A, and except as to *your* liability arising from a statutory duty to indemnify *your* emergency management employees or volunteers for tort liability incurred in their good faith and reasonable performance of emergency management activities, that is liability insurance for the ownership, maintenance, use, loading, or unloading, or operation of an aircraft in which *you* have no ownership interest, regardless of whether such aircraft is hired, leased, or borrowed by *you*.

When this insurance is excess, *we* will have no duty to defend any *claim* or *suit* that any other insurer has a duty to defend. If no other insurer defends a *suit*, *we* will undertake to do so, but *we* will be entitled to the *insured's* rights against all those other insurers.

When this insurance is excess over other insurance, *we* will pay only *our* share of the amount of the loss, if any, that exceeds the sum of:

a. The total amount that all such other insurance would pay for the loss in the absence of this insurance; and

b. The total of all deductible and self-insured amounts under all that other insurance.

*We* will share the remaining loss, if any, with any other insurance that is not described in this Excess Insurance provision and was not bought specifically to apply in excess of the Limits of Insurance shown in the Declarations of this policy.

3. Method of sharing - If all of the other insurance permits contribution by equal shares, *we* will follow this method also. Under this approach each insurer contributes equal amounts until it has been paid its applicable limit of insurance or none of the loss remains, whichever comes first.



**WISCONSIN COUNTY MUTUAL INSURANCE CORPORATION**

If any of the other insurance does not permit contribution by equal shares, *we* will contribute by limits.  Under this method, each insurer's share is based on the ratio of its applicable limit of insurance to the total applicable limits of insurance of all insurers.

G.   **Premium Determination**

1.   *We* will compute all premiums in accordance with *our* rules and rates.

2.   Premium shown is the premium for the policy.  There will be no premium audit or premium adjustment after the effective date except for added coverage or exposures.

All premiums are due and payable as determined by *our* Board of Directors.

3.   The Named Insured must keep records of the information *we* need for premium computation, and send *us* copies at such times as *we* may request.

4.   *We* may examine and audit *your* books and records as they relate to this policy at any time during or after the policy period.

5.   The Named Insured shown in the Declarations is responsible for the payment of all premiums and will be the payee for any return premiums *we* pay.

H.   **Representations**

By accepting this policy, *you* agree:

1.   The statements in the Declarations are accurate and complete;

2.   Those statements are based upon representations *you* made to *us*; and

3.   *We* have issued this policy in reliance upon *your* representations.

4.   No misrepresentation or breach of affirmative warranty made by *you* or on *your* behalf in the negotiation of this policy affects *our* obligation under this policy to third parties unless the *insured* knew or should have known the representation was false and:

   a.   *We* rely on it and it is either material or made with intent to deceive; or

   b.   The facts misrepresented or falsely warranted contribute to the loss.

5.   No failure of a condition before the loss and no breach of a promissory warranty affects *our* obligation under this policy unless such failure or breach:

WCMIC-3000(10/09)



## WISCONSIN COUNTY MUTUAL INSURANCE CORPORATION

    a.    Exists at the time of the loss; and

    b.    Either increases the risk at the time of the loss or contributes to the loss.

The provisions of this condition do not apply to nonpayment of premium.

**I.**      **Separation of *Insureds***

Except with respect to the Limit of Insurance, and any rights or duties specifically assigned to the first Named Insured, this insurance applies:

1.     As if each Named Insured were the only Named Insured; and

2.     Separately to each *insured* against whom *claim* is made or *suit* is brought.

**J.**      **Transfer of Rights of Recovery Against Other to *Us***

In the event of any payment under this policy, *we* will be entitled to the *insured's* rights of recovery against any person or organization and the insured will do whatever is necessary to secure such rights. ( )

**K.**      **When We Do Not Renew**

1.     Nonrenewal

    a.    If *we* elect not to renew this policy *we* will mail or deliver written notice of nonrenewal to the Named Insured's last mailing address known to *us*. *We* may elect not to renew for any reason; the notice will state the reason for nonrenewal. *We* will mail or deliver the notice at least 60 days before the expiration date of this policy.

        *We* need not mail or deliver the notice if:

        (1)    The Named Insured has insured elsewhere;

        (2)    The Named Insured has accepted replacement coverage;

        (3)    The Named has requested or agreed to nonrenewal of this policy; or

        (4)    This policy is expressly designated as nonrenewable.

    b.    *We* may refuse to renew this policy because of the termination of an insurance marketing intermediary's contract with *us* only if the notice of nonrenewal contains an offer to renew the policy with *us* if *we*

**WCMIC-3000(10/09)**



**WISCONSIN COUNTY MUTUAL INSURANCE CORPORATION**

receive a written request from the Named Insured prior to the renewal date.

c.  If the Named Insured fails to pay the renewal or continuation premium by the premium due date, this policy will terminate on the policy expiration or anniversary date, if *we* have:

   (1)  Given the Named Insured written notice of the renewal or continuation premium not more than 75 days nor less than 10 days prior to the due date of the premium; and

   (2)  Stated clearly in the notice the effect of nonpayment of premium by the due date.

2.  Anniversary Alteration

If this policy is written for a term of more than one year or has no fixed expiration date, *we* may alter the terms or premiums of this policy by mailing or delivering written notice of less favorable terms or premiums to the Named Insured's last mailing address known to *us*. *We* will mail, by first class mail, or deliver this notice at least 60 days prior to the anniversary date.

If *we* notify the Named Insured within 60 days prior to the anniversary date, the new terms or premiums will not take effect until 60 days after the notice was mailed or delivered. The notice will include a statement of the Named Insured's right to cancel. The Named Insured may elect to cancel the policy at any time during the 60 day period, in accordance with Paragraph 1. of the Cancellation Condition. If the first Named Insured elects to cancel the policy during the 60day period, return premiums or additional premium charges will be calculated proportionately on the basis of the old premiums.

3.  Renewal With Altered Terms

a.  If *we* elect to renew this policy but on less favorable terms or at higher premiums, *we* will mail or deliver written notice of the new terms or premiums to the Named Insured's last mailing address known to *us*. *We* will mail, by first class mail, or deliver this notice at least 60 days prior to the renewal date.

b.  If *we* notify the Named Insured within 60 days prior to the renewal date, the new terms or premiums will not take effect until 60 days after the notice was mailed or delivered, in which case the Named Insured may elect to cancel the renewal policy at any time during the 60 day period in accordance with paragraph 1 of the Cancellation Condition. The notice will include a statement of the Named Insured's right to cancel. If the first Named Insured elects to cancel the renewal policy during the 60 day period, return premiums or additional premium



## WISCONSIN COUNTY MUTUAL INSURANCE CORPORATION

charges will be calculated proportionately on the basis of the old premiums.

*We* need not mail or deliver this notice if the only change adverse to the Named Insured is a premium increase that:

a.    Is less than 25% and is generally applicable to the class of business to which this policy belongs; or

b.    Results from a change based on an insured's action that alters the nature or extent of the risk insured against, including but not limited to a change in the classification or the units of exposure, or increased policy coverage.

**L.    Cancellation**

1.    The Named Insured shown in the Declarations may cancel this policy by mailing or delivering to *us* 6 months advance written notice of cancellation.

2.    *We* may cancel this policy by mailing or delivering to the Named Insured written notice of cancellation at least 10 days before the effective date of cancellation.

If this policy has been in effect for less than 60 days and is not a renewal policy, *we* may cancel for any reason.

If this policy has been in effect for 60 days or more or is a renewal of a policy *we* issued, except as provided in Paragraph 7 below, *we* may cancel this policy only for one or more of the following reasons:

a.    The policy was obtained by material misrepresentation;

b.    There has been a substantial change in the risk *we* originally assumed, except to the extent that we should have foreseen the change or considered the risk in writing the policy;

c.    There have been substantial breaches of contractual duties, conditions or warranties; or

d.    Nonpayment of premium.

If this policy has been in effect for 60 days or more or is a renewal of a policy *we* issued, the notice of cancellation will state the reason for cancellation.

WCMIC-3000(10/09)



3. *We* will mail or deliver *our* notice to the Named Insured's last mailing address known to *us*.

4. Notice of cancellation will state the effective date of cancellation. The policy period will end on that date.

5. If this policy is cancelled, *we* will send the Named Insured any premium refund due. If we cancel, the refund will be pro rata. If the Named Insured cancels, the refund may be less than pro rata. The cancellation will be effective even if we have not made or offered a refund.

6. If notice is mailed, proof of mailing will be sufficient proof of notice.

7. Anniversary Cancellation

   If this policy is written for a term of more than one year or has no fixed expiration date, *we* may cancel this policy for any reason by mailing or delivering to the Named Insured written notice of cancellation at least 60 days before the anniversary date of the policy. Such cancellation will be effective on the policy's anniversary date.

   *We* may cancel this policy because of the termination of an insurance marketing intermediary's contract with *us* only if the notice of cancellation contains an offer to continue the policy with *us* if *we* receive a written request from the Named Insured prior to the date of cancellation.

8. With respect to automobile insurance provided under this policy, *we* will not cancel or refuse to renew coverage wholly or partially because of age, sex, residence, race, color, creed, religion, national origin, ancestry, marital status or occupation of anyone who is an *insured*.

## M. <u>Conformity To Statute Or Rule</u>

Any provision of this policy (including endorsements which modify this policy) that is in conflict with a Wisconsin statute or rule is hereby amended to conform to that statute or rule.  The term rule means a valid rule promulgated by the Commissioner of Insurance in accordance with the rule-making authority conferred under Wis. Stat. Sec. 227.11(2) and published in the Wisconsin Administrative Code.

As respects coverage afforded under Section I, Coverage A - *Bodily Injury* and *Property Damage,* arising from an *insured's* ownership, maintenance, or use of an *automobile* outside the State of Wisconsin, *we* will provide the minimum amounts and types of other coverages, such as "no-fault," required for out-of-state vehicles by the jurisdiction where the *automobile* is being used.

**WCMIC-3000(10/09)**



**WISCONSIN COUNTY MUTUAL INSURANCE CORPORATION**

**N.**     **Changes**

This policy contains all the coverage agreements between *you* and *us* concerning the insurance afforded. The first Named Insured shown in the Declarations is authorized to make changes in the terms of this policy with *our* consent. This policy's terms can be amended or waived only by endorsement issued by *us* and made a part of this policy.

If one of *our* agents knows of a fact that breaches a condition of this policy, *we* will be considered to have knowledge of this same fact if:

1.     The agent knows of this fact at the time the policy is issued or an application is made; or

2.     The agent later learns of this fact in the course of his dealings as an agent with *you*.

Any fact that breaches a condition of this policy and is known to the agent prior to loss shall not void the policy or prevent a recovery in the event of loss.

**O.**     **Inspection**

At *our* option, *we* may inspect *your* property and operations at any time. These inspections are for *our* benefit only. By *our* right to inspect or by *our* making any inspection, *we* make no representation that *your* property or operations are safe, are not harmful to health or comply with any law, rule or regulation.

**P.**     **Transfer of *Your* Interest in This Policy**

*Your* rights and duties under this policy may not be transferred without *our* written consent.

**Q.**     **Annual Policy Holder's Meeting**

An announcement of the date, time and place for the Annual Policy Holder's Meeting will be given to each policy holder at least sixty days in advance of the meeting. The announcement will be addressed to the County Board Chairperson and the County Clerk if the policy holder is a Wisconsin County Government or to the person and location invoiced if the policy holder is other than a Wisconsin County Government.

This policy is signed at Madison, Wisconsin on behalf of Wisconsin County Mutual Insurance Corporation by its President and Secretary.

**WCMIC-3000(10/09)**



Wisconsin County Mutual Insurance Corporation

**WISCONSIN COUNTY MUTUAL INSURANCE CORPORATION**

Leland T. Rymer
President

W.K. Barribeau
Secretary

Date

Authorized Agent