

Wisconsin County Mutual Insurance Corporation

October 16, 2015

Mr. Darryl L. Christensen
935 Sunflower Way
Emery, WI 54001

RE:   Reservation of Rights
      *J.K.J v. Polk Co. Sheriff's Department, et al.*
      Western District Case No. 15cv428

      *M.J.J v. Polk Co. Sheriff's Department, et al.*
      Western District Case No. 15cv433

Dear Mr. Christensen:

Wisconsin County Mutual Insurance Corporation ("WCMIC") has retained Attorney Martin J. DeVries of the law firm of Sager & Colwin Law Offices, S.C. to defend you in two (2) civil lawsuits filed by J.K.J. and M.J.J based on allegations that you violated their civil rights by sexually assaulting them while they were inmates in the Polk County Jail.

WCMIC issued policies of public entity liability insurance to Polk County for four consecutive one-year policy periods January 1, 2011 to January 1, 2015. WCMIC is presently agreeable to provide a defense to you subject to a complete reservation of all rights existing under the terms, conditions, exclusions, and other provisions of these policies. Any action taken by WCMIC, or anyone on their behalf, shall not be construed of a waiver of WCMIC's rights pursuant to the terms, conditions, exclusions, or other provisions of the policies. WCMIC reserves the right to investigate these matters, and to obtain such information that will assist it in making a coverage determination.

I.    THE COMPLAINTS.

J.K.J. filed a Complaint in the United States District Court for the Western District of Wisconsin, Case No. 15cv428, against you and the Polk County Sheriff's Department. J.K.J. seeks to recover damages for alleged sexual assaults of her by you while you were employed as a Polk County Jailer. The Complaint asserts a claim against you for violation of J.K.J.'s civil rights, specifically violation of her Eighth Amendment right against cruel and unusual punishment by sexually assaulting her during her incarceration. In her Complaint, J.K.J. alleges that you sexually assaulted her on various occasions from August of 2012 through October of 2014, while she was an inmate in the Polk County Jail.

Corporate Management · Wisconsin Counties Association
22 E. Mifflin Street, Suite 900 · Madison, WI 53703
Phone: 866.404.2700    608.663.7188 · Fax: 608.663.7189 · www.wisconsincountymutual.org

General Administrator · Aegis Corporation
18550 West Capitol Drive · Brookfield, WI 53045-1925
Phone: 800.236.6885 · Fax: 262.781.7743 · www.aegis-corporation.com

EXHIBIT 5

Page #2
Mr. Darryl L. Christensen
October 16, 2015

Similarly, M.J.J. filed a Complaint in the United States District Court for the Western District of Wisconsin, Case No. 15cv433, against you and the Polk County Sheriff's Department. M.J.J. seeks to recover damages for alleged sexual assaults of her by you while you were employed as a Polk County Jailer. The Complaint asserts a claim against you for violation of M.J.J.'s constitutional rights, specifically violation of her Eighth Amendment right against cruel and unusual punishment by sexually assaulting her during her incarceration. In her Complaint, M.J.J. alleges that you sexually assaulted her on numerous occasions from November 3, 2011, through January 22, 2014, while she was an inmate in the Polk County Jail.

II.  THE INSURANCE POLICIES.

WCMIC's policies provide that WCMIC will pay on behalf of the "insured" those sums the "insured" because legally obligated to pay as damages because of: (1) "bodily injury" and "property damage" caused by an "occurrence;" (2) "personal injury"; or (3) "errors and omissions." The policies define an "insured" to include Polk County's "past or present employees ... while acting within the scope of their employment or authority." Stated another way, an employee who acts outside the scope of his employment is not an insured under the policy. The policies define an "occurrence" to mean an event "the insured neither expected nor intended."

"Bodily injury" is defined in the policies to mean "bodily injury, sickness, disability or disease, sustained by a person during the policy period, including death resulting from any of these at any time." "Personal injury" is defined to mean injury, other than bodily injury, during the policy period arising out of one or more of the following offenses: (1) false arrest, detention or imprisonment, defect service of process; (2) malicious prosecution; (3) wrongful entry or eviction, or other invasion of the right of private occupancy; (4) libel, slander or defamation of character; (5) sexual harassment, including workplace harassment; (6) assault and battery, including sexual molestation; (7) discrimination, including employment discrimination; and (8) other civil rights violations including employment-related violations. "Errors and omissions" is defined to mean "any misstatement or misleading statement or act or omission or neglect or breach of duty during the policy period, including misfeasance, malfeasance and nonfeasance by an insured in their capacity as such."

WCMIC's policies of insurance contain several potentially applicable exclusions. First, there is an exclusion for "bodily injury" "expected or intended from the standpoint of the insured." The exclusion provides an exception that restores coverage to claims for bodily injury or property

Page #3
Mr. Darryl L. Christensen
October 16, 2015

damage "resulting from the use of reasonable force to protect persons or property, including the use of force by a law enforcement agency of yours, if done within the scope of agency procedures."

A second potentially applicable exclusion excludes coverage for "personal injury" arising out of "the intentional or knowing violation of a penal statute or ordinance committed by or with the consent of the insured." This exclusion contains a limitation that provides that "any act pertaining to any one insured shall not be imputed to any other insured for the purpose of determining the application of this exclusion."

Finally, the policies contain an exclusion for "errors and omissions" liability resulting in or arising from, inter alia, bodily injury or personal injury, the willful violation of a penal code or ordinance committed by or with the consent of any insured, or any deliberate wrongful act, omission or breach of duty committed by or with the consent of any insured. Again the policies contain a limitation that any fact pertaining to any one insured is not imputed to any other insured for purposes of applying this exclusion to the willful violation of a penal code or a deliberate wrongful act.

III.   RESERVATION OF RIGHTS

Under the above-referenced policy provisions, WCMIC's policies will not provide coverage to you for any actions that did not occur within the scope of your employment or authority with Polk County. Further, the policies will not provide coverage for any "bodily injury" that you expected or intended. Further, the policies will not provide coverage for any "personal injury" "arising out of the intentional or knowing violation of a penal statute or ordinance committed by or with the consent of the insured." Finally, WCMIC's policies exclude coverage for "errors and omissions" liability resulting in or arising from bodily injury or personal injury, the willful violation of a penal code or ordinance, and any deliberately wrongful act, omission or breach of duty committed by or with the consent of any insured.

The foregoing enumeration of defenses and exclusions is not meant to be, nor is to be construed by you, as a waiver of any term, provision, condition, definition or exclusion which may now or hereafter apply to limit or exclude the coverage afforded under WCMIC's policies. This includes any and all limits of liability contained in any policies of insurance issued by WCMIC to Polk County. No action which may be taken by WCMIC, its attorneys or representatives in the investigation of this claim is intended to be, nor is to be construed by you, as an admission of liability under WCMIC's policies.

Page #4
Mr. Darryl L. Christensen
October 16, 2015

WCMIC reserves its right to withdraw its defense of the above lawsuit should it be determined that coverage does not apply, and WCMIC reserves its right to seek reimbursement for any defense, indemnity, or other payment made to you or on your behalf in connection with this matter.

WCMIC has retained Attorney De Vries to represent you in this lawsuit. Attorney Charles Bohl of the law firm of Whyte, Hirschboeck, Dudek, S.C. will be defending the Polk County Sheriff's Department. WCMIC has retained Lori Lubinsky of the law firm of Axley Brynelson, LLP to represent WCMIC with respect to WCMIC's interests in this matter.

If you have any questions, please let me know.

Sincerely,

David Bisek
Aegis Corporation

bcc:  Attorney Lori M. Lubinsky