UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

J.K.J.,

        Plaintiff,

   v.

POLK COUNTY SHERIFF'S DEPARTMENT,
DARRYL L. CHRISTENSEN,

        Defendant.

Case No. 15-CV-428

---

**JOINT PRELIMINARY PRETRIAL CONFERENCE REPORT**

---

Pursuant to Federal Rule of Civil Procedure 26(f) and this Court's Standing Order Governing Preliminary Pretrial Conferences, Plaintiff J.K.J. and Defendants, Polk County Sheriff's Department ("Polk County") and Darryl L. Christensen ("Christensen") met and conferred on October 14, 2015 regarding all matters listed in Rule 26(f). The Parties now submit the following Joint Preliminary Pretrial Conference Report:

    **1.**    **Short Statement of the Nature of the Case**

Between August 2012 and October 2014 Plaintiff was incarcerated at the Polk County Jail five (5) times. Plaintiff alleges that during her incarceration, Defendant Christensen sexually assaulted Plaintiff by having intercourse with Plaintiff, inserting his fingers into Plaintiff's vagina, having Plaintiff perform fellatio on him, kissing her and fondling her breasts. More specifically, Plaintiff alleges Defendant Christensen engaged in the conduct described below.

During the month of August 2012, Plaintiff was incarcerated at the Polk County Jail. On one occasion Defendant Christensen directed Plaintiff out of her cell to an area near the medical isolation cell, out of range of security cameras and inserted his penis into Plaintiff's vagina.

On a second occasion during Plaintiff's incarceration in August 2012, Defendant Christensen again called Plaintiff out of her cell and directed her to the "X" room. Defendant Christensen inserted his fingers into Plaintiff's vagina, then pulled his pants down and had Plaintiff perform fellatio on him.

During Plaintiff's incarceration between March and June 2013, Defendant Christensen, on one occasion, exposed his penis to Plaintiff. On another occasion Defendant Christensen kissed Plaintiff and fondled her breasts under her shirt and bra.

During Plaintiff's incarceration between February 18 and June 4, 2014, Defendant Christensen inserted his fingers into Plaintiff's vagina on two occasions; he also had Plaintiff perform fellatio on him on two other occasions.

When Plaintiff was incarcerated in October 2014, Defendant Christensen had Plaintiff step out of her cell while another jailer was getting sheets for other inmates. Defendant Christensen kissed Plaintiff, touched her breasts under her shirt and bra and inserted his fingers into her vagina.

See criminal Complaint, *State of Wisconsin v. Darryl L. Christensen*, 15 CF 159 attached to Plaintiff's Complaint.

Between August 2012 and October 2014 Defendant Christensen was an employee of Defendant Polk County Sheriff's Department ("Defendant Polk County"). Plaintiff alleges that Defendant Christensen undertook his conduct against Plaintiff as an employee of Defendant Polk County, and that Defendant Polk County failed to use reasonable care in supervising Defendant Christensen's activities in his capacity as a Sheriff's Deputy for Defendant Polk County. Plaintiff thus alleges that Defendant Polk County is vicariously liable for the actions of its employee, Defendant Christensen.

As a result of Defendant Christensen's actions while an employee of Defendant Polk County, Plaintiff claims she suffered physical injury and mental anguish in an amount to be determined at trial.

Defendant Christensen denies Plaintiff's allegations and denies he caused any injury to Plaintiff. He has responded to some of the plaintiff's allegations, in part, by invoking his Fifth Amendment rights.

Defendant Polk County denies it is liable for the alleged criminal conduct of Defendant Christensen. The County asserts it was neither aware, nor should it have been aware, of Christensen's alleged conduct, and the County denies vicarious liability for Christensen's alleged actions.

### 2.     Names of Any Related Cases

Christensen is a defendant in a Criminal Complaint arising out of many of the same facts at issue in this action. The criminal case is pending in Polk County Circuit Court, and is entitled <u>State of Wisconsin v. Christensen</u>, Polk County Case Number 15 CF 159.

Counsel for Plaintiff and Defendants also represent the parties in a companion case <u>M.J.J. v. Polk County Sheriff's Department and Darryl L. Christensen</u>, Civil Action No. 15-CV-433.

### 3.     Statement of the Material Factual and Legal Issues to be Resolved at Trial

The parties anticipate that the following material factual and legal issues will need to be resolved in the course of this case or at trial:

(a) Whether Christensen violated the plaintiff's Eighth Amendment rights and is liable to the plaintiff for damages under 42 U.S.C. § 1983;

(b) Whether Christensen acted under color of law such that Polk County may be held liable for his conduct;

(c) Whether Christensen violated Wis. Stat. § 940.225 and is liable to the plaintiff for damages under Wisconsin law;

(d) Whether Polk County is vicariously liable for the actions of Christensen.

(e) If it is determined that either of the defendants is liable to the plaintiff, the amount of damages to which the plaintiff is entitled.

**4. Description of Any Amendments to the Pleadings that Any Party Intends to Make**

The parties do not anticipate any amendments to the pleadings. The parties propose that amendments to the pleadings, if any, may be made without leave of the Court until January 1, 2016.

**5. Identity of Any New Parties to be Added**

The parties do not anticipate adding any new parties. The parties propose that new parties, if any, may be added without leave of the Court until November 13, 2015.

**6. Estimated Trial Length**

The parties anticipate that trial can be completed in 5 days.

**7. Any Other Matters Affecting the Just, Speedy, and Inexpensive Disposition of this Case**

The parties are not aware of any other matters affecting the just, speedy, and inexpensive disposition of this case.

## DISCOVERY PLAN

**1. Proposed Case Schedule**

| Event | Parties Proposed Date |
|---|---|
| Rule 26(a)(1) Initial Disclosures | 12/1/2015 |
| Amendments to Pleadings Without Leave | 1/1/2016 |
| Disclosure of Expert Reports: Proponent | 4/1/2016 |
| Disclosure of Expert Reports: Respondents | 6/1/2016 |

| | |
|---|---|
| Dispositive Motions | 7/1/2016 |
| Discovery Cutoff | 9/1/2016 |
| Settlement Letters | TBD by the Court |
| Motions in Limine and Rule 26(a)(3) Disclosures | TBD by the Court |
| Responses to Motions in Limine and Objections to Rule 26(a)(3) Disclosures | TBD by the Court |
| Final Pretrial Conference | TBD by the Court |
| First Day of Trial | TBD by the Court |

**2.     Miscellaneous Discovery Items**

(a) **Protective Order**

To the extent a protective order is required to govern the exchange of confidential information during discovery, the parties agree to negotiate and file a stipulated protective order.

(b) **Limitations**

The parties agree that draft expert reports and attorney communications with experts will not be subject to discovery and shall not be admissible. However, all materials that an expert relies upon in connection with his or her final expert report shall be discoverable.

The parties do not presently request the Court to order any further limits on discovery.

(c) **Production of Electronically Stored Information**

At least the following metadata fields shall be preserved and produced for e-mails: custodian, sender, recipient(s), subject, date sent, and parent/child identification for any attachments. The following metadata fields shall be preserved and produced for all other electronically stored information ("ESI"): author, custodian, filename, date created, date last modified, begbates, endbates, and folder path. The parties agree that embedded documents and

images need not be extracted and separately produced unless an independent basis exists for their production.

All ESI shall be produced as single page group IV Tiffs with a DAT file, Opticon load file, and OCR text files for each document, except that Excel® files, other large spreadsheets, media files, and documents incorporating tracked changes shall be produced in their native format, and the DAT file should include a native file link field.

To the extent any additional issues arise with respect to discovery of ESI, the parties shall cooperate and work together in good faith to reach an agreement.

(d) **Privilege and Work Product Issues**

The parties agree that the inadvertent disclosure of privileged or otherwise protected material shall be governed by Federal Rule of Civil Procedure 26(b)(5)(B).

The parties agree that communications or documents that are privileged or protected as work product and that are generated after the commencement of this litigation need not be included in a privilege log under Federal Rule of Civil Procedure 26(b)(5).

(e) **Electronic Copies and Service**

Pursuant to Federal Rule of Civil Procedure 5(b)(2)(E), the parties consent to service by electronic means. The parties agree that such service shall be complete upon transmission, provided that the sender does not receive any indication that such transmission was unsuccessful. Service of filings may be made through the Court's ECF system. For all other documents, service shall be made to those e-mail addresses for counsel set forth on the Court's electronic docket. The parties agree that notwithstanding Federal Rule of Civil Procedure 6(d), the receiving party is deemed to be served on the day the electronic transmission is made.

The parties agree that duplicate copies of all written discovery requests and all proposed findings of fact shall be served electronically in editable form, *e.g.*, in Microsoft Word.

          **ECKBERG, LAMMERS, BRIGGS,**
          **WOLFF & VIERLING, PLLP**

Dated: 10/22/15     By:    s/ Thomas J. Weidner
                Jeffrey L. Kemp (1075842)
                Thomas J. Weidner (1082013)
                Attorneys for Plaintiff
                430 Second Street
                Hudson, Wisconsin 54016
                (715) 386-3733
                jkemp@eckberglammers.com
                tweidner@eckberglammers.com

          **WHYTE HIRSCHBOECK DUDEK, S.C.**

Dated: 10/22/15     By:    s/ Paul D. Cranley
                Paul D. Cranley (1050029)
                Attorney for Defendant Polk County Sheriff's Department
                P.O. Box 1379
                Madison, Wisconsin 53701
                (608) 255-4440
                pcranley@whdlaw.com

          **SAGER & COLWIN LAW OFFICES, S.C.**

Dated: 10/22/15     By:    s/ Martin J. De Vries
                Martin J. De Vries (1032279)
                Attorney for Defendant Darryl L. Christensen
                201 South Marr Street
                P.O. Box 2068
                Fond du Lac, Wisconsin 54936
                (290) 921-1320
                mdevries@sagerlaw.com