UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

J.K.J.,

   Plaintiff,

  v.

POLK COUNTY SHERIFF'S DEPARTMENT,
DARRYL L. CHRISTENSEN,

   Defendant.

Case No. 15-CV-428

## ANSWER TO AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant Polk County Sheriff's Department ("Polk County"), by its attorneys Whyte Hirschboeck Dudek S.C., answers the Plaintiff's Amended Complaint as follows:

## JURISDICTION AND VENUE

1. Polk County admits Plaintiff seeks money damages for alleged personal injuries; the remaining allegations of paragraph 1 state legal conclusions to which no response is required; to the extent the remaining allegations of paragraph 1 are deemed to assert factual allegations, Polk County denies those allegations.

2. The allegations of paragraph 2 state legal conclusions to which no response is required; to the extent the allegations of paragraph 2 are deemed to assert factual allegations, Polk County denies those allegations.

3. Polk County denies the allegations of paragraph 3.

4. Plaintiff's demand for a jury trial requires no response.

## PARTIES

5. On information and belief, Polk County admits the allegations of paragraph 5.

6. On information and belief, Polk County admits allegations of paragraph 6.

7.     Polk County admits the Polk County Sheriff operates the Polk County Jail, but lacks knowledge or belief sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 7, and on that basis, denies them.

8.     The allegations of paragraph 8 state legal conclusions to which no response is required; to the extent the allegations of paragraph 8 are deemed to assert factual allegations, Polk County denies those allegations.

9.     The allegations of paragraph 9 state legal conclusions to which no response is required; to the extent the allegations of paragraph 9 are deemed to assert factual allegations, Polk County denies those allegations.

10.     The allegations of paragraph 10 state legal conclusions concerning the plaintiff's theories of alleged *respondeat superior* liability to which no response is required; to the extent the allegations of paragraph 10 are deemed to assert factual allegations, Polk County denies those allegations; Polk County admits Defendant Christensen was employed by Polk County; denies the remaining allegations of paragraph 10.

## FACTUAL ALLEGATIONS

11.     Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 11, and on that basis, denies them.

12.     Polk County denies the allegations of paragraph 12.

13.     Polk County denies the allegations of paragraph 13.

14.     Polk County admits there is a maximum control center located in the center of the maximum security housing area, that the maximum control center is surrounded by the maximum security cell blocks and various hallways, and that there is one-way glass between the cell blocks and the maximum control center that generally allows a jailer in the maximum control center to see into the cell blocks; denies the remaining allegations of paragraph 14.

15.     Polk County admits the allegations of paragraph 15.

16.     Polk County admits the maximum security area is a restricted area of the jail; denies the remaining allegations of paragraph 16.

17.     Polk County admits a jailer inside the maximum control center would typically have primary responsibility for opening the main doors leading into the maximum security area; denies the remaining allegations of paragraph 17.

18.     Polk County admits a jailer inside the maximum control center would typically have primary responsibility for opening the main doors leading into the maximum security area; denies the remaining allegations of paragraph 18.

19.     Polk County admits there are no cameras in the maximum control center or the hallways surrounding it; denies the remaining allegations of paragraph 19.

20.     Polk County admits that there are both male and female inmates in the Polk County Jail.

21.     Polk County admits a jailer may, at times, be alone in the maximum control center and could monitor both male and female inmates; denies the remaining allegations of paragraph 21.

22.     Polk County admits there are cameras at the main doors to the maximum security area which may be monitored from the maximum control center; lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 22, and on that basis, denies them.

23.     Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 23, and on that basis, denies them.

24.     Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 24, and on that basis, denies them.

25.     Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 25, and on that basis, denies them.

26.     Polk County denies the allegations of paragraph 26.

27.     Polk County admits the allegations of paragraph 27.

28.     Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 28, and on that basis, denies them.

29.     Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 29, and on that basis, denies them.

30.     Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 30, and on that basis, denies them.

31.     Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 31, and on that basis, denies them.

32.     Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 32, and on that basis, denies them.

33.     Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 33, and on that basis, denies them.

34.     Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 34, and on that basis, denies them.

35.     Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 35, and on that basis, denies them.

36.     Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 36, and on that basis, denies them.

37.     Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 37, and on that basis, denies them.

38.     Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 38, and on that basis, denies them.

39.     Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 39, and on that basis, denies them.

40.     Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 40, and on that basis, denies them.

41.     Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 41, and on that basis, denies them.

42.     Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 42, and on that basis, denies them.

43.     Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 43, and on that basis, denies them.

44.     Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 44, and on that basis, denies them.

45.     Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 45, and on that basis, denies them.

46.     Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 46, and on that basis, denies them.

47.     Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 47, and on that basis, denies them.

48.     Polk County admits Michael Ottosen was employed by Polk County as a jailer for over 10 years and worked with Defendant Christensen; lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 48, and on that basis, denies them.

49.     Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 49, and on that basis, denies them.

50.     Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 50, and on that basis, denies them.

51.     Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 51, and on that basis, denies them.

52.     Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 52, and on that basis, denies them.

53.     Polk County admits that jailers in maximum control generally notified master control of breaks, but denies this was a "standard procedure"; deny the remaining allegations of paragraph 53.

54.     Polk County admits Scott Pittman was employed by Polk County as a jailer and worked with Defendant Christensen; lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 54, and on that basis, denies them.

55.     Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 55, and on that basis, denies them.

56.     Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 56, and on that basis, denies them.

57.     Polk County admits Lawrence Bergeron was employed by Polk County as a jailer and worked from time to time with Defendant Christensen;  lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 57, and on that basis, denies them.

58.     Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 58, and on that basis, denies them.

59.     Polk County admits Lori Flandrena was employed by Polk County as a jailer and often worked with Defendant Christensen;  lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 59, and on that basis, denies them.

60.     Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 60, and on that basis, denies them.

61.     Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 61, and on that basis, denies them.

62.     Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 62, and on that basis, denies them.

63.     Polk County admits Stacey Ptacek was employed by Polk County as a jailer and that she worked with Defendant Christensen from time to time; lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 63, and on that basis, denies them.

64.     Polk County admits William G. Briggs was employed by Polk County as a jailer and worked with Defendant Christensen from time to time; lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 64, and on that basis, denies them.

65.     Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 65, and on that basis, denies them.

66.     Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 66, and on that basis, denies them.

67.     Polk County admits Lorraine Beyl was employed by Polk County as a jailer and worked with Defendant Christensen from time to time; lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 67, and on that basis, denies them.

68.     Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 68, and on that basis, denies them.

69.     Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 69, and on that basis, denies them.

70.     Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 70, and on that basis, denies them.

71.     Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 71, and on that basis, denies them.

72.     Polk County admits, on information and belief, that Defendant Christensen did not attend training on the Prison Rape Elimination Act on February 20, 2014; admits Captain

Nargis provided a summary of the meeting to Christensen and others; denies the remaining allegations of paragraph 72.

73.    Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 73, and on that basis, denies them.

74.    Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 74, and on that basis, denies them, and further denies any liability for the alleged conduct of Defendant Christensen.

75.    Polk County denies the allegations of paragraph 75.

76.    Polk County denies the allegations of paragraph 76.

## CAUSES OF ACTION

## AS TO ALL FEDERAL CHARGES

77.    Polk County repeats and realleges its answers to paragraphs 1 through 76 as its answer to paragraph 77.

78.     The allegations of paragraph 78 state legal conclusions to which no response is required; to the extent the allegations of paragraph 78 are deemed to assert factual allegations, Polk County denies those allegations.

79.    Polk County denies the allegations of paragraph 79.

80.    Polk County denies the allegations of paragraph 80.

81.    Polk County denies the allegations of paragraph 81.

82.    Polk County denies the allegations of paragraph 82.

83.    Polk County denies the allegations of paragraph 83.

84.    Polk County denies the allegations of paragraph 84.

**COUNT ONE-Federal Claim**
**VIOLATION OF 8TH AMENDMENT**
**AS TO DEFENDANT CHRISTENSEN AND DEFENDANT SHERIFF**

85.   Polk County repeats and realleges its answers to paragraphs 1 through 84 as its

answer to paragraph 85.

86.   Polk County denies the allegations of paragraph 86.

87.   Polk County denies the allegations of paragraph 87.

88.   Polk County denies the allegations of paragraph 88.

89.   Polk County denies the allegations of paragraph 89.

90.   Polk County denies the allegations of paragraph 90.

**COUNT TWO-Federal Claim**
**VIOLATION OF 42 U.S.C. § 1983 & 1986**
**AS TO DEFENDANT CHRISTENSEN AND DEFENDANT SHERIFF**

91.   Polk County repeats and realleges its answers to paragraphs 1 through 90 as its

answer to paragraph 91.

92.   Polk County denies the allegations of paragraph 92.

93.   Polk County denies the allegations of paragraph 93.

94.   Polk County denies the allegations of paragraph 94.

95.   Polk County denies the allegations of paragraph 95.

96.   Polk County denies the allegations of paragraph 96.

97.   Polk County denies the allegations of paragraph 97.

98.   Polk County denies the allegations of paragraph 98.

99.   Polk County denies the allegations of paragraph 99.

100.   Polk County denies the allegations of paragraph 100.

101.   Polk County denies the allegations of paragraph 101.

102.   Polk County denies the allegations of paragraph 102.

103.     Polk County denies the allegations of paragraph 103.

104.     Polk County denies the allegations of paragraph 104.

105.     Polk County denies the allegations of paragraph 105.

106.     Polk County denies the allegations of paragraph 106.

107.     Polk County denies the allegations of paragraph 107.

108.     Polk County admits that jailers in maximum control generally notified master control of breaks; denies the remaining allegations of paragraph 108.

109.     Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 109, and on that basis, denies them.

110.     Polk County denies the allegations of paragraph 110.

111.     Polk County denies the allegations of paragraph 111.

112.     Polk County denies the allegations of paragraph 112.

113.     Polk County denies the allegations of paragraph 113.

114.     Polk County denies the allegations of paragraph 114

115.     Polk County denies the allegations of paragraph 115.

116.     Polk County denies the allegations of paragraph 116.

117.     Polk County denies the allegations of paragraph 117.

118.     Polk County denies the allegations of paragraph 118.

## AS TO ALL STATE CLAIMS:

119.     Polk County repeats and realleges its answers to paragraphs 1 through 118 as its answer to paragraph 119.

120.     Polk County denies the allegations of paragraph 120.

121.     Polk County denies the allegations of paragraph 121.

122.     Polk County denies the allegations of paragraph 122.

123.    Polk County denies the allegations of paragraph 123.

124.    Polk County denies the allegations of paragraph 124.

125.    Polk County denies the allegations of paragraph 125.

**COUNT THREE-State Claim**
**CIVIL ASSAULT AND BATTERY**
**AS TO DEFENDANT CHRISTENSEN IN HIS INDIVIDUAL AND OFFICIAL**
**CAPACITY**

126.    Polk County repeats and realleges its answers to paragraphs 1 through 125 as its answer to paragraph 126.

127.    Polk County denies the allegations of paragraph 127.

128.    Polk County denies the allegations of paragraph 128.

129.    Polk County denies the allegations of paragraph 129.

130.    Polk County denies the allegations of paragraph 130.

131.    Polk County denies the allegations of paragraph 131.

**COUNT FOUR-State Claim**
**2ND DEGREE SEXUAL ASSAULT: SEXUAL CONTACT OR INTERCOURSE BY A**
**CORRECTIONAL STAFF MEMBER**
**AS TO DEFENDANT CHRISTENSEN IN HIS INDIVIDUAL AND OFFICIAL**
**CAPACITY**

132.    Polk County repeats and realleges its answers to paragraphs 1 through 131 as its answer to paragraph 132.

133.    Polk County denies the allegations of paragraph 133.

134.    Polk County denies the allegations of paragraph 134.

135.    Polk County denies the allegations of paragraph 135.

## COUNT FIVE-State Claim
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## AS TO DEFENDANTS CHRISTENSEN IN HIS INDIVIDUAL AND OFFICIAL
## CAPACITY AND DEFENDANT SHERIFF

136.    Polk County repeats and realleges its answers to paragraphs 1 through 135 as its answer to paragraph 136.

137.    Polk County denies the allegations of paragraph 137.

138.    Polk County denies the allegations of paragraph 138.

139.    Polk County denies the allegations of paragraph 139.

140.    Polk County denies the allegations of paragraph 140.

141.    Polk County denies the allegations of paragraph 141.

142.    Polk County denies the allegations of paragraph 142.

## COUNT SIX-State Claim
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## AS TO DEFENDANT CHRISTENSEN IN HIS INDIVIDUAL AND OFFICIAL
## CAPACITY

143.    Polk County repeats and realleges its answers to paragraphs 1 through 142 as its answer to paragraph 143.

144.    Polk County denies the allegations of paragraph 144.

145.    Polk County denies the allegations of paragraph 145.

146.    Polk County denies the allegations of paragraph 146.

## COUNT SEVEN-State Claim
## NEGLIGENT SUPERVISION AND TRAINING OF DEFENDANT CHRISTENSEN AS
## TO DEFENDANT SHERIFF

147.    Polk County denies the allegations of paragraph 147.

148.    Polk County denies the allegations of paragraph 148.

149.    Polk County admits, on information and belief, that Defendant Christensen did not attend training on the Prison Rape Elimination Act on February 20, 2014; admit Captain

Nargis provided a summary of the meeting to Christensen and others; denies the remaining allegations of paragraph 149.

150.     Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 150, and on that basis, denies them.

151.     Polk County denies the allegations of paragraph 151.

152.     Polk County denies the allegations of paragraph 152.

**COUNT EIGHT-State Claim**
**NEGLIGENT SUPERVISION AND TRAINING OF JAIL EMPLOYEES**
**AS TO DEFENDANT SHERIFF**

153.     Polk County denies the allegations of paragraph 153.

154.     Polk County denies the allegations of paragraph 154.

155.     Polk County denies the allegations of paragraph 155.

156.     Polk County admits that jailers in maximum control generally notified master control of breaks; denies the remaining allegations of paragraph 156.

157.     Polk County denies the allegations of paragraph 157.

158.     Polk County denies the allegations of paragraph 158.

159.     Polk County denies the allegations of paragraph 159.

**COUNT NINE-State Claim**
**WIS. STAT 895.46 STATE AND POLITICAL SUBDIVISIONS THEREOF TO PAY**
**JUDGMENTS TAKEN AGAINST OFFICERS**
**AS TO DEFENDANT SHERIFF**

160.     Polk County repeats and realleges its answer to paragraphs 1 through 159 as its answer to paragraph 160.

161.     Polk County denies the allegations of paragraph 161.

162.     Polk County denies the allegations of paragraph 162.

## RELIEF

WHEREFORE, Defendant Polk County Sheriff's Department denies it is liable to the Plaintiff in any amount whatsoever and respectfully requests that this Court enter an Order dismissing the Plaintiff's Amended Complaint with prejudice and awarding Polk County its costs, attorney's fees, and disbursements incurred in the defense of this matter.

## AFFIRMATIVE DEFENSES

For its affirmative defenses, Polk County Sheriff's Department states as follows:

1.      The Complaint fails to state a claim upon which relief may be granted.

2.      Polk County at all times acted in good faith and is entitled to qualified immunity.

3.      Plaintiff's claims may be barred in whole or in part by any failure on the part of Plaintiff to comply with the notice and claim provisions of Wis. Stat. § 893.80(1).

4.      Plaintiff's claims may be subject to the damage caps set forth in Wis. Stat. § 893.80(3).

5.      Polk County may be immune from suit with respect to any claims by Plaintiff under Wisconsin law pursuant to Wis. Stat. § 893.80(4).

6.      Plaintiff may have failed to mitigate her alleged damages.

7.      To the extent Plaintiff's damages, if any, may been caused in whole or in part by the alleged criminal conduct of Darryl L. Christensen, such alleged criminal conduct is a superseding and/or intervening cause which cannot be attributed to Polk County.

15

Dated this 13th day of January, 2015.

WHYTE HIRSCHBOECK DUDEK S.C.

*/s/ Paul D. Cranley*

Paul D. Cranley
State Bar No. 1050029
P.O. Box 1379
Madison, Wisconsin 53701-1379
Telephone:  608-255-4440
Fax:  608-258-7138
Email: pcranley@whdlaw.com

Charles H. Bohl
State Bar No. 1000239
Andrew A. Jones
State Bar No. 1023074
555 East Wells Street, Suite 1900
Milwaukee, Wisconsin 53202-3819
414-273-2100
414-223-5000 (fax)
cbohl@whdlaw.com

Attorneys for Polk County Sheriff's Department

WHD/12178942.1

16