UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

J.K.J.,

        Plaintiff,

   v.

POLK COUNTY SHERIFF'S DEPARTMENT,
DARRYL L. CHRISTENSEN,

        Defendants,                         Case No. 15-CV-428

and

WISCONSIN COUNTY MUTUAL INSURANCE
CORPORATION,

        Intervenor.

## ANSWER TO SECOND AMENDED COMPLAINT
## AND AFFIRMATIVE DEFENSES

Defendant Polk County Sheriff's Department ("Polk County"), by its attorneys Whyte Hirschboeck Dudek S.C., answers the Plaintiff's Second Amended Complaint as follows:

### JURISDICTION AND VENUE

1.     Polk County admits Plaintiff seeks money damages for alleged personal injuries, and affirmatively alleges Polk County Sheriff's Department is not a proper defendant in this action; the remaining allegations of paragraph 1 state legal conclusions to which no response is required; to the extent the remaining allegations of paragraph 1 are deemed to assert factual allegations, Polk County denies those allegations.

2.     The allegations of paragraph 2 state legal conclusions to which no response is required; to the extent the allegations of paragraph 2 are deemed to assert factual allegations, Polk County denies those allegations.

3.      Polk County denies the allegations of paragraph 3.

4.      Plaintiff's demand for a jury trial requires no response.

### PARTIES

5.      On information and belief, Polk County admits the allegations of paragraph 5.

6.      On information and belief, Polk County admits the allegations of paragraph 6.

7.      Polk County admits the Polk County Sheriff operates the Polk County Jail, and admits, on information and belief, that Christensen had sexual contact with Plaintiff in the jail; lacks knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 7, and on that basis, denies them.

8.      The allegations of paragraph 8 state legal conclusions to which no response is required; to the extent the allegations of paragraph 8 are deemed to assert factual allegations, Polk County denies those allegations.

9.      The allegations of paragraph 9 state legal conclusions to which no response is required; to the extent the allegations of paragraph 9 are deemed to assert factual allegations, Polk County denies those allegations.

10.     The allegations of paragraph 10 state legal conclusions concerning the plaintiff's theories of alleged *respondeat superior* liability to which no response is required; to the extent the allegations of paragraph 10 are deemed to assert factual allegations, Polk County denies those allegations; Polk County admits Defendant Christensen was employed by Polk County; denies the remaining allegations of paragraph 10.

### FACTUAL ALLEGATIONS

11.     Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 11, and on that basis, denies them.

12.     Polk County denies the allegations of paragraph 12.

13.     Polk County denies the allegations of paragraph 13.

14.     Polk County admits there is a maximum control center located in the center of the maximum security housing area, which is referred to as the "bubble;" that the bubble is surrounded by the maximum security cells and various hallways, and that there is one-way glass between the cells and the bubble that generally allows a jailer in the bubble to see into the cells; denies the remaining allegations of paragraph 14.

15.     Polk County admits the allegations of paragraph 15.

16.     Polk County admits the maximum security area is a restricted area of the jail; denies the remaining allegations of paragraph 16.

17.     Polk County admits a jailer inside the bubble would typically have primary responsibility for opening the main doors leading into the maximum security area; denies the remaining allegations of paragraph 17.

18.     Polk County admits a jailer inside the bubble would typically have primary responsibility for opening the main doors leading into the maximum security area; denies the remaining allegations of paragraph 18.

19.     Polk County admits there are no cameras in the bubble or the hallways surrounding it; denies the remaining allegations of paragraph 19.

20.     Polk County admits that there are both male and female inmates in the Polk County Jail and denies any remaining allegations of paragraph 20.

21.     Polk County admits a jailer may, at times, be alone in the bubble and could monitor both male and female inmates; denies the remaining allegations of paragraph 21.

22.     Polk County admits there are cameras at the main doors to the maximum security area which may be monitored from the bubble; lacks knowledge or information sufficient to

form a belief as to the truth or falsity of the remaining allegations of paragraph 22, and on that basis, denies them.

23.     Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 23, and on that basis, denies them.

24.     Polk County denies Christensen "held the key" for anyone to enter the maximum security area; lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 24, and on that basis, denies them.

25.     Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 25, and on that basis, denies them.

26.     Polk County denies the allegations of paragraph 26.

**A.     Unconsented Contact with Plaintiff**

27.     Polk County admits the allegations of paragraph 27.

28.     Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 28, and on that basis, denies them.

29.     Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 29, and on that basis, denies them.

30.     Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 30, and on that basis, denies them.

31.     Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 31, and on that basis, denies them.

32.     Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 32, and on that basis, denies them.

33.     Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 33, and on that basis, denies them.

34.     Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 34, and on that basis, denies them.

35.     Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 35, and on that basis, denies them.

36.     Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 36, and on that basis, denies them.

37.     Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 37, and on that basis, denies them.

38.     Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 38, and on that basis, denies them.

39.     Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 39, and on that basis, denies them.

40.     Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 40, and on that basis, denies them.

41.     Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 41, and on that basis, denies them.

42.     Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 42, and on that basis, denies them.

43.     Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 43, and on that basis, denies them.

44.      Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 44, and on that basis, denies them.

45.      Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 45, and on that basis, denies them.

46.      Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 46, and on that basis, denies them.

47.      Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 47, and on that basis, denies them.

**B.      Statements from other Polk County Jailers**

48.      Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 48, and on that basis, denies them.

49.      Polk County admits Michael Ottosen was employed by Polk County as a jailer for over 10 years and worked with Defendant Christensen; lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 49, and on that basis, denies them.

50.      Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 50, and on that basis, denies them.

51.      Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 51, and on that basis, denies them.

52.      Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 52, and on that basis, denies them.

53.      Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 53, and on that basis, denies them.

54.     Polk County admits that jailers in bubble generally notified master control of breaks, but denies this was a "standard procedure"; deny the remaining allegations of paragraph 54.

55.     Polk County admits Scott Pittman was employed by Polk County as a jailer and worked with Defendant Christensen; lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 55, and on that basis, denies them.

56.     Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 56, and on that basis, denies them.

57.     Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 57, and on that basis, denies them.

58.     Polk County admits Lawrence Bergeron was employed by Polk County as a jailer and worked from time to time with Defendant Christensen; lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 58, and on that basis, denies them.

59.     Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 59, and on that basis, denies them.

60.     Polk County admits Lori Flandrena was employed by Polk County as a jailer and often worked with Defendant Christensen; lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 60, and on that basis, denies them.

61.     Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 61, and on that basis, denies them.

62.     Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 62, and on that basis, denies them.

63.     Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 63, and on that basis, denies them.

64.     Polk County admits Stacey Ptacek was employed by Polk County as a jailer and that she worked with Defendant Christensen from time to time; lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 64, and on that basis, denies them.

65.     Polk County admits William G. Briggs was employed by Polk County as a jailer and worked with Defendant Christensen from time to time; lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 65, and on that basis, denies them.

66.     Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 66, and on that basis, denies them.

67.     Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 67, and on that basis, denies them.

68.     Polk County admits Lorraine Beyl was employed by Polk County as a jailer and worked with Defendant Christensen from time to time; lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 68, and on that basis, denies them.

69.     Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 69, and on that basis, denies them.

70.     Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 70, and on that basis, denies them.

71.     Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 71, and on that basis, denies them.

72.     Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 72, and on that basis, denies them.

73.     Polk County admits, on information and belief, that Defendant Christensen did not attend training on the Prison Rape Elimination Act on February 20, 2014; admits Captain Nargis provided a summary of the meeting to Christensen and others; denies the remaining allegations of paragraph 73.

74.     Polk County denies the allegations of paragraph 74.

75.     Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 75, and on that basis, denies them, and further denies any liability for the alleged conduct of Defendant Christensen.

76.     Polk County denies the allegations of paragraph 76.

77.     Polk County denies the allegations of paragraph 77.

**CAUSES OF ACTION**

**AS TO ALL FEDERAL CHARGES**

78.     Polk County repeats and realleges its answers to paragraphs 1 through 77 as its answer to paragraph 78.

79.      The allegations of paragraph 79 state legal conclusions to which no response is required; to the extent the allegations of paragraph 79 are deemed to assert factual allegations, Polk County denies those allegations.

80.     Polk County denies the allegations of paragraph 80.

81.     Polk County denies the allegations of paragraph 81.

82.     Polk County denies the allegations of paragraph 82.

83.     Polk County denies the allegations of paragraph 83.

84.     Polk County denies the allegations of paragraph 84.

85.     Polk County denies the allegations of paragraph 85.

**COUNT ONE-Federal Claim**
**VIOLATION OF 8TH AMENDMENT**
**AS TO DEFENDANT CHRISTENSEN AND DEFENDANT SHERIFF**

86.     Polk County repeats and realleges its answers to paragraphs 1 through 85 as its answer to paragraph 86.

87.     The allegations of paragraph 87 are directed to Defendant Christensen, and no response is required from this defendant; to the extent any allegations of paragraph 87 may be interpreted as directed to Defendant Polk County Sheriff's Department, Polk County denies the allegations of paragraph 87.

88.     The allegations of paragraph 88 are directed to Defendant Christensen, and no response is required from this defendant; to the extent any allegations of paragraph 88 may be interpreted as directed to Defendant Polk County Sheriff's Department, Polk County denies the allegations of paragraph 88.

89.     Polk County denies the allegations of paragraph 89.

90.     Polk County denies the allegations of paragraph 90.

91.     Polk County denies the allegations of paragraph 91.

**COUNT TWO-Federal Claim**
**VIOLATION OF 14th AMENDMENT**
**AS TO DEFENDANT SHERIFF**

92.     Polk County repeats and realleges its answers to paragraphs 1 through 91 as its answer to paragraph 92.

93.    The allegations of paragraph 93 are directed to Defendant Christensen, and no response is required from this defendant; to the extent any allegations of paragraph 93 may be interpreted as directed to Defendant Polk County Sheriff's Department, Polk County denies the allegations of paragraph 93.

94.    The allegations of paragraph 94 are directed to Defendant Christensen, and no response is required from this defendant; to the extent any allegations of paragraph 94 may be interpreted as directed to Defendant Polk County Sheriff's Department, Polk County denies the allegations of paragraph 94.

95.    Polk County denies the allegations of paragraph 95.

96.    Polk County denies the allegations of paragraph 96.

97.    Polk County denies the allegations of paragraph 97.

**COUNT THREE-State Claim**
**42 U.S.C. § 1983 & 1986**
**AS TO DEFENDANT CHRISTENSEN AND DEFENDANT SHERIFF**

98.    Polk County repeats and realleges its answers to paragraphs 1 through 97 as its answer to paragraph 98.

99.    Polk County denies the allegations of paragraph 99.

100.    Polk County denies the allegations of paragraph 100.

101.    Polk County denies the allegations of paragraph 101.

102.    The allegations of paragraph 102 are directed to Defendant Christensen, and no response is required from this defendant; to the extent any allegations of paragraph 102 may be interpreted as directed to Defendant Polk County Sheriff's Department, Polk County denies the allegations of paragraph 102.

103.    Polk County denies the allegations of paragraph 103.

104.     The allegations of paragraph 104 are directed to Defendant Christensen, and no response is required from this defendant; to the extent any allegations of paragraph 104 may be interpreted as directed to Defendant Polk County Sheriff's Department, Polk County denies the allegations of paragraph 104.

105.     Polk County denies the allegations of paragraph 105.

**a) Failure to train and supervise Christensen:**

106.     Polk County denies the allegations of paragraph 106.

107.     Polk County denies the allegations of paragraph 107.

108.     Polk County denies the allegations of paragraph 108.

109.     Polk County denies the allegations of paragraph 109.

110.     Polk County denies the allegations of paragraph 110.

111.     Polk County denies the allegations of paragraph 111.

**b) Failure to supervise and train all jailers:**

112.     Polk County denies the allegations of paragraph 112.

113.     Polk County denies the allegations of paragraph 113.

114.     Polk County denies the allegations of paragraph 114.

115.     Polk County admits that jailers in the "bubble" typically notified master control of breaks; denies the remaining allegations of paragraph 115.

116.     Polk County lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 116, and on that basis, denies them

117.     Polk County denies the allegations of paragraph 117.

118.     Polk County denies the allegations of paragraph 118.

119.     Polk County denies the allegations of paragraph 119.

120.     Polk County denies the allegations of paragraph 120.

**c) Failure to train inmates on how to report sexual abuse:**

121.     Polk County denies the allegations of paragraph 121.

122.     Polk County denies the allegations of paragraph 122.

123.     Polk County denies the allegations of paragraph 123.

124.     Polk County denies the allegations of paragraph 124.

125.     Polk County denies the allegations of paragraph 125.

126.     Polk County denies the allegations of paragraph 126.

127.     Polk County denies the allegations of paragraph 127.

128.     Polk County denies the allegations of paragraph 128.

**d) Custom of allowing one male officer to supervise females without cameras and the ability to prevent entrance of other jailers**

129.     Polk County admits it did not have a policy requiring a minimum of two correctional officers whenever supervising inmates of the opposite sex; denies the remaining allegations of paragraph 129.

130.     Polk County admits that Polk County jailers supervised inmates of the opposite sex; denies any remaining allegations of paragraph 130.

131.     Polk County denies the allegations of paragraph 131.

132.     Polk County denies the allegations of paragraph 132.

133.     Polk County denies the allegations of paragraph 133.

**AS TO ALL STATE CLAIMS:**

134.      Polk County repeats and realleges its answers to paragraphs 1 through 133 as its answer to paragraph 134.

13

135.    Polk County denies the allegations of paragraph 135.

136.    Polk County denies the allegations of paragraph 136.

137.    Polk County denies the allegations of paragraph 137.

138.    Polk County denies the allegations of paragraph 138.

139.    Polk County denies the allegations of paragraph 139.

140.    Polk County denies the allegations of paragraph 140.

## COUNT FOUR-State Claim
## CIVIL ASSAULT AND BATTERY
## AS TO DEFENDANT CHRISTENSEN IN HIS INDIVIDUAL AND OFFICIAL CAPACITY

141.    Polk County repeats and realleges its answers to paragraphs 1 through 140 as its answer to paragraph 141.

142.    The allegations of paragraph 142 are directed to Defendant Christensen, and no response is required from this defendant; to the extent any allegations of paragraph 142 may be interpreted as directed to Defendant Polk County Sheriff's Department, Polk County denies the allegations of paragraph 142.

143.    The allegations of paragraph 143 are directed to Defendant Christensen, and no response is required from this defendant; to the extent any allegations of paragraph 143 may be interpreted as directed to Defendant Polk County Sheriff's Department, Polk County denies the allegations of paragraph 143.

144.    The allegations of paragraph 144 are directed to Defendant Christensen, and no response is required from this defendant; to the extent any allegations of paragraph 144 may be interpreted as directed to Defendant Polk County Sheriff's Department, Polk County denies the allegations of paragraph 144.

145.     The allegations of paragraph 145 are directed to Defendant Christensen, and no response is required from this defendant; to the extent any allegations of paragraph 145 may be interpreted as directed to Defendant Polk County Sheriff's Department, Polk County denies the allegations of paragraph 145.

146.     The allegations of paragraph 146 are directed to Defendant Christensen, and no response is required from this defendant; to the extent any allegations of paragraph 146 may be interpreted as directed to Defendant Polk County Sheriff's Department, Polk County denies the allegations of paragraph 146.

<u>COUNT FIVE-State Claim</u>
**2ND DEGREE SEXUAL ASSAULT: SEXUAL CONTACT OR INTERCOURSE BY A CORRECTIONAL STAFF MEMBER
AS TO DEFENDANT CHRISTENSEN IN HIS INDIVIDUAL AND OFFICIAL CAPACITY**

147.     Polk County repeats and realleges its answers to paragraphs 1 through 146 as its answer to paragraph 147.

148.     The allegations of paragraph 148 are directed to Defendant Christensen, and no response is required from this defendant; to the extent any allegations of paragraph 148 may be interpreted as directed to Defendant Polk County Sheriff's Department, Polk County denies the allegations of paragraph 148.

149.     The allegations of paragraph 149 are directed to Defendant Christensen, and no response is required from this defendant; to the extent any allegations of paragraph 149 may be interpreted as directed to Defendant Polk County Sheriff's Department, Polk County denies the allegations of paragraph 149.

150.     The allegations of paragraph 150 are directed to Defendant Christensen, and no response is required from this defendant; to the extent any allegations of paragraph 150 may be

interpreted as directed to Defendant Polk County Sheriff's Department, Polk County denies the allegations of paragraph 150.

## COUNT SIX-State Claim
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## AS TO DEFENDANTS CHRISTENSEN IN HIS INDIVIDUAL AND OFFICIAL
## CAPACITY AND DEFENDANT SHERIFF

151.    Polk County repeats and realleges its answers to paragraphs 1 through 150 as its answer to paragraph 151.

152.    Polk County lacks information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 152, and on that basis, denies them.

153.    Polk County denies the allegations of paragraph 153.

154.    Polk County denies the allegations of paragraph 154.

155.    Polk County denies the allegations of paragraph 155.

156.    Polk County denies the allegations of paragraph 156.

157.    Polk County denies the allegations of paragraph 157.

## COUNT SEVEN-State Claim
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## AS TO DEFENDANT CHRISTENSEN IN HIS INDIVIDUAL AND OFFICIAL
## CAPACITY

158.    Polk County repeats and realleges its answers to paragraphs 1 through 157 as its answer to paragraph 158.

159.    The allegations of paragraph 159 are directed to Defendant Christensen, and no response is required from this defendant; to the extent any allegations of paragraph 159 may be interpreted as directed to Defendant Polk County Sheriff's Department, Polk County denies the allegations of paragraph 159, and specifically denies the plaintiff has suffered extreme and disabling emotional distress.

160.     The allegations of paragraph 160 are directed to Defendant Christensen, and no response is required from this defendant; to the extent any allegations of paragraph 160 may be interpreted as directed to Defendant Polk County Sheriff's Department, Polk County denies the allegations of paragraph 160.

161.     The allegations of paragraph 161 are directed to Defendant Christensen, and no response is required from this defendant; to the extent any allegations of paragraph 161 may be interpreted as directed to Defendant Polk County Sheriff's Department, Polk County denies the allegations of paragraph 161.

### COUNT EIGHT-State Claim
### NEGLIGENT SUPERVISION AND TRAINING OF DEFENDANT CHRISTENSEN AS TO DEFENDANT SHERIFF

162.     Polk County denies the allegations of paragraph 162.

163.     Polk County denies the allegations of paragraph 163.

164.     Polk County admits, on information and belief, that Defendant Christensen did not attend training on the Prison Rape Elimination Act on February 20, 2014; admits Captain Nargis provided a summary of the meeting to Christensen and others; denies the remaining allegations of paragraph 164.

165.     Polk County denies the allegations of paragraph 165.

166.     Polk County denies the allegations of paragraph 166.

167.     Polk County denies the allegations of paragraph 167.

### COUNT NINE-State Claim
### NEGLIGENT SUPERVISION AND TRAINING OF JAIL EMPLOYEES AS TO DEFENDANT SHERIFF

168.     Polk County denies the allegations of paragraph 168.

169.     Polk County denies the allegations of paragraph 169.

170.     Polk County denies the allegations of paragraph 170.

171.    Polk County admits that jailers in maximum control generally notified master control of breaks; denies the remaining allegations of paragraph 171.

172.    Polk County denies the allegations of paragraph 172.

173.    Polk County denies the allegations of paragraph 173.

174.    Polk County denies the allegations of paragraph 174.

## COUNT TEN-State Claim
## WIS. STAT 895.46 STATE AND POLITICAL SUBDIVISIONS THEREOF TO PAY JUDGMENTS TAKEN AGAINST OFFICERS AS TO DEFENDANT SHERIFF

175.    Polk County repeats and realleges its answers to paragraphs 1 through 174 as its answer to paragraph 175.

176.    Polk County denies the allegations of paragraph 176.

177.    Polk County denies the allegations of paragraph 177.

## RELIEF

WHEREFORE, Defendant Polk County Sheriff's Department denies it is liable to the Plaintiff in any amount whatsoever and respectfully requests that this Court enter an Order dismissing the Plaintiff's Second Amended Complaint with prejudice and awarding Polk County its costs, attorney's fees, and disbursements incurred in the defense of this matter.

## AFFIRMATIVE DEFENSES

For its affirmative defenses, Polk County Sheriff's Department states as follows:

1.    The Complaint fails to state a claim upon which relief may be granted.

2.    The Polk County Sheriff's Department is not a distinct legal entity from Polk County, and is not subject to suit.

3.    Polk County at all times acted in good faith and is entitled to qualified immunity.

4.      Plaintiff's claims may be barred in whole or in part by any failure on the part of Plaintiff to comply with the notice and claim provisions of Wis. Stat. § 893.80(1).

5.      Plaintiff's claims may be subject to the damage caps set forth in Wis. Stat. § 893.80(3).

6.      Polk County may be immune from suit with respect to any claims by Plaintiff under Wisconsin law pursuant to Wis. Stat. § 893.80(4).

7.      Plaintiff may have failed to mitigate her alleged damages.

8.      To the extent Plaintiff's damages, if any, may been caused in whole or in part by the alleged criminal conduct of Darryl L. Christensen, such alleged criminal conduct is a superseding and/or intervening cause which cannot be attributed to Polk County.

Dated this 6th day of July, 2016.

WHYTE HIRSCHBOECK DUDEK S.C.

s/ *Paul D. Cranley*
Paul D. Cranley
State Bar No. 1050029
P.O. Box 1379
Madison, Wisconsin 53701-1379
Telephone:  608-255-4440
Fax:  608-258-7138
Email: pcranley@whdlaw.com

Charles H. Bohl
State Bar No. 1000239
Andrew A. Jones
State Bar No. 1023074
555 East Wells Street, Suite 1900
Milwaukee, Wisconsin 53202-3819
414-273-2100
414-223-5000 (fax)
cbohl@whdlaw.com

Attorneys for Polk County Sheriff's Department

WHD/12839905.1

19