IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

J.K.J,

    Plaintiff,

v.

POLK COUNTY SHERIFF'S DEPARTMENT,          Case No. 15-cv-428
DARRYL L. CHRISTENSEN,

    Defendants,

and

WISCONSIN COUNTY MUTUAL INSURANCE CORPORATION,

    Intervenor.

**INTERVENOR'S REPLY TO PLAINTIFF'S RESPONSE TO
INTERVENOR WISCONSIN COUNTY MUTUAL INSURANCE CORPORATION'S
PROPOSED FINDINGS OF FACT**

NOW COMES the Intervenor, Wisconsin County Mutual Insurance Corporation, by its undersigned attorneys, and submits the following Reply to Plaintiff's Response to Intervenor Wisconsin County Mutual Insurance Corporation's Proposed Findings of Fact (we will only address the Intervenor's Proposed Findings of Fact that were not admitted by Plaintiff):

    16. Christensen knew that Wisconsin criminal statutes prohibit a correctional officer to have sexual intercourse or sexual contact with inmates. *(Id. at 18:15-19.)*

RESPONSE: Deny to the extent that Christensen may have believed that inmates were able to consent. Christensen indicated that he was not aware that inmates were not able to consent to sexual contact. (Dkt. 46, Christensen Dep. 140:12-19; 141:24-142:12.) In all other respects, admit.

REPLY:    Plaintiff's Response does not refute the Proposed Fact but merely asserts additional facts. The Court should deem the Proposed Fact admitted. The cited testimony fully supports the proposed fact that Christensen knew it was against Wisconsin criminal statutes for a correctional officer to have sexual intercourse or sexual contact with inmates. Whether he knew about an inmate's ability to

consent under the law does not change the fact that he knew that it was a crime for him to have any sexual contact with any inmate.

26. Christensen knew that his sexual interactions with J.K.J. were against Wisconsin's Criminal Code. *(Id.* at 47:17-18.)

RESPONSE: Deny to the extent that Christensen may have believed that inmates were able to consent. Christensen indicated that he was not aware that inmates were not able to consent to sexual contact. (Dkt. 46, Christensen Dep. 140:12-19; 141:24-142:12.) In all other respects, admit.

REPLY: Plaintiff's Response does not refute the Proposed Fact but merely asserts additional facts. The Court should deem the Proposed Fact admitted. The cited testimony fully supports the proposed fact that Christensen knew it was against Wisconsin criminal statutes for him to have sexual contact with J.K.J. Whether he knew about an inmate's ability to consent under the law does not change the fact that he knew that it was a crime for him to have any sexual contact with J.K.J.

39. When Christensen engaged in sexual interactions with J.K.J., he did so for the sole purpose of his own personal gratification. *(Id.* at 59:6-10.)

RESPONSE: Deny to the extent that this statement attempts to infer that, due to him acting for personal gratification that he was not acting within the scope of his authority.

REPLY: Plaintiff's Response does not refute the Proposed Fact. Plaintiff does not cite to any evidence to support the denial, and therefore the response does not comply with the Court's procedures governing motions for summary judgment. The Court should deem the Proposed Fact admitted. Regardless, the cited evidence supports the Proposed Fact.

40. Christensen's sexual interactions with J.K.J. did not serve Polk County's interests. *(Id.* at 59:11-13.)

RESPONSE: Deny to the extent that this statement attempts to infer that, due to Christensen's belief that he was not serving the interest of Polk County, that he was acting outside of his scope of employment.

REPLY: Plaintiff's Response does not refute the Proposed Fact. Plaintiff does not cite to any evidence to support the denial, and therefore the response does not comply with the Court's procedures governing motions for summary judgment. The Court should deem the Proposed Fact admitted. Regardless, the cited evidence supports the Proposed Fact.

41. Christensen knew that having sex with jail prisoners was a crime in Wisconsin. *(Id.* at 73:16-21.)

RESPONSE: Deny to the extent that Christensen may have believed that inmates were able to consent. Christensen indicated that he was not aware that inmates were not able to consent to sexual contact. (Dkt. 46, Christensen Dep. 140:12-19; 141:24-142:12.) In all other respects, admit.

REPLY: Plaintiff's Response does not refute the Proposed Fact but merely asserts additional facts. The Court should deem the Proposed Fact admitted. The cited testimony fully supports the proposed fact that Christensen knew that having sex with jail prisoners was a crime in Wisconsin. Whether he knew about an inmate's ability to consent under the law does not change the fact that he knew that it was a crime for him to have sex with an inmate.

42. Christensen was repeatedly trained not to have sexual interactions with inmates. *(Id.* at 73:22-23.)

RESPONSE: Dispute. The only training Defendant Christensen had regarding the concept of correctional officers having sexual contact with inmates consisted of a four-week program given in 1996 when he was first certified as a jail officer. (Dkt . 46, Christensen Dep. 11:1714:2; 81:21-25). This was the only training Defendant Christensen had outside the jail. *(Id.* at 82:1-6). Defendant Christensen does not recall Polk County offering or provide any in-house training to its correctional officers on the topic of sexual contact with inmates or PREA *(Id.* at 12:21-13:11; 20:19-25). Christen was only once trained not to have sexual interactions with inmates, and that was 1996.

REPLY: Plaintiff's Response does not refute the Proposed Fact but merely asserts additional facts. The Court should deem the Proposed Fact admitted. The cited testimony fully supports the proposed fact that Christensen was repeatedly training not to have sex with inmates. The extent of that training is not material, nor is whether the training was before he started working for Polk County and/or while he worked for Polk County. Further, the evidence cited in response to this Proposed Fact does not support the argument being made, i.e. that all of Christensen's training not to have sexual contact with inmates occurred before he started working for Polk County. Christensen testified that he did receive internal training by Polk County of Polk County's policy prohibiting sexual contact with inmates. (*Id.* at 82-83: 7-10.)

56. The terms, conditions, limitations and exclusions in the Public Entity Liability policy of insurance preclude coverage for Defendant Christensen for the claims asserted by J.K.J. against Christensen in this action. *(Id.* at ¶ 8.)

RESPONSE: Dispute. This is a legal conclusion and not a fact. This proposed fact invades the province of the court in reaching a legal conclusion. *See Plaintiffs Brief in Response to WCMIC's Motion for Summary Judgement* (too voluminous to re-attach to this document) for the full analysis of why this legal conclusion is incorrect.

3

REPLY: Intervenor agrees that this Proposed Fact states a legal conclusion, but it is a conclusion Intervenor believes is appropriately drawn from the undisputed facts and applicable law.

Dated this 25th day of July, 2016.

                                    s/ Lori M. Lubinsky
                                    Attorneys for Intervenor
                                    Wisconsin County Mutual Ins. Corporation
                                    AXLEY BRYNELSON, LLP
                                    P.O. Box 1767
                                    Madison, WI 53701-1767
                                    Telephone: (608) 257-5661
                                    Fax: (608) 257-5444
                                    Email: llubinsky@axley.com

F:\EAFDATA\2961\74780\01836882.DOCX