UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

M.J.J.,

      Plaintiff,

    v.

POLK COUNTY SHERIFF'S DEPARTMENT,      Case No. 15-CV-433
DARRYL L. CHRISTENSEN,

      Defendant.

## DEFENDANT POLK COUNTY SHERIFF'S DEPARTMENT'S RESPONSE TO PLAINTIFF'S FIRST SET OF WRITTEN INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant Polk County Sheriff's Department (the "County"), by its attorneys Whyte Hirschboeck Dudek S.C., provides the following answers to Plaintiff's First Set of Written Interrogatories and Request for Production of Documents ("Discovery Requests") as follows:

### INTERROGATORIES

**INTERROGATORY NO. 1:** Identify all persons who assisted in providing substantive responses to these discovery requests.

**RESPONSE TO INTERROGATORY NO. 1:**

Polk County Sheriff Peter Johnson and Polk County Jail Captain Scott Nargis, with the assistance of others at their direction.

**INTERROGATORY NO. 2:** Identify any and all persons likely to have discoverable information -along with the subject of that information -that you may use to support your claims or defenses, unless the use would be solely for impeachment.



EXHIBIT
B

**RESPONSE TO INTERROGATORY NO. 2:**

Sheriff Peter Johnson and Jail Captain Scott Nargis may have information regarding jail policies and procedures, training, and investigation of the plaintiff's claims. Melinda Juleen, Jennifer Johnson, and other inmates identified in the criminal complaint against Darryl Christensen, as well as Darryl Christensen himself, may have information regarding Christensen's criminal conduct.

**INTERROGATORY NO. 3:** Identify each person you intend or reasonably expect to call as an expert witness at hearing(s), trial, deposition(s), or by affidavit in this case, and as to such persons, identify the nature and substance of their opinions and the basis therefore, as well as the nature and substance of their expected testimony.

**RESPONSE TO INTERROGATORY NO. 3:**

The County objects to this interrogatory on the grounds it is premature. The County will disclose its experts, if any, at the time and in the manner required by the Federal Rules of Civil Procedure and the Court's Preliminary Pretrial Conference Order.

**INTERROGATORY NO. 4:** Identify any and all information or documents deleted, physically destroyed, corrupted, damaged, lost, or overwritten, including but not limited to camera footage, that are relevant Plaintiff's Complaint or your defenses to these claims and when the information was destroyed.

**RESPONSE TO INTERROGATORY NO. 4:**

The County objects to this interrogatory on the grounds it is vague, ambiguous, overly broad and unduly burdensome. The County does not know what the plaintiff may consider to be relevant to her Complaint. Subject to and without waiving its objections, the County responds that it maintains video from the cameras in the jail for 120 days, after which the video is

overwritten or deleted. The County also retains certain other records of day to day activities for only for a limited time. Such documents include, for example, daily head counts, roster of inmates, visitor sign-in sheets, and other such documents. These documents are maintained for eight years, and are then destroyed.

**INTERROGATORY NO. 5:** Identify the substance, and factual and legal basis for each and every defense to allegations in Plaintiffs Complaint.

**RESPONSE TO INTERROGATORY NO. 5:**

The County objects to this interrogatory on the grounds it is vague, ambiguous, overly broad and unduly burdensome, and seeks information which is protected from discovery by the attorney-client privilege and work product doctrine. Subject to and without waiving its objections, the County responds that the plaintiff will not be able to meet her burden of proving, among other things, that she suffered a deprivation of her rights as a result of an express municipal policy, widespread custom, or deliberate act on the part of the relevant decision-making authority, nor will she be able to prove that any municipal policy or practice was the direct cause of the constitutional violation she alleges. Further, it is undisputed that Christensen deliberately avoided detection of the actions alleged in the plaintiff's Amended Complaint, that he was successful in doing so, and that the Sheriff's Department acted promptly upon the first report of alleged improper sexual conduct by Christensen, which involved a different inmate.

**INTERROGATORY NO. 6:** List all employees of the Polk County Jail operated by the Polk County Sheriff's Department (hereinafter "PCJ") from September 4, 2003 to present including their rank/position and how that has changed throughout the identified time period, including whether or not they ever worked the same shift with Defendant Christensen.

**RESPONSE TO INTERROGATORY NO. 6:**

The County objects to this interrogatory on the grounds it is overly broad and unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The County further objects on the grounds the interrogatory is not reasonably limited in scope as to time. Subject to and without waiving its objections, the County will produce documents from which information responsive to this interrogatory may be ascertained.

**INTERROGATORY NO. 7:** Provide the name of each person at the PCJ who had the responsibility to provide supervision, training, including but not limited to PREA training, monitoring, direction and/or control over the work-related activities of Defendant Christensen from September 4, 2003 to the present. For each individual listed, identify the time period of authority and the responsibilities during that period.

**RESPONSE TO INTERROGATORY NO. 7:**

The County objects to this interrogatory on the grounds it is vague, ambiguous, particularly with respect to the terms "monitoring, direction and/or control over . . . Christensen," and on the grounds it is not reasonably limited in scope as to time. Subject to and without waiving its objections, the County responds that Jail Captain Scott Nargis has had primary responsibility for training since at least 2010. Former Jail Administrator, Cynthia Moore, who worked for the County from July 1993 to November 2010, was also responsible training during her tenure. The various sergeants at the jail also have some responsibility for training. Those include Sgt. Matt Thayer (current); Sgt. Steve Schaefer (2002 – July 2015) and Sgt. Sarah LaVenture (2006 – December 2013). Other jail personnel may have provided Christensen field training at various times, including when the jail moved to its current facility in 2002.

4

Christensen reported to Captain Nargis, as well as the former Jail Administrator and current and former sergeants with respect to his day to day employment.

**INTERROGATORY NO. 8:** From September 4, 2003 to present, describe in detail and not in summary fashion, Defendant Christensen's job duties and responsibilities, how they were assigned, and list all dates when, his duties and/or responsibilities changed during this period.

**RESPONSE TO INTERROGATORY NO. 8:**

The County objects to this interrogatory on the grounds it is overly broad and unduly burdensome, and on the grounds the interrogatory is not reasonably limited in scope as to time. Subject to and without waiving its objections, the County will produce document from which information responsive to this interrogatory may be ascertained. See Christensen's employment file with regard to the positions he held and the dates he held them. See also job descriptions and post orders relative to the positions he held.

**INTERROGATORY NO. 9:** Describe in detail and not in summary fashion each rule and/or conduct violation, including but not limited to improper sexual conduct and/or violations pursuant to PREA, for which Defendant Christensen was investigated during his entire term of employment with you. Be sure to include the date and nature of violation, the details of the rule violated and how Christensen violated the rule, the results of the investigation, and discipline imposed.

**RESPONSE TO INTERROGATORY NO. 9:**

The County objects to this interrogatory on the grounds it is overly broad and unduly burdensome, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and on the grounds the interrogatory is not reasonably

limited in scope as to time.  Subject to and without waiving its objections, the County will produce document from which information responsive to this interrogatory may be ascertained.

**INTERROGATORY NO. 10**: Describe in detail and not in summary fashion any and all complaints, investigations and/or inquiries made into allegations of improper sexual conduct and/or improper sexual statements by any and all PCJ staff with inmates from September 4, 2003 to the present including but not limited to Alan Jorgenson.

**RESPONSE TO INTERROGATORY NO. 10:**

The County objects to this interrogatory on the grounds it is overly broad and unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  The County further objects on the grounds the interrogatory is not reasonably limited in scope as to time.  Subject to and without waiving its objections, the County will produce documents from which information responsive to this interrogatory may be ascertained, including documents concerning the investigations of incidents involving Alan Jorgensen and Darryl Christensen.

**INTERROGATORY NO. 11**: Describe in detail and not in summary fashion the regular or annual review process for employees, including but not limited to Defendant Christensen. This includes but is not limited to how often they are conducted, what happens in a review, specific questions asked, specific documents requested from an employee or provided to employee, etc.

**RESPONSE TO INTERROGATORY NO. 11:**

The County objects to this interrogatory on the grounds it is overly broad and unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  The County further objects on the grounds the interrogatory is not reasonably limited in scope as to time.  Subject to and without waiving its

objections, the County responds that, prior to about 2014, jail employee reviews were done irregularly and informally. Other information responsive to this interrogatory may be ascertained from the documents produced from Christensen's employment file.

**INTERROGATORY NO. 12:** From September 4, 2003 to the present, describe where each and every camera has been/is placed and the field of view for each camera, within the PCJ including the hallways leading to the courtrooms. In your answer, indicate when a camera was placed and/or removed from a certain location.

**RESPONSE TO INTERROGATORY NO. 12:**

The County objects to this interrogatory on the grounds it is vague, ambiguous, overly broad and unduly burdensome. Subject to and without waiving its objections, see diagrams of justice facility with location of cameras highlighted in yellow.

**INTERROGATORY NO. 13:** Describe in detail and not summary fashion any and all job related training, education and/or information provided to its staff, including but not limited to Defendant Christensen, on the issue of fraternization with inmates, including sexual conduct, from September 4, 2003 to the present. This includes verbal and/or written training and materials.

**RESPONSE TO INTERROGATORY NO. 13:**

The County objects to this interrogatory on the grounds it is vague, ambiguous, overly broad and unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The County further objects on the grounds the interrogatory is not reasonably limited in scope as to time. Subject to and without waiving its objections, the County responds that the jail conducts at least eight training sessions per year, which are identified on the training outline for each year, which are produced herewith.

7

Jailers also receive field training when hired or moved to a new position, and 24 hours of field training was provided when the jail moved to its new facility in 2002. Jail employees also receive training materials on a daily basis on 90 different topics, including "high risk" policies. Any or all of the training referenced herein may include some information relevant to "the issue of fraternization with inmates, including sexual conduct." See documents produced herewith; see also Polk County Jail Policy and Procedure Manual.

**INTERROGATORY NO. 14:** Describe in detail and not in summary fashion any and all policies, procedures, or training that has been given to jailers regarding their duties when assigned to work the "bubble" from September 4, 2003 to present. This includes but is not limited to opening and closing the main entrance doors, exiting the "bubble" when no other jailers are present, and notifying master control when exiting the "bubble" for any reason.

**RESPONSE TO INTERROGATORY NO. 14:**

The County objects to this interrogatory on the grounds it is vague, ambiguous, overly broad and unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The County further objects on the grounds the interrogatory is not reasonably limited in scope as to time. Subject to and without waiving its objections, jailers receive field training which includes the subjects referenced in the interrogatory. See also, Polk County Jail Policy and Procedure Manual and post orders, produced herewith.

**INTERROGATORY NO. 15:** Describe in detail and not in summary fashion any all policies, procedures, or training that has been given to jailers regarding opposite sex supervision from September 4, 2003 to present.

8

**RESPONSE TO INTERROGATORY NO. 15:**

The County objects to this interrogatory on the grounds it is vague, ambiguous, overly broad and unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The County further objects on the grounds the interrogatory is not reasonably limited in scope as to time. Subject to and without waiving its objections, jailers receive field training which includes the subjects referenced in the interrogatory. See also, Polk County Jail Policy and Procedure Manual and post orders, produced herewith.

**INTERROGATORY NO. 16:** Describe in detail and not in summary fashion any and all policies, procedures, or training that has been given to jailers regarding reporting misconduct from other jailers from September 4, 2003 to present.

**RESPONSE TO INTERROGATORY NO. 16:**

The County objects to this interrogatory on the grounds it is vague, ambiguous, overly broad and unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The County further objects on the grounds the interrogatory is not reasonably limited in scope as to time. Subject to and without waiving its objections, jailers receive field training which may include the subjects referenced in the interrogatory. See also, Polk County Jail Policy and Procedure Manual and post orders, produced herewith.

**INTERROGATORY NO. 17:** For every training identified in interrogatory 13, 14, 15, and 16:

   a.   List all jailers who were invited and/or required to attend;
   b.   List of those who attended;
   c.   Written documents provided to jailers as a result of policies, procedures, or trainings identified in interrogatory 13, 14, 15 and 16;
   d.   Indicate which jailers this information was provided to; and

e.   Whether you obtained signatures for each jailer regarding the receipt and/or review of the written document.

**RESPONSE TO INTERROGATORY NO. 17:**

The County objects to this interrogatory on the grounds it is vague, ambiguous, overly broad and unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The County further objects on the grounds the interrogatory is not reasonably limited in scope as to time. Subject to and without waiving its objections, the County responds that all jailers are required to attend training, and sign-up sheets are generally maintained regarding attendance. Written documents may or may not be provided in connection with training, and the County does not maintain records of what training handouts were given and what individuals received them. See documents produced herewith; see also, Polk County Jail Policy and Procedure Manual.

**INTERROGATORY NO. 18:** Describe in detail and not in summary fashion any and all policies, procedures, or training that has been/is given to inmates regarding reporting a jailers fraternization with an inmate, including sexual misconduct from September 4, 2003 to present.

**RESPONSE TO INTERROGATORY NO. 18:**

The County objects to this interrogatory on the grounds it is vague, ambiguous, overly broad and unduly burdensome, and on the grounds the interrogatory is not reasonably limited in scope as to time. Subject to and without waiving its objections, see Inmate Handbook, produced herewith.

**INTERROGATORY NO. 19:** Describe in detail and not in summary fashion the intake procedure when booking an inmate into PCJ, including but not limited to all policies, procedures, assessments, and screenings.

**RESPONSE TO INTERROGATORY NO. 19:**

The County objects to this interrogatory on the grounds it is vague, ambiguous, overly broad and unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The County further objects on the grounds the interrogatory is not reasonably limited in scope as to time. Subject to and without waiving its objections, the procedure for booking an inmate varies based on the inmate involved. See documents produced herewith, including the Polk County Jail Policy and Procedure Manual.

**INTERROGATORY NO. 20:** Describe in detail and not summary fashion any and all policies, procedures, or training of Defendant Polk County's policies and procedures regarding jailers taking inmates to and from courtrooms from September 4, 2003 to present.

**RESPONSE TO INTERROGATORY NO. 20:**

The County objects to this interrogatory on the grounds it is vague, ambiguous, overly broad and unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The County further objects on the grounds the interrogatory is not reasonably limited in scope as to time. Subject to and without waiving its objections, transporting inmates to and from courtrooms would be addressed in field training; see also, Polk County Jail Policy and Procedure Manual.

**INTERROGATORY NO. 21:** Describe in detail and not summary fashion what changes PCJ has made either procedurally or in the jail facilities from October 29, 2014, including but not limited to building modification, installation of security cameras and training of PCJ employees, to ensure that the alleged conduct as described in Plaintiff's Amended Complaint will not happen in the future.

## RESPONSE TO INTERROGATORY NO. 21:

The County objects to this interrogatory on the grounds it is vague, ambiguous, and seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, the County is not presently aware of any changes made to procedures or jail facilities since October 29, 2014 that were intended to specifically ensure that the conduct alleged by the plaintiff will not happen in the future.

**INTERROGATORY NO. 22:** Identify all persons who assisted in the drafting and approval of the Polk County Jail Policy and Procedures Manual; and identify every revision date of the policy from September 4, 2003 to present.

## RESPONSE TO INTERROGATORY NO. 22:

The County objects to this interrogatory on the grounds it is vague, ambiguous, overly broad and unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The County further objects on the grounds the interrogatory is not reasonably limited in scope as to time. Subject to and without waiving its objections, the County had an existing policy manual that was completely revised when the jail moved to its new facility in 2002. Jail Administrator Cynthia Moore and the Sheriff had responsibility to review and approve the policy, and various individuals and committees were initially involved in drafting the new policy. Current Jail Captain Scott Nargis ultimately assumed primary responsibility for drafting the Polk County Jail Policy and Procedure Manual. Reference was made in the drafting to a policy written for Waupaca County with the assistance of a consultant. The policy is reviewed annually by the jail sergeant.

## REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:** All documents identified, referred, to or utilized in any manner in responding to this discovery request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

See documents produced herewith.

**REQUEST FOR PRODUCTION NO. 2:** A copy of Defendant Christensen's complete personnel file including but not limited to, any documents, records, memoranda, notes, or computer printouts which were part of Plaintiffs personnel file at any time except the content protected under HIPPA. This includes all documents which support, evidence, relate or otherwise pertain to Defendant Christensen's employment with you, including, but not limited to, documents relating to or reflecting job performance, employee reviews, awards to Defendant Christensen, complaints and or grievances against Defendant Christensen, or discipline of Defendant Christensen.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

See documents produced herewith.

**REQUEST FOR PRODUCTION NO. 3:** Copies of all documents generated as a result of any training received by Defendant Christensen, including but not limited to training pursuant to PREA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

The County objects to this interrogatory on the grounds it is overly broad and unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The County further objects on the grounds the interrogatory is not reasonably limited in scope as to time. Subject to and without waiving its

objections, the County does not maintain copies of all documents that may have been generated as a result of training received by Christensen; see documents produced herewith.

**REQUEST FOR PRODUCTION NO. 4**: Copies of all documents generated as a consequence of any investigations conducted into Defendant Christensen's conduct and/or violations which resulted in Polk County Case No. 15 CF 159. (These documents may be edited so as to expunge the names of any victims of sexual assault or misconduct.)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

    See documents produced herewith.

**REQUEST FOR PRODUCTION NO. 5**: All documents, recordings, photographs and other materials in the possession of the Polk County Sheriff's Department as a part of the investigation which resulted in Defendant Christensen's current convictions and incarceration in Polk County Case No, 15 CF 159.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

    See documents produced herewith.  The County may be in possession of other documents from the investigation file from the Division of Criminal Investigations, which documents are already in the plaintiff's possession.

**REQUEST FOR PRODUCTION NO. 6**: All documents that are relevant to Plaintiff's complaint or your defenses in this case.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

    See documents produced herewith.

**REQUEST FOR PRODUCTION NO. 7**: Curriculum vitae for all your expert and/or lay witnesses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

The County objects to this request on the grounds it is premature. The County will produce responsive documents as and when required by the Federal Rules of Civil Procedure and the Court's Preliminary Pretrial Conference Order.

**REQUEST FOR PRODUCTION NO. 8:** All exhibits and/or documents you may utilize at trial.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

The County objects to this request on the grounds it is premature. The County will produce responsive documents as and when required by the Federal Rules of Civil Procedure and the Court's Preliminary Pretrial Conference Order.

**REQUEST FOR PRODUCTION NO. 9:** All documents you intend to utilize at trial for impeachment purposes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

The County objects to this request on the grounds it is premature. The County will produce responsive documents as and when required by the Federal Rules of Civil Procedure and the Court's Preliminary Pretrial Conference Order.

**REQUEST FOR PRODUCTION NO. 10:** Any and all documents relating to or evidencing any investigation by you into Plaintiff's complaint of sexual assault by Defendant Christensen, including but not limited to:

a. Written statements of witnesses;
b. Notes of interviews with witnesses;
c. Tape recordings of any and all oral statements and/or interviews of witnesses;
d. Transcriptions of any tape recordings of any and all oral statements and/or interviews of witnesses;
e. Reports regarding the results of any and all investigations;
f. Correspondence received from or sent to Plaintiff;
g. Correspondence received from or sent to Defendant Christensen;

h.  Correspondence received from or sent to any person other than your counsel;
i.  Documents relating to or evidencing discussions between you and Plaintiff;
j.  Documents relating to or evidencing discussions between you and any person other than your counsel; and
k.  Documents received from or sent to any person other than your counsel.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

See documents produced herewith.

**REQUEST FOR PRODUCTION NO. 11:** Any and all floor plans and/or architectural drawings of PCJ since September 4, 2003 to present including a drawing and/or plan which shows each. and every area where the alleged incidences of sexual assault occurred as highlighted in the Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

The County objects to this request on the grounds it is overly broad and unduly burdensome, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The County further objects on the grounds the request is not reasonably limited in scope as to time. Subject to and without waiving its objections, see diagrams of Polk County Jail, produced herewith.

**REQUEST FOR PRODUCTION NO. 12:** Any and all documents relating to any building modifications since September4, 2003 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

The County objects to this request on the grounds it is overly broad and unduly burdensome, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The County further objects on the grounds the request is not reasonably limited in scope as to time.

**REQUEST FOR PRODUCTION NO. 13**: Any and all documents relating to any updates and installation of security cameras since September 4, 2003 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

The County objects to this request on the grounds it is overly broad and unduly burdensome, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The County further objects on the grounds the request is not reasonably limited in scope as to time. Subject to and without waiving its objections, see list of work orders relating to cameras, produced herewith.

**REQUEST FOR PRODUCTION NO. 14**: Any and all documents which support, evidence, relate to, or otherwise reflect any action taken by you in response to Plaintiff's complaint of sexual assault by Defendant Christensen.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

See documents produced herewith.

**REQUEST FOR PRODUCTION NO. 15**: Any and all documents submitted to and/or received from the any Police Department, Sheriff's Department, or Wisconsin Department of Corrections which concern or relate in any way to its investigation concerning Plaintiff's claims against Defendant Christensen.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

None other than the investigative file from the Wisconsin Division of Criminal Investigation, which is already in the plaintiff's possession.

**REQUEST FOR PRODUCTION NO. 16**: Any and all employee handbooks which you gave to Defendant Christensen during his employment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

The County objects to this request on the grounds it is overly broad and unduly burdensome, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The County further objects on the grounds the request is not reasonably limited in scope as to time. Subject to and without waiving its objections, see documents produced herewith, including Christensen's Jail Personnel File and his Sheriff's Department Personnel File.

**REQUEST FOR PRODUCTION NO. 17:** Any and all documents which support, evidence, relate or otherwise pertain to any lawsuits, complaints, charges, or claims made against you (other than those filed by Plaintiff) during the time Defendant Christensen was employed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

The County objects to this request on the grounds it is overly broad and unduly burdensome, and seeks documents that are protected from discovery by the attorney-client privilege and work product doctrine, and which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The County further objects on the grounds the request is not reasonably limited in scope as to time. Subject to and without waiving its objections, see documents produced herewith.

**REQUEST FOR PRODUCTION NO. 18:** Any and all documents which reflect or set forth Defendant Christensen's job duties and responsibilities during his employment with you.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

The County objects to this request on the grounds it is vague, ambiguous, overly broad and unduly burdensome, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The County further objects on the grounds the

request is not reasonably limited in scope as to time. Subject to and without waiving its objections: see documents produced herewith, including job descriptions and post orders.

**REQUEST FOR PRODUCTION NO. 19:** Copies of all customs, policies, and procedures that have been in place from September 4, 2003 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

The County objects to this request on the grounds it is vague, ambiguous, overly broad and unduly burdensome, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The County further objects on the grounds the request is not reasonably limited in scope as to time. Subject to and without waiving its objections: see documents produced herewith, including copies of the Polk County Jail Policy and Procedure Manuals for the years 2010 through 2015 (note: there was no annual revision for 2013).

**REQUEST FOR PRODUCTION NO. 20:** Provide all training materials from the February 20, 2014 training on the Prison Rape Elimination Act.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

The County objects to this request on the grounds it is vague and ambiguous with respect to the term "training materials." Assuming "training materials" refers to written material shown or provided at the reference training session, and subject to and without waiving its objections: see documents produced herewith.

**REQUEST FOR PRODUCTION NO. 21:** Provide all training materials from the February 20, 2014 training on the Prison Rape Elimination Act that were provided to Defendant Christensen including his signature of receipt and/or review if any.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

   None.

**REQUEST FOR PRODUCTION NO. 22:** For all individuals who had supervisory authority over Defendant Christensen, provide any and all documentation regarding of their job duties.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

   The County objects to this request on the grounds it is vague, ambiguous, overly broad and unduly burdensome, particularly with respect to the phrase "all documentation regarding their job duties." The County further objects on the grounds the request is not reasonably limited in scope as to time. Subject to and without waiving its objections: See job descriptions for Jail Captain and jail sergeants.

**REQUEST FOR PRODUCTION NO. 23:** Provide any and all documentation regarding any allegation and/or investigation, including but not limited to violations of PREA, from September 4, 2003 to the present of PCJ staff having improper sexual contact with inmates and/or making improper sexual comments to inmates, including but not limited to Alan Jorgenson.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

   The County objects to this request on the grounds it is overly broad and unduly burdensome, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The County further objects on the grounds the request is not reasonably limited in scope as to time. Subject to and without waiving its objections: see documents produced herewith.

**REQUEST FOR PRODUCTION NO. 24:** Provide any and all documentation regarding the installation, maintenance, or removal of cameras in the PCJ since September 4, 2003.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

The County objects to this request on the grounds it is overly broad and unduly burdensome, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The County further objects on the grounds the request is not reasonably limited in scope as to time. Subject to and without waiving its objections: see documents produced herewith, including work orders relating to cameras.

**REQUEST FOR PRODUCTION NO. 25:** Provide any and all documentation regarding any policies and procedures pertaining to fraternization with inmates given to PCJ staff since September 4, 2003.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

The County objects to this request on the grounds the request is not reasonably limited in scope as to time. Subject to and without waiving its objections: see documents produced herewith.

**REQUEST FOR PRODUCTION NO. 26:** Provide any and all documentation given to inmates regarding PREA from September 4, 2003 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

The County objects to this request on the grounds the request is not reasonably limited in scope as to time. Subject to and without waiving its objections: see documents produced herewith.

**REQUEST FOR PRODUCTION NO. 27:** Provide any and all documentation displayed within the jail regarding PREA including but not limit to posters, fliers, etc. from September 4, 2003 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

The County objects to this request on the grounds the request is vague, ambiguous, and not reasonably limited in scope as to time. Subject to and without waiving its objections: the jail did not hang documents related to PREA on the walls of the jail. See documents produced herewith.

**REQUEST FOR PRODUCTION NO. 28:** Provide any and all documentation regarding any policies and procedures pertaining to working in the "bubble" given to PCJ staff since September 4, 2003.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

The County objects to this request on the grounds the request is not reasonably limited in scope as to time. Subject to and without waiving its objections: see documents produced herewith.

**REQUEST FOR PRODUCTION NO. 29:** Provide any and all documentation regarding any policies and procedures pertaining to taking inmates to and from courtrooms given to PCJ staff since September 4, 2003.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

The County objects to this request on the grounds the request is not reasonably limited in scope as to time. Subject to and without waiving its objections: see documents produced herewith.

**REQUEST FOR PRODUCTION NO. 30:** Provide any and all documentation regarding any policies and procedures pertaining to supervision of opposite sex inmates given to PCJ staff since September 4, 2003.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

The County objects to this request on the grounds the request is not reasonably limited in scope as to time. Subject to and without waiving its objections: see documents produced herewith.

**REQUEST FOR PRODUCTION NO. 31:** Provide any and all documentation regarding any policies and procedures pertaining to reporting misconduct from other jailers given to PCJ staff since September 4, 2003.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

The County objects to this request on the grounds the request is not reasonably limited in scope as to time. Subject to and without waiving its objections: see documents produced herewith.

**REQUEST FOR PRODUCTION NO. 32:** Provide copies of the Polk County Jail Policy and Manual Procedures and revisions since September 4, 2003. This includes but is not limited to drafts, memorandums or notes created in relation to compliance with PREA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

The County objects to this request on the grounds it is overly broad and unduly burdensome, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The County further objects on the grounds the request is not reasonably limited in scope as to time. Subject to and without waiving its objections: produced herewith are copies of the Polk County Jail Policy and Procedure Manual from 2010 through 2015.

**REQUEST FOR PRODUCTION NO. 33**: Provide copies of any and all The Survey of Sexual Victimization, formally known. as The Survey of Sexual Violence data for PCJ from September 4, 2003 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33**:

The County objects to this request on the grounds it is overly broad and unduly burdensome, and seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections: none.

**REQUEST FOR PRODUCTION NO. 34**: Provide a complete copy of all policy, procedures, assessment, and screenings used when booking an inmate into PCJ.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34**:

The County objects to this request on the grounds it is overly broad and unduly burdensome, and on the grounds the request is not reasonably limited in scope as to time. Subject to and without waiving its objections: see documents produced herewith.

**REQUEST FOR PRODUCTION NO. 35**: Provide a complete copy of Plaintiffs file regarding her incarcerations at PCJ, including but not limited to all Booking Cards, Inmate Screenings, Inmate Screening Supplements, Inmate Classification Assessments, Inmate Notices, Incident Reports, Inventory Reports, Grievance Forms, General Request Forms, and Polk County Jail Programs Participation Contracts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35**:

See documents produced herewith.

Dated this 12th day of May, 2016.

WHYTE HIRSCHBOECK DUDEK S.C.

Paul D. Cranley
P.O. Box 1379
Madison, Wisconsin 53701-1379
Telephone:  608-255-4440
Fax:  608-258-7138
pcranley@whdlaw.com

Charles H. Bohl
Andrew A. Jones
555 East Wells Street, Suite 1900
Milwaukee, Wisconsin 53202-3819
414-273-2100
414-223-5000 (fax)
cbohl@whdlaw.com
ajones@whdlaw.com

Attorneys for Polk County Sheriff's Department

WHD\12592716.1

25