# EXHIBIT A

Polk County Jail  
Policy and Procedures Manual

I.    Inmate Rights, Rules, and Discipline

| I-400  INMATE DISCIPLINE |
|---|

**Wisconsin Jail Standards: DOC 350.24**
**Wisconsin State Statutes: 302.40, 302.43, 303.08(2)**

**Effective Date:** ____Feb 3, 2003        **Revision Date:** __5/16/03, 3/29/04, 3/12/05,
                                                                                                       1/22/11, 2/9/13

**I.    POLICY**

It is the policy of the Polk County Jail to provide rules of conduct, sanctions, and procedures for violations defined in writing and communicated to all inmates and staff. In order to regulate behavior and provide adequate protection to the staff, the public, and the inmate population, formal disciplinary procedures will be implemented in a manner consistent with applicable legal requirements and facility rules and regulations.

**II.    GENERAL INFORMATION**

1. Jail rules will be issued to all inmates.
2. The rules and inmate disciplinary procedures will be explained to all inmates during orientation.
3. The purpose of disciplinary action is to make certain all facility rules and regulations are followed; to maintain security in the facility; and make inmates accountable for their behavior.
4. Disciplinary actions will be taken at such times and in such a degree as necessary to regulate an inmate's behavior in acceptable limits.
5. Avoid public censure of an inmate. If reprimand is necessary, and if practical or possible, give it in private rather than in the presence of other inmates.
6. Always take an impersonal approach. Try not to interpret an inmate's behavior as personally directed, even though it may be.
7. Never threaten punishment. An infraction should result in either a warning, on-the-spot correction, immediate informal discipline for the infraction, or a formal report to institute a formal disciplinary hearing.
    a. The threat of punishment is counter-productive.
    b. If informal discipline is called for, it should be administered immediately; if formal discipline is called for, then the officer has no control over the punishment anyway.
    c. In general, it is best to give inmates choices, making clear that they can and should choose whether to act appropriately, or to continue behaving in a way that may get them into further trouble.
8. Use punishment as sparingly as possible. If punishment is used excessively, it loses its effectiveness. The major goal of discipline, after all, is to teach inmates correct behavior.
9. When punishment is necessary, administer it fairly and impartially. Never display favoritism toward a particular inmate(s).
10. Never accept any gift, gratuity, or dealing in property on behalf of an inmate.

III. DEFINITIONS
1. <u>Minor Violations</u> – those acts which do not constitute a present and immediate threat to the security of the facility, its staff, the inmates, visitors or the inmate who committed the violation.  These violations are punishable by sanctions such as verbal or written reprimand, restriction of privileges for 24 hours or less, or disciplinary segregation for 24 hours or less.  Classification may be reviewed.
2. <u>Major Violations</u> – those violations that have a serious impact upon the security and/or order of the facility, involving the personal safety of staff and inmates, and which pose a severe threat to the integrity of the Jail.  A major penalty is restriction of privileges for more than 24 hours, placement in disciplinary segregation for more than 24 hours, loss of good time, or restrictions affecting Huber  Classification may be reviewed.
3. <u>Disciplinary Segregation</u> – special management bed assignment that separates an inmate from the general population for a specific period of time.  This will be used for inmates who are: a) charged with violation of Inmate Rules and Regulations, b) awaiting a disciplinary hearing, and c) considered to be a threat to staff, inmates or property.
4. <u>Administrative Segregation</u> – special management bed assignment that separates the inmate from the general population when the continued presence of the inmate in the general population would pose a serious threat to life, staff, property, self, other inmates, or the security of the facility.
5. <u>Disciplinary Hearing</u> – a non-judicial administrative procedure to determine if substantial evidence exists to find an inmate guilty of an institutional rule violation.  No hearing will be administered for minor violations.
6. <u>Reporting Officer</u> – any staff member or contracted employee who observes, or receives, reliable information indicating a violation of Inmate Rules and Regulations, who subsequently files a written report.
7. <u>Hearing Board</u> – oversees hearings regarding violations of the Inmate Rules and Regulations.  Made up of impartial panel (no less than 3) of staff  or other department personnel, having no direct relation to the incident, that is the sole fact finding body that decides the guilt or innocence of the accused inmate.
8. <u>Fundamental Rights</u> – rights which may not be suspended for classification reasons and which are to be guaranteed to all inmates except in times of emergencies such as riot, fire, severe weather, or other conditions beyond the control of the Sheriff:
    a. Attorney visits
    b. Clergy visits
    c. Phone calls to attorney or clergy
    d. Adequate food (nutritional diet)
    e. Adequate light, ventilation, temperature and sanitation
    f. Medical care
9. <u>Qualified Rights</u> – rights which are enjoyed by inmates in the general population but **which may be suspended** for disciplinary or classification reasons, as well as in times of emergencies:
    a. Visits per week with family

261

    b. Hours of exercise per week
    c. Clothing, bedding, access to shower
    d. Access to personal property
  10. <u>Privilege</u> – a conditional benefit given to inmates, which may be suspended or eliminated at the discretion of facility management.
  11. <u>Inmate Conduct Report</u> – a report, prepared by a corrections officer, which indicated a violation allegedly committed by an inmate.  The report will also indicate the punishment recommended.  The inmate will complete the bottom portion of the report, indicating whether or not he/she wishes to have a disciplinary hearing.
  12. <u>Revocation of Huber Privileges and Deprivation of Good Time Requests</u> - submitted to Shift Supervisor, who in turn will submit a letter to the district attorney for the matter to be heard by the appropriate judge.

## IV. PROCEDURES
  1. <u>Major Rule</u> Violations
    a. <u>Repeated or Habitual Violation of Minor Rules</u> – inmates who have been found guilty of any three or more minor rule infractions, either separately or in a single incident.
    b. <u>Tampering with Security or Safety Equipment</u> – destroying, disabling, tampering, misusing or blocking of locking devices, cameras, control panels, intercoms, cell doors, lights, Self-Contained Breathing Apparatuses (SCBA), fire extinguishers, Sprinklers, and other security or safety equipment.
    c. <u>Misuse of Jail Property</u> – use of jail property for any purpose other than that for which it was intended, misuse of equipment, games, books, etc.
    d. <u>Vandalism</u> – the destruction, damage, alteration or defacement of jail property, or the personal property of another inmate.
    e. <u>Use of Obscene Language</u> – use of offensive or vulgar communication, sign, symbol, gesture, or language, by an inmate, including insolence, insults, or other abusive comments/behavior directed toward any staff member.
    f. <u>Attempting to Commit Aiding and/or Abetting</u> – encouraging another, or conspiring with another, to commit any act classified as a major violation.  The reporting officer will specify the nature of the Major Violation when writing this charge.
    g. <u>Manufacture/possession of Intoxicants or Contraband Drugs</u> - drug trafficking, manufacture, possession, or under the influence of drugs or other intoxicants.  Includes unauthorized prescription drugs, excess amounts of authorized prescription or over-the-counter medications, illegal substances, and alcohol.  Any inmate who tests positive for drugs or alcohol will be charged under this provision.
    h. <u>Lying to Staff</u> – deceiving, lying or giving false statements to any staff member (i.e. inmates who falsely identify themselves, purposely hide facts, provide false testimony or accusations, etc).
    i. <u>Possession or Smuggling of Contraband</u> – any item which is not approved by the jail administration, approved items in excess of what is allowed, or any approved item which has been altered,

    defaced, or is being used for anything other than its intended purpose.  Smoking or possession of a cigarette, cigar, pipe, tobacco products, rolling papers, incense, or other smoking materials.  Possession of a lighting device (i.e. cigarette lighter, match) or other implement used to start a fire.  Giving or receiving any unauthorized item to another.

j. <u>Escape</u> – the unauthorized departure of an inmate from custody.  Any act or plan which might allow an escape, or the opportunity to escape.  Escape also includes absconding from work release, work search, or any other release under the Huber law.

k. <u>Assault on Staff or any Person</u> – assaulting a staff member, facility visitor, or another inmate.  Physical attacks, unwanted touching, or putting an object or substance in motion towards any staff member, facility visitor, or another inmate, to include spitting, urinating, or otherwise projecting bodily fluids or substances towards another person.

l. <u>Sexual Assault</u> – forcing or coercing any person to perform sexual acts by threats or violence.  Forcing another inmate to engage in sexual intercourse, sodomy, etc.  Making forcible sexual advances toward another.  Consensual sexual acts are prohibited.

m. <u>Arson</u> – setting a fire, whether intentional or accidental.

n. <u>Abduction</u> – seizing or holding hostages, or in any manner unlawfully detaining any person against their will.

o. <u>Rioting/Disorderly Conduct</u> – inciting to riot, rioting, or otherwise participating in a mutinous disturbance.  Willful defiance of lawful orders by two (2) or more inmates (i.e. refusing to lock-down by two or more inmates).  This would include fighting between inmates.  Conveying any inflammatory or mutinous communication by voice, writing, sign, symbol, or gesture.  Participation in a work stoppage.  Includes disorderly conduct and fighting – engaging in a physical altercation with another inmate beyond what is reasonable for self-defense.  Resisting restraint – any form or resisting a staff member that is attempting to restrain or apply restraint devices to an inmate.

p. <u>Disobeying a Direct Order</u> – willfully and knowingly refusing to follow the orders, instructions, or directives of staff members to include posted orders and written rules and regulations.  Challenging a lawful order given by a staff member or failing to carry out an order when issued.

q. <u>Extortion</u> – demanding or receiving anything of value through coercion or threats (directed or implied).

r. <u>Indecent Exposure</u> – exposure of sexual organs to another person in a location or manner where such exposure serves no legitimate purpose.

s. <u>Interfering with Security Operations</u> – delaying, hindering or interfering with a staff member in the performance of his/her duties.  Interfering with security procedures, i.e. security checks, searches, emergency procedures, emergency drills, etc.

t. <u>Interfering with Inmate Count</u>.

u. <u>Misuse of Medication</u>.

263

      v.    <u>Possession of a Weapon</u> – possession or control of any article which could be considered a weapon, or perceived as a weapon. Possession of a sharpened instrument, explosive, or a facsimile of a weapon.

      w.    <u>Using or Possessing Unauthorized Equipment or Tools</u>.

      x.    <u>Arrest for Charges Incurred During Incarceration</u>.

      y.    <u>Use of Alcohol or Non-Prescribed, Illicit Drugs During Period of Incarceration.</u>

      z.    <u>Refusal</u> – refusal to provide blood, DNA, urine or breath samples. Inmates must provide these samples upon lawful order by staff (breath or urine), or directive from the courts (blood or DNA).

      aa.    <u>Bribery of a Staff Member</u> – offering or giving a gratuity to a staff member in exchange for material gain, privileges, or favors.

      ab.    <u>Theft/Stealing</u> – obtaining anything of value by false pretense, or the taking of an object which does not belong to that inmate. Includes Possession of Stolen Property.

      ac.    <u>Tattooing</u> – applying or receiving tattoos, brands, or other permanent marking on one's body. Possession of tattooing instruments.

2. <u>Minor Rule Violations</u>
    a. <u>Excessive Noise</u> – loud talking, singing, whistling, etc.
    b. <u>Disruptive Behavior</u> – an act which interferes with routine facility operations, or causes excessive distraction.
    c. <u>Failure to Maintain Personal Hygiene</u> or failure to shower at least three times per week.
    d. Failure to keep clothing, bedding and cell area as clean as possible.
    e. Failure to keep pod dayroom and shower area as clean as possible.
    f. Accumulation of trash or perishable food items.
    g. <u>Violation of Dress Code</u> – failure to comply with posted rules regarding the wearing of jail issued clothing. Alteration of jail issued clothing. Failure to be fully dressed when outside of individual cell.
    h. <u>Littering</u> – within or outside the facility.
    i. Posting any item on the walls, lights, or other facility fixtures.
    j. Loitering or standing on the mezzanine level walkway.
    k. Loitering or standing behind the dayroom stairwells.
    l. Loitering or sitting on stairs.
    m. <u>Hoarding</u> – possession of excess jail issued items (clothing, bedding, reading material, commissary purchases, personal items, etc.).
    n. Unauthorized use of the telephone.
    o. <u>Encroachment</u> – being in an unauthorized or restricted area; unauthorized absence from place of assignment (i.e. school area, program area, etc.), lingering or failing to move when ordered.
    p. Bringing mattresses, bedding and other items that should remain in an inmate's individual cell, into the dayroom area.
    q. <u>Unauthorized Communication</u> – passing of a note, or contact with another person, without authorization.
    r. <u>Gambling</u> – possession of gambling equipment or paraphernalia, or operating a gambling pool. Gambling equipment includes any

     item altered for use as "poker chips", such as playing cards cut in half.
   s. <u>Monopolizing General Use of Recreation Equipment</u> – placing any furniture, equipment, games, or cards intended for the use of the pod unit population, into an individual cell.  Using intimidation or other tactics to keep other inmates from using authorized equipment, such as telephone, television, etc.  Monopolizing equipment in the multi-purpose/exercise rooms.
   t. <u>Any THREE minor rule violations may equal a major violation.</u>
 3. <u>Procedure for Major Rule Violations</u>
   a. Penalties for Major Rule Violations will be limited to the following:
     i. Confinement to disciplinary segregation for a period greater than 24 hours.
     ii. Loss of one or more privileges for up to thirty (30) days, (e.g. television, recreation, visitation, etc.).
     iii. Commissary – inmates will only be allowed to purchase hygiene items and writing materials.
     iv. Restitution for damages.
     v. Write-up for reclassification and change in housing assignment.
     vi. Program suspension or removal from programs.
     vii. Loss of good time.
     viii. Request to court for revocation of Huber release privileges.
     ix. Any combinations of the above sanctions.
   b. Employer will be notified when work schedules are affected due to discipline (Huber inmates).
   c. An officer who observes an inmate committing major violations will submit an Incident Report to his/her supervisor within 24 hours of the incident.  The report shall include:
     i. A formal statement of the charge(s), including the specific rule(s) violated.
     ii. A detailed description of the facts concerning the incident, including the date and time occurred.
     iii. Any unusual inmate behavior.
     iv. The disposition of any physical evidence.
     v. Any immediate action taken, including Use of Force.
     vi. The staff member's signature, and the time and date of the report.
     vii. Information will be further forwarded to the Jail Administrator for final determination on request for prosecution.
   d. The officer shall distribute copies of the Incident Report, as necessary, to:
     i. The inmate's file
     ii. The Shift Supervisor
     iii. Pod Control report board
     iv. Jail Sergeants
     v. Probation and Parole agent (if on probation)
     vi. Huber Officer (if affecting work release)

   e. The inmate shall be notified of the charge(s), and of his or her right to a hearing. This will be done using the Inmate Conduct Report form, copies of which shall accompany the Incident Report. An inmate may waive the right to a due process hearing, in writing, at any time.
   f. If the inmate waives the right to a due process hearing, the violation shall be disposed of in accordance with the procedures for minor violations, except that a major penalty may be imposed if the relevant staff member finds a violation occurred. A waiver does not constitute an admission of guilt.
   g. An impartial hearing board shall conduct the due process hearing. A person who may review an appeal, or who has personally observed the violation, been a part of, or investigated the incident, may not be involved in the hearing.
   h. The inmate has the right to be present at the hearing, to make a statement, and to present relevant evidence. If the inmate refuses to attend the hearing, or disrupts the hearing, the hearing may be conducted without the inmate being present, which will be documented.
   i. The hearing board may hear the testimony of a witness outside the presence of the accused inmate if there is a significant risk of bodily harm to the witness in testifying in front of the accused inmate. The reason for the accused inmate's absence shall be documented.
   j. The inmate has the right to present any relevant witness whose testimony is no cumulative of other evidence, unless the safety of other witnesses or the security of the jail would be threatened if that witness testified. The reasons for the absence of the witnesses shall be documented.
   k. If the inmate is illiterate, or the issues are complex, the inmate has right to a staff advocate or adequate substitute aid to assist him/her in understanding the charges and preparing a defense.
   l. The hearing board shall issue a written decision, which shall state the punishment to be administered. The inmate shall receive a written copy of the decision before punishment is administered.
   m. The inmate shall be notified of his/her right to appeal the hearing board's decision, and of the jail's procedure for making an appeal.
   n. Information on the incident, the punishment administered, and the hearing board's decision shall be made part of the inmate's file and shall be entered into the daily jail log. If the hearing board, or the reviewer, finds that no violation occurred, the record of the incident shall be removed from the inmate's file.
  4. Procedures for Minor Rule Violations
   a. An officer witnessing or gaining knowledge of an incident involving minor violations of minor jail rules may immediately discipline the offending inmate by:
    i. Verbal warning
    ii. Temporarily restricting that inmate's privileges (e.g., television, commissary, etc).
    iii. Placing the inmate in disciplinary segregation for 24 hours,

266

      or in cell, depending on officer's assessment of the nature and seriousness of the offense.
    iv. Restitution for damages.
    v. In no case is the disciplinary action to exceed 24 hours.
    vi. Write-up for re-classification and change of housing assignment.
  b. The officer shall give the inmate an opportunity to make a verbal statement about the alleged violation to the officer.
  c. The officer completing a report shall place the inmate in their cell, or in disciplinary segregation, or in a cell in the Intake area, if segregation is to occur.
  d. Officers will be sure that segregated inmates receive their meals on time, as well as proper medications and other forms of medical treatment.  Officers will also be sure that segregated inmates are not restricted in any way as to correspondence or access to clergy or attorney.
  e. The officer will remove the inmate from segregation at the appropriate time.
  f. The officer may, for any reason, request that an inmate be removed from disciplinary segregation by asking the shift supervisor to review the case for reclassification.
  g. The officer involved will document the incident in the Jail Management System (JMS), including the nature of the offense and action taken
  h. The officer will prepare an incident report, which must indicate that the action taken is informal discipline.
  i. Copies of the report will be distributed, as necessary, to:
    i. The inmate's file
    ii. Shift Supervisor
    iii. Jail Sergeants
    iv. Probation and Parole agent (if on probation)
    v. Huber Officer (if involving a work release inmate)
  j. The shift supervisor shall review the incident and penalty administered and handle as in IV-3-n above.  If a conclusion is reached that the violation constitutes a major violation, the matter may be handled as a Major Violation.
  k. The inmate may appeal the supervisor's decision, if the violation is changed from Minor to Major, by filling out a grievance form.  See Policy and Procedures I-200, Inmate Grievances.