UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

J.K.J.,

        Plaintiff,

   v.                                                                   Case No. 15 CV 428

WISCONSIN COUNTY MUTUAL
INSURANCE CORPORATION,

        Intervenor Plaintiff,

   v.

POLK COUNTY SHERIFF'S DEPARTMENT,
DARRYL L. CHRISTENSEN,

        Defendants.

---

M.J.J.,

        Plaintiff,

   v.                                                                   Case No. 15 CV 433

WISCONSIN COUNTY MUTUAL
INSURANCE CORPORATION,

        Intervenor Plaintiff,

   v.

POLK COUNTY SHERIFF'S DEPARTMENT,
DARRYL L. CHRISTENSEN,

        Defendants.

---

**DARRYL L. CHRISTENSEN'S RESPONSE TO POLK COUNTY SHERIFF'S DEPARTMENT'S MOTION TO CONSOLIDATE TRIALS**

Darryl Christensen submits this response to Polk County Sheriff's Department's Motion to Consolidate Trials (Doc. No. 101).

Consolidation of cases to determine common factual questions does not merge the suits or change the rights of the parties. *King v. Gen. Elec. Co.*, 960 F.2d 617, 628 (7th Cir. 1992). Federal Rule of Civil Procedure 42(b) recognizes countervailing considerations to judicial economy. It provides for separate trials where the efficiency of a consolidated trial is outweighed by its potential prejudice to the litigants. *See* FRCP 42(b); *Cordova v. Frank*, No. 07-C-172-C, 2008 WL 4238659, at *2 (W.D. Wis., 2008).

Mindful of the efficiency that would be fostered through the consolidation of trials in the above captioned cases, Defendant Christensen does not object to the County's Motion so long as jurors hearing the consolidated trial are instructed that the cases being tried must be considered independent of one another. Such instruction is proper under the circumstances to limit the potential prejudice that might otherwise arise. *See Houskins v. Sheahan*, 549 F.3d 480, 496 (7th Cir. 2008). Similarly, Defendant Christensen requests that jurors are instructed pursuant to Federal Rule of Evidence 403 to disregard cumulative evidence to the extent that its probative value would be outweighed by the danger of unfair prejudice to Defendant Christensen. Such evidence would be "propensity by another name," and "propensity is a forbidden basis for admitting evidence." *See Kunz v. DeFelice*, 538 F.3d 667, 674 (7th Cir. 2008), citing FRE 404(b).

## CONCLUSION

Subject to the requests set forth herein, Defendant Christensen does not oppose Polk County Sheriff's Department's Motion to Consolidate Trials.

Dated this 21st day of November, 2016.

                              BY:   s/ Sara C. Mills
                                     SAMUEL C. HALL, JR.
                                       State Bar No.: 1045476
                                       SARA C. MILLS
                                       State Bar No. 1029470
                                     Attorneys for Defendant, Darryl L. Christensen
                                     CRIVELLO CARLSON, S.C.
                                     710 N. Plankinton Avenue, Suite 500
                                     Milwaukee, Wisconsin 53203
                                     (414) 271-7722 - Phone
                                     (414) 271-4438 – Fax
                                     E-mail: shall@crivellocarlson.com
                                                      smills@crivellocarlson.com