IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

J.K.J.,

       Plaintiff,                                                    Civil Action No. 15-cv-428-wmc

v.

POLK COUNTY AND
DARRYL L. CHRISTENSEN,

       Defendants,

and

WISCONSIN COUNTY MUTUAL INSURANCE
CORPORATION,

       Intervenor.

M.J.J.,

       Plaintiff,                                                    Civil Action No. 15-cv-433-wmc

v.

POLK COUNTY AND
DARRYL L. CHRISTENSEN,

       Defendants,

and

WISCONSIN COUNTY MUTUAL INSURANCE
CORPORATION,

       Intervenor.

**RESPONSE TO MOTION TO CONSOLIDATE TRIALS AND
MOTION FOR BIFURCATION**

**NOW COMES** Plaintiffs J.K.J. and M.J.J. in response to Defendant Polk County's

Motion to Consolidate trials pursuant to Fed. R. Civ. P. 42. Plaintiffs also move the Court to

bifurcate the damage and liability portions in Case Nos. 15-CV-428 and 15-CV-433.

Plaintiffs do not oppose consolidation of Case Nos. 15-CV-428 and 15 CV-433 pursuant to Defendant Polk County's Motion filed November 14, 2016 and leave that matter up to the Court's discretion.

Plaintiffs move to bifurcate the damages and liability portions of their trial(s) pursuant to Fed. R. Civ. P. 42(b) which indicates "…to expedite and economize, the court may order a separate trial on one or more separate issues." Separate trials on liability and relief are the most common application of Rule 42(b). *Robinson v. Sheriff of Cook Cty.,* 167 F.3d 1155, 1157 (7th Cir. 1999).Whether to separate issues of liability and damages in a civil case is reserved to the discretion of the trial court. *Davis v. Freels*, 583 F.2d 337, 343 (7th Cir. 1978) (citing *In re Master Key Antitrust Litigation*, 528 F.2d 5, 14 (2d Cir. 1975)).

Bifurcation is appropriate as it would expedite, economize, and promote judicial efficiency. If no liability is ultimately found on the part of the defendants, then the issue of damages will be moot and the expense, time, and effort associated with trying the issue of damages will not be incurred.

Plaintiffs certify that they will not file a brief to support their motion to Bifurcate other than a reply brief if the motion is so opposed.

**ECKBERG LAMMERS, P.C.**

Dated: November 21, 2016   By: s/Lida M. Bannink
Thomas J. Weidner (1082013)
Lida M. Bannink (1088518)
Attorneys for Plaintiffs
430 Second Street
(715) 386-3733
tweidner@eckberglammers.com
lbannink@eckberglammers.com