UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

J.K.J.,

   Plaintiff,

v.

POLK COUNTY and DARRYL L. CHRISTENSEN,

   Defendants,

 and

WISCONSIN COUNTY MUTUAL
INSURANCE CORPORATION,

   Intervenor.

Case No. 15-CV-428

---

M.J.J.,

   Plaintiff,

vs.

POLK COUNTY and DARRYL L. CHRISTENSEN,

   Defendants,

 and

WISCONSIN COUNTY MUTUAL
INSURANCE CORPORATION,

   Intervenor.

Case No. 15-CV-433

---

**POLK COUNTY'S MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFFS'
PROPOSED JURY INSTRUCTIONS AND SPECIAL VERDICT FORM**

---

  Pursuant to the Court's Preliminary Pretrial Conference Order and Procedures Governing Final Pretrial Conference, Defendant, Polk County (the "County") submits this memorandum of law in response to the proposed jury instructions and special verdict form filed by plaintiffs. The

County objects to all of the plaintiffs' jury instructions and their proposed verdict form. First, the procedural instructions submitted by the plaintiffs are contrary to the Court's standing order and are inconsistent with the Court's instructions. Second, the plaintiffs' substantive instructions are duplicative of each other, repeatedly misstate the law, and confuse the issues for the jury. The plaintiffs' proposed verdict form suffers from the same errors of law. Accordingly, Polk County requests that the Court reject all of the plaintiffs' proposed jury instructions and its proposed verdict form. The County further offers the following specific responses to certain of the plaintiffs' instructions.

## ARGUMENT

### I. PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 14.

Plaintiffs' instruction no. 14 submits to the jury that the defendant is liable for all harm caused to the plaintiff even if the "plaintiff had a pre-existing condition that made it more likely that she or he would be hurt or would be hurt more than a normal victim." There is ample evidence in this case that the plaintiffs each had extensive psychological and emotional issues before experiencing any abuse by Christensen. However, there is no evidence that either of the plaintiffs had a condition that predisposed them to suffer damage where others would not, or to suffer more damage than an average person would under the circumstances.

### II. PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 15.

Plaintiffs' proposed jury instruction no. 15 purports to summarize their claims against the defendants. The instruction is an incorrect statement of what the plaintiffs are required to plead to prove to maintain a *Monell* claim based on a persistent and widespread custom or practice that created a known or obvious risk the plaintiffs' constitutional rights would be violated. Paragraphs 2 through 6 of the plaintiffs' proposed instructions, at a minimum, should be rejected.

Furthermore, plaintiffs' state law claims against the County for negligent supervision and training are also duplicative. Paragraphs seven and eight of plaintiffs' proposed instruction should be combined to read only as: "Third, Plaintiff alleges that Defendant Polk County negligently supervised and trained its staff, which resulted in Defendant Christensen sexually assaulting her."

### III. PLAINTIFFS' PROPOSED JURY INSTRUCTION NOS. 19 & 20.

Plaintiffs' proposed instruction no. 19, as to the elements and burden of proof on the individual capacity claims against Defendant Christensen, is confusing. Plaintiffs state that the jury could find that Christensen violated plaintiffs Fourteenth Amendment right to due process or their Eighth Amendment right to be free from cruel and unusual punishment.

However, such an instruction could confuse the jury as to which amendment plaintiffs are proceeding against the County on. As plaintiffs themselves admitted in their summary judgment briefing:

> Polk County is correct in that the Plaintiffs' Complaints indicate that they were deprived of their Eighth Amendment right to be free from cruel and unusual punishment as convicted prisoners, and their Fourteenth Amendment right to due process as pretrial detainees. Because the sexual conduct spanned many years, Plaintiffs were convicted inmates and pretrial detainees at the time of various incidents. Polk County is also correct when it indicates that *proceeding under an Eighth Amendment Analysis or a Fourteenth Amendment analysis is a distinction without a difference as courts have indicated that the standards are the same under both amendments*. *Weiss v. Cooley*, 230 F. 3d 1027, 1032 (7th Cir. 2000); *see also Mayoral v. Sheahan*, 245 F.3d 934, 938 (7th Cir. 2001).

(Pls.' Br. In Opp'n to Polk Cnty.'s Mot. Summ. J. at 5-6, ECF No. 81 (emphasis added).)

Therefore, in order to minimize jury confusion, all references to the Fourteenth Amendment in plaintiffs' proposed jury instruction no. 19 should be eliminated. Furthermore, for the same reason, plaintiffs' proposed jury instruction no. 20 should be eliminated.

**IV.     PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 21.**

The last sentence in plaintiffs' proposed jury instruction no. 21 contains an apparent typographical error in referring to the County.  It should read, "Deliberate indifference can be shown by circumstantial evidence and does not require that *Defendant Christensen* intended to deprive Plaintiff of her constitutional rights."

**V.      PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 22.**

Plaintiffs' proposed jury instruction no. 22 should be deleted in its entirety.  None of the plaintiffs' three amended complaints ever asserted a failure to protect claim against the County. Plaintiffs also never asserted or argued a failure to protect claim in their summary judgment brief.  Finally, this Court's summary judgment decision did not recognize plaintiffs as asserting a failure to protect claim.  Plaintiffs should not be allowed to amend their complaints at this stage.

**VI.     PLAINTIFFS' PROPOSED JURY INSTRUCTION NOS. 23, 24, & 25.**

   **A.      Plaintiffs' Instructions are Cumulative and Confusing.**

Plaintiffs offer three instructions to the jury on the County's alleged failure to train:  a failure to train Christensen, a failure to train other jailers, and a failure to train inmates. Essentially, plaintiffs seek to ask the jury three times if the County implemented an official policy—either a rule or regulation, or a custom on the part of the County—that was the cause of injury to plaintiffs.  Plaintiffs continue to assert a "hodgepodge" of claims against the County, as illustrated by these three proposed instructions.  Moreover, as to plaintiffs' claim of a failure to train inmates, as explained by the County in its summary judgment briefing (ECF No. 57 at 17-18), there is no basis for a separate failure to train inmates claim, let alone a separate instruction.

Accordingly, this Court should give the County's jury instructions defining "deliberately indifferent," liability of municipality, defining official policy, and elements of failure to train and

4

failure to supervise, which properly and simply instructs the jury on plaintiffs' claims against the County. In turn, this Court should reject plaintiffs' proposed jury instructions nos. 23, 24, & 25.

### B. Scott Nargis is Not a Policymaker for the County.

As set forth in the County's response to Plaintiffs' General Motion *in Limine* No. 3, Captain Nargis has not been found to be the County's policymaker. This instruction is, therefore, improper and inaccurate.

## VII. PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 26.

Plaintiffs' proposed instruction defining a municipal policy or custom is lacking in critical detail and should be rejected. First, plaintiffs' instruction improperly asks the jury to determine if the County had a custom of "indifference and triviality of sexual assault upon inmates." Rather, the jury should be instructed to determine whether the County's failure to train Jail staff caused plaintiffs' injuries. Second, plaintiffs' proposed instruction lacks clarification for the jury on the need for notice to the County of a pattern of constitutional violations resulting from its policies or practices, and that the conduct of a single officer is not enough to show the requisite notice.

Accordingly, the Court should give the County's proposed instruction defining "official policy," which properly instructs the jury on what constitutes a custom, notice, and a pattern of unconstitutional violations. In turn, the Court should reject plaintiffs' proposed jury instruction no. 26.

## VIII. PLAINTIFFS' PROPOSED JURY INSTRUCTION NOS. 27 & 28.

Plaintiffs' proposed jury instructions nos. 27 & 28 relate to negligent supervision and training of Defendant Christensen and other County jailers. First, plaintiffs propose to instruct the jury twice on the question of the County's negligence: once for Christensen and once for

5

other County jailers. There is no evidence that any alleged failure to train jailers other than Christensen caused any violation of the plaintiffs' rights. Question No. 28 should be rejected.

Second, Question No. 1 is erroneously stated. The question should read: "Question 1 asks you to determine whether Defendant Christensen intentionally caused Plaintiff bodily harm by sexually assaulting her."

### IX. PLAINTIFFS' PROPOSED VERDICT PART I.

For the reasons stated above in Section II., plaintiffs' proposed verdict questions nos. 1 and 2 in Part I. of their proposed verdict form are superfluous and potentially confusing to the jury and should be rejected. In the alternative, Questions Nos. 2 and 4 both ask whether Defendant Christensen was acting under color of state law when he violated plaintiffs' constitutional rights. This question need only be asked of the jury once.

### X. PLAINTIFFS' PROPOSED VERDICT PART II.

For the reasons stated above in Section IV., plaintiffs have no basis to propose a jury instruction on a failure to protect as they have failed to assert such a claim at any time in these proceedings. Therefore, Part II of plaintiffs' proposed verdict should deleted in its entirety.

### XI. PLAINTIFFS' PROPOSED VERDICT PARTS III, IV, V, & VI.

For the reasons stated above in Section V., even if plaintiffs are able to present evidence sufficient to support multiple *Monell* claims against the County, those claims should be consolidated into a single set of questions to the jury rather than a separate set for each *Monell* claim (with the obvious exception of the failure to train inmates, which has no legal basis). That is why the Court should adopt the County's proposed verdict form Question Nos. 5 through 7. In turn, the Court should reject parts III., IV., V., and VI. of plaintiffs' proposed verdict form. The County's proposed verdict form very simply asks the jury to determine if the County implemented an unconstitutional official policy (Question No. 5), whether the County acted with

deliberate indifference in implementing this official policy (Question No. 6), and if the County's conduct as to this official policy was a direct cause of injury to plaintiffs (Question No. 7).

## XII. PLAINTIFFS' PROPOSED VERDICT PART II, STATE CLAIMS.

Plaintiffs' proposed verdict form as to their negligent training and supervision claims against the County are incomplete and inconsistent with plaintiffs' proposed jury instructions. The verdict should match the questions in proposed jury instruction no. 27, after correcting Question No. 1. *See* Section VII., *supra*.

## XIII. PLAINTIFFS' PROPOSED VERDICT, DAMAGES.

The plaintiffs have no claim for punitive damages against the County. If the issue of punitive damages against Christensen should be presented to the jury at all, it should be in two separate questions. First, the jury should be asked whether it intends to award any punitive damages to plaintiffs. Second, if the jury's answer to the first question is "yes," the jury should be asked what amount of punitive damages, if any, plaintiffs are entitled to receive. Plaintiffs' proposed special verdict Question No. 7 in the damages section improperly collapses these two separate inquiries into one. This form of question has the potential to confuse the jury and cause the jury to overlook the fact that it is within its discretion whether or not to award punitive damages. Defendant's proposed special verdict form avoids any such confusion. As a result, the County's special verdict form, and not plaintiffs', should be used on this issue.

Dated this 13th day of January, 2017.

                                                                  s/ *Paul D. Cranley*
                                                                  Charles H. Bohl
                                                                  Paul D. Cranley
                                                                  Kurt M. Simatic

                                                                  HUSCH BLACKWELL LLP
                                                                  555 East Wells Street, Suite 1900
                                                                  Milwaukee, Wisconsin 53202-3819

Telephone: 414-273-2100
Fax: 414-223-5000
Email: Charles.Bohl@huschblackwell.com

33 East Main Street, Suite 300
Madison, WI 53701-1379
Telephone: 608-255-4440
Fax: 608-258-7138
Email: paul.cranley@huschblackwell.com

20800 Swenson Drive, Suite 300
Waukesha, Wisconsin 53186
Telephone: 262-956-6200
Fax: 262-956-6210
Email: kurt.simatic@huschblackwell.com

Attorneys for Polk County

13376251.1