UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

| | |
|---|---|
| J.K.J., | |
|       Plaintiff, | |
| v. | |
| POLK COUNTY and DARRYL L. CHRISTENSEN, | |
|       Defendants, | Case No. 15-CV-428 |
|     and | |
| WISCONSIN COUNTY MUTUAL INSURANCE CORPORATION, | |
|       Intervenor. | |

---

| | |
|---|---|
| M.J.J., | |
|       Plaintiff, | |
| vs. | |
| POLK COUNTY and DARRYL L. CHRISTENSEN, | |
|       Defendants, | Case No. 15-CV-433 |
|     and | |
| WISCONSIN COUNTY MUTUAL INSURANCE CORPORATION, | |
|       Intervenor. | |

---

### RESPONSE TO PLAINTIFFS' PROPOSED VOIR DIRE

Defendant Polk County (the "County") objects to the following proposed voir dire questions of plaintiffs, other than those that are already covered by the Court's standard voir dire questions, pursuant to this Court's Preliminary Pretrial Conference Order:

31. Have any of you or any of your family or close friends ever worked for an insurance company?

35. Have you or a member of your immediately family every made a legal claim or an insurance claim against anyone, or has anyone ever made such claims against you?
a. If so, explain.

**Objection:** As outlined in the County's Memorandum in Support of its Motions *in Limine* (ECF No. 154 at 12), Federal Rule of Evidence 411 prohibits a party from presenting evidence of insurance coverage in an attempt to prove fault or liability. Therefore, these questions are inappropriate.

44. Has anyone heard of the Prison Rape Elimination Act?
a. If so, what do you know about it?
b. In what context did you learn about it?

**Objection:** As stated in this Court's Opinion and Order (ECF No. 161 at 28), "the County's failure to adopt PREA policies generally or cross-gendered supervision specifically does not by itself qualify as deliberate indifference." Therefore, questioning potential jurors about PREA would only serve to confuse them and would improperly imply that a county jail's compliance with PREA is mandatory and that noncompliance constitutes deliberate indifference.

45. Can anyone tell me what an industry standard means? You understand that the "standards" are not necessarily laws?

46. If there is an industry standard that requires actors to do certain things, do you believe that that actor, if they fail to follow the industry standard, can be punished, even if their failure to act was in compliance with state law?

**Objection:** The claim that a municipality's practices did not comport industry standards does not constitute deliberate indifference. It is insufficient as a matter of law for a plaintiff to allege that the defendant acted "inadequately or imperfectly" or that the defendant "could have done more." *See, e.g.*, *Del Raine v. Williford*, 32 F.3d 1024, 1042 (7th Cir. 1994).

Therefore questioning potential jurors about industry standards would only serve to confuse them as to what constitutes deliberate indifference.

47. If a jail failed to take actions to prevent a sexual assault, does anyone think that they should not be held liable?

**Objection:** This question dramatically minimizes the plaintiffs' burden of proof. It is an inaccurate characterization of the issue in the case, intended to condition the jury to evaluate the evidence on an erroneous standard. The statement misrepresents the applicable law and is highly prejudiced to the County. .

Dated this 13th day of January, 2017.

s/ *Paul D. Cranley*
Charles H. Bohl
Paul D. Cranley
Kurt M. Simatic

HUSCH BLACKWELL LLP
555 East Wells Street, Suite 1900
Milwaukee, Wisconsin 53202-3819
Telephone: 414-273-2100
Fax: 414-223-5000
Email: Charles.Bohl@huschblackwell.com

33 East Main Street, Suite 300
Madison, WI 53701-1379
Telephone: 608-255-4440
Fax: 608-258-7138
Email: paul.cranley@huschblackwell.com

20800 Swenson Drive, Suite 300
Waukesha, Wisconsin 53186
Telephone: 262-956-6200
Fax: 262-956-6210
Email: kurt.simatic@huschblackwell.com

Attorneys for Polk County

13376250.1