IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

J.K.J.,

                  Plaintiff,                  ORDER

   v.

                                                         15-cv-428-wmc

POLK COUNTY and DARRYL L.
CHRISTENSEN,

                  Defendants.

and

M.J.J.,

                    Plaintiff,

   v.                                               15-cv-433-wmc

POLK COUNTY and DARRYL L.
CHRISTENSEN,

                  Defendants.

---

In its proposed draft closing liability instructions and liability special verdict, the court did not include an instruction or verdict question with respect to plaintiffs' proposed Fourteenth Amendment due process claim. The purpose of this order is to set forth the court's reasoning for declining to do so. Plaintiffs cite to Seventh Circuit cases finding that rape committed under color of state law can constitute a violation of the Fourteenth Amendment's due process clause. (*See* Pls.' Proposed Liability Instructions (dkt. #134) 26 (citing *Alexander v. DeAngelo*, 329 F.3d 912, 916 (7th Cir. 2003) ("[A] very serious battery, and a rape committed under color of state law is therefore actionable under 42 U.S.C. § 1983 as a deprivation of liberty without due process of law."); *Wudtke*

*v. Davel*, 128 F.3d 1057, 1062 (7th Cir. 1997) ("Her liberty claim of a right to bodily integrity is, on the other hand, the type of claim that has often been recognized as within substantive due process, particularly in the line of cases dealing with privacy rights.")).)

These cases, however, concern sexual assault outside of the prison context, and therefore outside of the protections of the Eighth Amendment afforded to plaintiffs here. Plaintiffs fail to point to any cases in which a claim of sexual assault against a prison correctional officer proceeded under the Fourteenth Amendment substantive due process clause, nor could this court find any. Rather, this conduct has been consistently judged under the deliberate indifference standard of the Eighth Amendment. Tellingly, plaintiffs proposed instruction appears to be from a 2011 criminal case, *United States v. Cates* (for which plaintiffs provide a docket number but no citation to access the instructions).

Moreover, at summary judgment, plaintiffs conceded that the deliberate indifference standard under the Eighth Amendment governed their claims under the Fourteenth Amendment as to any sexual assaults occurring while plaintiffs were incarcerated as pretrial detainees. (Pls.' Opp'n (dkt. #81) 5-6 ("Polk County is also correct when it indicates that proceeding under the Eighth Amendment Analysis or a Fourteenth Amendment analysis is a distinction without a difference as courts have indicated that the standards are the same under both amendments.").) *See also* 7th Circuit Pattern Civil Jury Instructions § 7.11, cmt. a. On this basis, the County objected to any separate instruction on the Fourteenth Amendment.

Defendant's objection is further bolstered by the Supreme Court's general admonition in *Albright v. Oliver*, 510 U.S. 266, 273 (1994): "When a particular

amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that amendment, not the more generalized notion of substantive due process must be the guide for analyzing these claims."

Finally, given that the underlying facts giving rise to plaintiffs' Fourteenth and Eighth Amendment claims are essentially the same -- that Christensen caused plaintiff to engage in unwanted sexual acts -- whether to demonstrate a due process violation of bodily integrity or deliberate indifference to plaintiffs' health and safety, the court is concerned with unnecessarily complicating the questions to be considered by a lay jury, or worse, confusing them. Accordingly, the court concludes that the Eighth Amendment deliberate indifference standards governs plaintiffs' claims against Christensen.

Entered this 25th day of January, 2017.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge