IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

J.K.J.,

                Plaintiff,                              ORDER

    v.

                                                      15-cv-428-wmc

POLK COUNTY and DARRYL L.
CHRISTENSEN,

                Defendants.

and

M.J.J.,

                Plaintiff,

    v.

                                                      15-cv-433-wmc

POLK COUNTY and DARRYL L.
CHRISTENSEN,

                Defendants.

---

The purpose of this order is to address the parties' objections to the court's proposed jury instructions.

**I. Plaintiffs' Request for Instruction on Failure to Protect**

In their original submission on jury instructions, plaintiffs proposed an instruction on failure to protect. (Pls.' Proposed Jury Instructions (dkt. #134) 29.) The court declined to do so because there appeared to be no failure to protect claim at play in this case. Even assuming plaintiffs pleaded such a claim, or that this court were to grant plaintiffs leave to amend at this late date, plaintiffs have failed to explain how a failure to protect claim fits within the rubric for demonstrating municipality liability. Like other

§ 1983 claims, a failure to protect claim is premised on personal involvement. *See, e.g.*, *Conway v. Gamble*, No. 00-C-383-C, 2000 WL 34236735, at *2 (W.D. Wis. Oct. 26, 2000) (requiring personal involvement to state a failure to protect claim).

Typically, such a claim involves either a supervisor failing to protect a plaintiff from the actions of another official, *see, e.g.*, *Locke v. Haessig*, 788 F.3d 662, 667 (7th Cir. 2015), or an officer failing to protect a plaintiff from a violent fellow inmate, *see, e.g.*, *Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005). Here, however, plaintiffs' claims against the County necessarily involve demonstrating an unconstitutional *policy, practice or custom* that caused their injuries. And, as previously explained, deliberate indifference can constitute a "custom." There is no separate failure to protect claim independent of plaintiffs' constitutional claim asserted against the County itself. Moreover, the expansive instruction covers failures on the part of the County in training, supervising and adopting appropriate policies under *Monell*. Plaintiffs have failed to explain what additional, specific duties a failure to protect claim would cover, nor is this court willing to allow some more amorphous, general duty to be the basis for plaintiffs' recovery under *Monell*. Accordingly, the court overrules this objection to the court's proposed instruction.

**II. Deliberate Indifference Instructions**

Plaintiffs also request a change to the instruction regarding the constitutional claim asserted against Darryl Christensen. Specifically, they ask the court to add the following italicized language to a phrase from its deliberate indifference instruction: "that he actually knew of a substantial risk of harm and that he consciously disregarded this

2

risk *by engaging in sexual contact with the inmates.*" (Pls.' Proposed Changes (dkt. #235) 1 (emphasis added).) While the court understands plaintiffs concern that the pattern instruction they seek to replace with the italicized language (by "failing to take reasonable measures to deal with it") focuses on a failure to take reasonable measures, whereas their claim involves Christensen's *affirmative* actions, the court finds that plaintiffs' proposed language assumes that the sexual contact posed a substantial risk of harm to plaintiffs, which however compelling that assumption may be, remains under current law a question for the jury. As such, the court will modify the instruction as follows: "that he actually knew of a substantial risk of harm and that he consciously disregarded this risk *through his actions*."

As for the instruction for the constitutional claim asserted against the County, the court's proposed deliberate indifference instruction stated in pertinent part that "one or more of its policy-making officials actually knew or *should have known* of a substantial risk of harm." The County objects to the italicized portion (added only for purposes of this order), directing the court to case law holding that "should have known" is not sufficient to state a claim for deliberate indifference. (County's Obj. (dkt. #233) 2.) While the court credits the County's objection, the language -- used for a straight-up deliberate indifference Eighth Amendment claim and not specific to a *Monell* claim -- does not take into account that the notice element of a *Monell* claim includes constructive notice, not just actual notice. *See Cornfield by Lewis v. Consol. High Sch. Dist. No. 230*, 991 F.2d 1316, 1327 (7th Cir. 1993) ("Taken together, these two considerations amount to a requirement that liability be based on a finding that the policymakers have actual *or*

*constructive* notice that a particular omission that is likely to result in constitutional violations." (emphasis added)).[1]

The pattern instruction itself does include a second element of a failure to train claim asserted against a municipality that contemplates a "risk that was obvious to the policymaker:"

> 2. [Official/Policymaker/Policymaking Body] knew that more [and/or different] training was needed to avoid likely [describe alleged constitutional violation(s)], *or that this was obvious to* [Official/Policymaker/Policymaking Body];

7th Cir. Pattern Jury Instructions § 7.21 (2005 rev.). As such, the court will modify the closing instruction, consistent with the pattern instruction, to read:

> 2) Policy-making official or officials were deliberately indifferent to the need for more or different training, supervision and/or adoption of policies to avoid likely sexual assault of an inmate by an officer, *or that this was obvious to Policy-making official or officials*; and

### III. Instruction on Consent

Finally, in the opening statements and through the presentation of evidence, the parties dispute whether some or all of Christensen's sexual contact with plaintiffs was consensual. Based on this, the court believes that an instruction on consent would assist the jury in deciding the ultimate liability questions. As such, the court proposes the following instruction:

> You have heard evidence and argument relevant to the question of whether defendant Darryl Christensen sexual contacts with plaintiffs were consensual. While

---

[1] In response to the County's objection, plaintiffs suggested that the court add: "A fact finder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." (Pls.' Proposed Changes (dkt. #235) 2 (citing *Famer v. Brennan*, 511 U.S. 825, 842 (1994)). However, *Farmer* was not a *Monell* claim.

none of the elements of the claims described above expressly require you to consider whether these sexual acts (or some of the sexual acts) were consensual or nonconsensual, you may deem such a determination relevant to considering whether plaintiffs were *harmed* by the sexual contacts. As you have heard, Wisconsin criminalizes sexual contact between a jail employee and an inmate regardless of whether that act was consensual. As a result, consent was not at issue in convicting Christensen of criminal acts.

If you determine that consent has a bearing on your determination of harm, you may consider the following in deciding whether plaintiffs' sexual contacts with defendant Christensen were consensual: the power disparity between prisoners and correctional officers and how that disparity may create a coercive environment. Ultimately, the determination of whether there was consent, and the broader question of whether there was harm, is for you to determine.

Entered this 31st day of January, 2017.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge