UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

J.K.J.,

        Plaintiff,

  v.                                                                Case No. 15 CV 428

WISCONSIN COUNTY MUTUAL
INSURANCE CORPORATION,

        Intervenor Plaintiff,

  v.

POLK COUNTY SHERIFF'S DEPARTMENT,
DARRYL L. CHRISTENSEN,

        Defendants.

---

M.J.J.,

        Plaintiff,

  v.                                                            Case No. 15 CV 433

WISCONSIN COUNTY MUTUAL
INSURANCE CORPORATION,

        Intervenor Plaintiff,

  v.

POLK COUNTY SHERIFF'S DEPARTMENT,
DARRYL L. CHRISTENSEN,

        Defendants.

---

**POLK COUNTY'S MOTION FOR DIRECTED VERDICT**

---

13441405.1

Defendant Polk County (the "County") hereby moves the Court for judgment as a matter of law pursuant to Rule 50 of the Federal Rules of Civil Procedure as no reasonable jury would have a legally sufficient evidentiary basis to find for plaintiffs on their federal claims against the County.

Based on the evidence presented at trial, plaintiffs' § 1983 claim against the County appears to be that (1) it did not fully implement the provisions of PREA, (2) there was a policy or custom of sexual misconduct at the Jail, and general indifference by policymakers to the risk of sexual misconduct, and (3) there was a sexually-charged atmosphere at the Jail, such that it should have been obvious that there was a substantial risk of sexual misconduct by a jailer toward an inmate.

However, plaintiffs' claim of deliberate indifference to training specifically, and sexual misconduct in general, suffers from several fatal flaws, even after making their case to the jury. First, plaintiffs have shown only a single prior incident of sexual misconduct in the Jail, which was promptly and thoroughly investigated, found to unsubstantiated, and in no way compares to the heinous actions of Darryl Christensen. Second, the evidence at trial shows that the County's jailers were trained, and retrained, on the clear prohibition against sexual misconduct with inmates. The County's policies contained this clear prohibition as well. Third, the failure to implement more or different policies or training – essentially, best practices – is not enough, by itself, to demonstrate deliberate indifference. In fact, there is no evidence in this case that the failure to implement different or more policies would have led to a different result. Fourth, a generalized risk of sexual misconduct in a correctional setting is insufficient to make the need for different or more training obvious.

**ARGUMENT**

I.  **THE LEGAL STANDARD FOR A MOTION FOR JUDGMENT AS A MATTER OF LAW.**

Rule 50 of the Federal Rules of Civil Procedure allows a court to grant judgment as a matter of law "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue" Fed. R. Civ. P. 50(a)(1); *see also Gidarisingh v. Bittelman*, Case No. 12-cv-916-wmc, 2015 WL 4742576, at *1 (W.D. Wis. Aug. 11, 2015).

The standard that the Court must apply is "fundamentally the same standard" that is used in a motion for summary judgment. *Massey v. Blue Cross-Blue Shield of Ill.*, 226 F.3d 922, 924 (7th Cir. 2000); *see also Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000) ("The standard for granting summary judgment 'mirrors' the standard for judgment as a matter of law.") (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-51 (1986)). The Court must determine whether the jury was "presented with a legally sufficient amount of evidence from which it could reasonably derive a verdict." *Massey*, 226 F.3d at 924; *see also Hall v. Gary Cmty. Sch.*, 298 F.3d 672, 675 (7th Cir. 2002) (the court must inquire as to whether the plaintiff has presented the jury with "legally sufficient evidence from which it could conclude in his favor").

In reviewing a motion for judgment as a matter of law, the Court must review the record as a whole, and must "draw all reasonable inferences in favor of the nonmoving party." *Reeves*, 530 U.S. at 150 (citing *Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 554-55 (1990)). However, the Court also may not make credibility determinations or weigh the evidence and must disregard evidence that is favorable to the moving party that the jury is not required to believe. *Id.* In other words, "the court should give credence to the evidence favoring the nonmovant as well as that 'evidence supporting

the moving party that is uncontradicted and unimpeached, at least to the extent that the evidence comes from disinterested witnesses.'" *Id.*

In this case, plaintiffs have failed to meet their burden as a matter of law as to the County; therefore, the Court should enter judgment in favor of Polk County as a matter of law.

## II. NO REASONABLE JURY WOULD FIND THE COUNTY WAS DELIBERATELY INDIFFERENT TO THE RISK OF SEXUAL MISCONDUCT IN THE JAIL.

A municipality cannot be held vicariously liable for constitutional violations committed by its employees. *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 691 (1978). Instead, there are only three ways in which a municipality can violate § 1983: (1) through an express policy that, when enforced, causes a constitutional deprivation; (2) through a "widespread practice" that, although not authorized by written law or express policy, is so permanent and well-settled as to constitute a "custom or usage" with the force of law; or (3) when a constitutional injury is caused by a person with "final decision policymaking authority." *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005) (citing *McTigue v. City of Chi.*, 60 F.3d 381, 382 (7th Cir. 1995)).

Here, plaintiffs do not argue that the County enforced an express policy that, on its face, violated their constitutional rights. They also do not argue that their assaults were caused by a decision by a person with final policymaking authority. Rather, plaintiffs' case against the County rests on the premise that the County's policies or practices were deliberately indifferent to the risk of sexual misconduct in the Jail.

As the Seventh Circuit explained, "liability [must] be based on a finding that the policymakers have actual or constructive notice that a particular omission [ ] is likely to result in constitutional violations." *Cornfield by Lewis v. Consol. High Sch. Dist. No. 230*, 991 F.2d 1326, 1327 (7th Cir. 1993). This "notice" requirement may arise in either of two circumstances:

> First, a municipality acts with deliberate indifference when, "in light of the duties assigned to specific officers or employees the need for more or different training is so

> obvious, and the inadequacy so likely to result in the violation of constitutional rights," that the deficiency exhibits deliberate indifference on the part of municipal policymakers. Alternatively, we may find deliberate indifference when a repeated pattern of constitutional violations makes "the need for further training ... plainly obvious to the city policymakers."

*Jenkins v. Bartlett*, 487 F.3d 482, 492 (7th Cir. 2007) (quoting *City of Canton, Ohio v. Harris*, 489 U.S. 378, 390 & n.10 (1989)).

### A. Plaintiffs have Failed to Present Evidence of a Repeated Pattern of Constitutional Violations.

The Seventh Circuit has stated that although it has not adopted "bright-line rules for establishing what constitutes a widespread custom or practice, it is clear that a single incident—or even three incidents—do not suffice." *Wilson v. Cook Cty.*, 742 F.3d 775, 780 (7th Cir. 2014). Accordingly, even if evidence of alleged sexual misconduct were admitted, those unrelated isolated incidents are insufficient to constitute a *Monell* violation.

Here, plaintiffs have offered the jury evidence of just one prior incident of sexual misconduct – over the last 10 years and the incarceration of 14,100 inmates in the Jail – that could even arguably have given the County meaning notice on the need for additional or different training. The law is clear that such dearth of evidence is not enough. To the extent that the Court on summary judgment pointed to Jorgenson's sexual comments to female jailers, or an inmate alleging that Christensen entered a female pod while an inmate was showering, plaintiffs have failed to present such evidence to the jury.

### B. Plaintiffs Have Failed to Present Evidence of the Obvious Need for More or Different Training, or that Such Training Would Have Prevented Injuries to Plaintiffs.

As an initial matter, the Supreme Court has hypothesized that a "narrow set of circumstances" might exist in which a constitutional deprivation is such a "highly predictable consequence of a failure to equip law enforcement officers with specific tools to handle recurring

situations" that the deprivation might be shown to have been the result of a municipal policy without showing a pattern of constitutional violations. *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 409 (1997); *see also Woodward v. Corr. Med. Servs. of Ill., Inc.*, 368 F.3d 917, 929 (7th Cir. 2004). Indeed, in *Woodward*, while acknowledging this potential narrow exception to the rule, the Seventh Circuit expressly noted that the liability of the defendant was founded "on much more than a single instance of flawed conduct." 368 F.3d at 929. There, unlike in this case, the plaintiff introduced evidence of repeated failures by medical staff to ensure the deceased inmate's safety over a period of several weeks as well as proof of a widespread "culture that permitted and condoned violations of policies that were designed to protect inmates." *Id.* Here, in contrast, plaintiffs limit their proof – other than the unreported misconduct by Christensen – solely to an unsubstantiated assault by Jorgenson. Based on this single prior incident, plaintiffs cannot, as a matter of law, establish that their assaults were not a one-time, random event and instead was caused by a policy attributable to Polk County.

Next, the evidence offered to the jury by the conclusion of the plaintiffs' case demonstrates that: County jailers are trained and certified to Wisconsin standards for county jailers, they are recertified on a regular basis, they receive field training from more senior jailers as they start employment, they receive periodic training in the Jail from other jailers and Captain Nargis, and they are ordered to engage in daily training to review Jail policies. Specifically, Polk County jailers, including Christensen, received training on proper management and interactions with inmates, including the prohibition on sexual contact with inmates, the violation of which would be a felony. Plaintiffs have failed to offer any evidence to show that these trainings or Jail policy were constitutionally deficient. *See also Tapia v. City of Greenwood*, 965 F.2d 336, 339 (7th Cir. 1992) (holding that were a state imposes minimum training standards on municipalities, adherence to those

standards bars a § 1983 claim of a failure to train absent evidence of deliberate indifference to a constitutional deficiency in those standards).

Plaintiffs argue that additional training and policies, such as PREA, were necessary to either prevent Christensen from engaging in sexual misconduct or would have allowed plaintiffs to report the misconduct to Jail staff. However, plaintiffs evidence to the jury proves no such thing. Pointing out training that could have been offered "falls short of proof that the training actually offered was inadequate. Evidence as to what the County "*could have provided* to prevent this occurrence ... is a far cry from proving the actual training was constitutionally deficient." *Palmquist v. Selvick*, 111 F.3d 1332, 1345 (7th Cir. 1997) (emphasis in original). Furthermore, just because there is a better practice does not mean the existing one is unconstitutional. *Smith v. Sangamon Cty. Sheriff's Dep't.*, 715 F.3d 188, 191 (7th Cir. 2013) ("The existence or possibility of other better policies which might have been used does not necessarily mean that the defendant was being deliberately indifferent.")

To the extent that plaintiffs have offered any evidence of the substantial risk of sexual misconduct in jails generally, it is not enough to make the need for more or better training obvious, especially if there is already training and policies prohibiting such behavior. *See, e.g.*, *Flores v. Cty. of Los Angeles*, 758 F.3d 1154, 1160 (9th Cir. 2014) ("If the threat of prison time does not sufficiently deter sexual assault, it is not plausible to assume that a specific instruction not to commit sexual assault will provide such deterrence, and therefore failure to include such instruction does not constitute deliberate indifference absent a longstanding pattern of such criminal behavior."); *Barney v. Pulsipher*, 143 F.3d 1299, 1308 (10th Cir. 1998) *( "[W]e are not persuaded that a plainly obvious consequence of a deficient training program would be the sexual assault of inmates*. Specific or extensive training hardly seems necessary for a jailer to know that sexually assaulting inmates is inappropriate behavior.") (emphasis added); *Andrews v. Fowler,* 98 F.3d 1069, 1077 (8th Cir. 1996)

("In light of the regular law enforcement duties of a police officer" there is not "a patently obvious need for the city [ ] specifically [to] train officers not to rape young women.").

Finally, plaintiffs' evidence of a so-called "sexually-charged atmosphere" at the Polk County Jail – inappropriate comments among jailers about inmates and each other – is not by itself a constitutional violation and not evidence of the obvious need for different or additional training for County jailers. In *Decker v. Tinnel*, No. 2:04-CV-227, 2005 WL 3501705, at *10 (N.D. Ind. Dec. 20, 2005), a female plaintiff argued that in a police department's "sexually-charged atmosphere," where pornography viewing and sexual bragging were rampant, the training must have been inadequate, and the municipality showed deliberate indifference in addressing the situation prior to her sexual assault.

However, the district court concluded:

[T]here is no evidence to support the conclusion that it was obvious that there was an existing inadequacy in the training program at the Hebron Police Department. It is uncontroverted that there had been no complaints of similar misconduct by any Hebron police officer, and no reports or complaints were ever made to Chief Midkiff of any similar misconduct by Officer Tinnel.

Additionally, there is no evidence to show that the Town of Hebron or the Hebron Police Department was deliberately indifferent to any need for better training. Officer Tinnel completed the standard training sessions, and there was a sexual harassment policy in place at the time of the incident. Because there had been no similar previous complaints about other officers or Officer Tinnel, it cannot be said that Defendants intentionally allowed sexual misconduct to occur, or that they acted in a deliberately indifferent manner. Even assuming Chief Midkiff was aware of the atmosphere at the police department (an atmosphere which the Court does not condone, but which is not necessarily indicative of any tendency on the part of the police officers to sexually abuse civilians), Plaintiff has failed to prove a causal link between that environment and the actions taken by Officer Tinnel during the ride-along. As such, Defendants are entitled to judgment as a matter of law on the failure to train aspect of Decker's section 1983 claim.

*Id.* at *11.

## CONCLUSION

Rule 50 requires a court to grant judgment as a matter of law if a party has been fully heard and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party. For the reasons stated herein, plaintiffs have failed to satisfy the burden of proof for establishing municipal liability under § 1983. As a result, the Court should enter judgment in favor of Polk County as a matter of law.

Dated this 1st day of February, 2017.

        s/ Paul D. Cranley
Charles H. Bohl
Paul D. Cranley
Kurt M. Simatic

HUSCH BLACKWELL LLP
555 East Wells Street, Suite 1900
Milwaukee, Wisconsin 53202-3819
Telephone: 414-273-2100
Fax: 414-223-5000
Email: Charles.Bohl@huschblackwell.com

33 East Main Street, Suite 300
Madison, WI 53701-1379
Telephone: 608-255-4440
Fax: 608-258-7138
Email: paul.cranley@huschblackwell.com

20800 Swenson Drive, Suite 300
Waukesha, Wisconsin 53186
Telephone: 262-956-6200
Fax: 262-956-6210
Email: kurt.simatic@huschblackwell.com

Attorneys for Polk County