IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

J.K.J.,

        Plaintiff,

  v.

POLK COUNTY and DARRYL L. CHRISTENSEN,

        Defendants.

and

M.J.J.,

        Plaintiff,

  v.

POLK COUNTY and DARRYL L. CHRISTENSEN,

        Defendants.

OPINION AND ORDER

15-cv-428-wmc

15-cv-433-wmc

---

Despite a jury trial, issuance of decisions on various post-trial motions, and entry of final judgment in both of these cases, three additional motions are still pending before this court. Plaintiffs seek to add to the court's attorneys' fee and cost award to include fees incurred as a result of post-trial briefing. ('428 dkt. #282; '433 dkt. #283.) Plaintiffs also seek to alter or amend the judgment to include prejudgment interest. ('428 dkt. #287; '433 dkt. #288.) Finally, defendant Polk County seeks to stay execution on the judgment and a waiver of the supersedeas bond requirement ('428 dkt. #284; '433 dkt. #285), with defendant Christensen joining in the motion to stay ('428 dkt. #290; '433 dkt. #291). For the reasons described below, the court will: (1) grant plaintiffs' motion to modify the

fee and cost award in the amount requested; (2) grant in part and deny in part plaintiffs' motion to alter the judgment to add prejudgment interest, commencing the award from the date of the jury verdict, not the date of injury; and (3) grant in part and deny in part the County's motion to stay and to waive the supersedeas bond requirement, but will deny the same for defendant Christensen.

OPINION

I. Motion to Modify Attorneys' Fees and Costs Award

In their motion and supporting materials, plaintiffs' counsel represents that they have incurred an additional $58,905.00 in fees and $866.70 in costs, and therefore requests the court modify the prior award of fees and costs of $539,822.62 to $599,549.32. (Pls.' Mot. (dkt. #282; Bannink Decl. (dkt. #283).)[1] Defendants did not oppose plaintiffs' original motion for attorneys' fees and costs, nor do they oppose this requested modification. Accordingly, the court will again grant that motion.

II. Motion to Alter or Amend Judgment to Add Prejudgment Interest

In the next motion, plaintiffs seek to amend the judgement to award prejudgment interest. "Prejudgment interest is an element of complete compensation." *West Virginia v. United States*, 479 U.S. 305, 310–11 (1987); *see* also *Rivera v. Benefit Tr. Life Ins. Co.*, 921 F.2d 692, 696 (7th Cir. 1991) (explaining that "[t]he award of prejudgment interest for a federal law violation is governed by federal common law"). The Seventh Circuit in

---

[1] Unless otherwise noted, citations to the docket are to the '428 case.

particular has held that "prejudgment interest should be presumptively available to victims of federal law violations." *Rivera*, 921 F.2d at 696 (citing *Gorenstein Enters., Inc. v. Quality Care-USA, Inc.*, 784 F.2d 431, 436 (7th Cir. 1989)). Still, there are important limits on an award of prejudgment interest. In particular, the Seventh Circuit has cautioned against an award when the jury's damages award takes into consideration the time value of money. This concern is most clearly illustrated in cases where the jury awards an amount for lost wages, combining both losses for past and future wages. *See, e.g.*, *Williamson v. Handy Button Mach. Co.*, 817 F.2d 1290, 1298 (1987). As the court explained in *Williamson*, "[o]nly back pay and expenses in the past may be augmented by prejudgment interest." *Id.* Similarly, an award of prejudgment interest is also not appropriate if the jury's award included interest. *See Raybestos Prods. Co. v. Younger*, 54 F.3d 1234, 1246-47 (7th Cir. 1995) (presuming that the jury's award included an interest augmentation).

Here, the jury was instructed to consider the "present value of the medical care and supplies that the plaintiff . . . is reasonably certain to need and receive in the future" and the "physical, mental and emotional pain and suffering and disability or loss of normal life that plaintiff has experienced and is reasonably certain to experience in the future." (Damages Instr. (dkt. #248) 1.) Counsel for plaintiffs in his closing argument on damages, similarly asked the jury to determine the amount of money "it will take to compensate [plaintiffs] for the pain and misery that was caused by the sexual assault," and specifically asked the jury to take into consideration their current mental health state and the fact that "[t]hey need treatment." (Trial Tr. (dkt. #260) 7, 16.) As such, the jury presumptively awarded plaintiffs compensatory damages based on the injuries they presented at trial in

3

2017, reflecting the value of money at the time of the verdict, not at the time of injury. Therefore, the court finds no basis to enter a prejudgment interest award to account for the time lapse between the injury and that verdict.[2]

At the same time, plaintiffs have necessarily missed out on the time value of money between the date of the verdict and the entry of final judgment. As such, the court will award prejudgment interest for that period of time. *See Gorenstein Enters.*, 784 F.2d at 436 (explaining that without prejudgment interest, "the defendant has an incentive to delay"). Here, the parties agree that the court should use the prime rate in awarding prejudgment interest, although plaintiffs propose calculating the interest accrued using the actual effective prime interest rate, adjusting for all fluctuations during the damages period. The County, on the other hand, asks the court to apply a simple average of the prime rate over the period in question. The County's approach not only seems more practical, it appears to be more widely accepted by the Seventh Circuit. *See, e.g., Cement Div., Nat'l Gypsum Co. v. City of Milwaukee*, 144 F.3d 1111, 1114 (7th Cir. 1998) ("[T]he best starting point is to award interest at the market rate, which means an average of the prime rate for the years in question." (internal citation and quotation marks omitted)). As such, this court will adopt that approach as well.[3]

---

[2] In reviewing Seventh Circuit cases on this subject, the court could not find any cases approving of an award of prejudgment interest on a compensatory damages award for physical and mental pain at issue in this case. To the contrary, the cases cited by the parties and additional ones reviewed by the court, all involve damages awards, or portions of damages award (e.g., back pay in Title VII claims) where the damages were tied to a date in the past and the dollar amount reflected that past date.

[3] The County makes one more request: given the length of time between the verdict and entry of judgment, approximately one year, the County requests that the court make an equitable determination as to the length of time after the post-trial motion was briefed for which the County

Finally, the parties dispute how to compound the interest. Plaintiffs propose monthly; the County proposes annually. The court opts to compound annually, consistent with the approach for postjudgment interest provided in 28 U.S.C. § 1961 *See Ruppert v. Alliant Energy Cash Balance Plan*, No. 08-CV-127-BBC, 2011 WL 13134639, at *3 (W.D. Wis. Mar. 18, 2011). Having determined to award prejudgment interest for the period from the date of the verdict, February 3, 2017, to the date of judgment, February 6, 2018, applying the average prime rate over the relevant period, and compounding annually, the court will awards each plaintiff $83,600.00 in prejudgment interest.[4]

## III. Motion to Stay Execution and Waiver Supersedeas Bond Requirement

The County filed a motion to stay execution of the judgment and waive the supersedeas bond requirement until final resolution of defendants' appeal. As explained in its motion, the County was insured from 2011 through 2014, the years during which the plaintiffs were sexually assaulted by Christensen, by a series of Public Entity Liability insurance policies issued by Wisconsin County Mutual Insurance Company ("WCMIC"). (Bisek Aff. (dkt. #286) ¶ 3.) The limit of liability for each of those policies is $10,000,000 per occurrence, with a deductive of $10,000 per occurrence. (*Id.*) As administrator of those policies, David Bisek, Senior Vice President of Claims and Litigation with Aegis

---

should pay interest at the higher prejudgment rate. While the court agrees that this was inordinately long, it is disinclined to adopt the County's proposal of awarding prejudgment interest until August 4, 2017 (the approximate mid-way point between the date of the verdict and the date of judgment). Instead, the court will award "prejudgment interest" up to the date of entry of judgment itself.

[4] The court calculates the average prime rate over this 12-month period as 4.18%. *See* Prime Rate History-Monthly, http://www.fedprimerate.com/prime_rate_history-monthly.htm.

Corporation, avers that "WCMIC has accepted coverage, without reservation of rights, for the claims asserted by M.J.J. and J.K.J. against Polk County." (*Id.* at ¶ 4.) Bisek further avers that, "[i]n the event Polk County is unsuccessful on appeal, WCMIC will provide coverage under the terms of the relevant policies to pay the judgments, including any award of attorney's fees, costs, and interest." (*Id.*)

In considering whether to waive the bond requirement under Federal Rule of Civil Procedure 62(d), the Seventh Circuit Court of Appeals instructs that this court consider the following factors:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

*Dillon v. City of Chi.*, 866 F.2d 902, 904-05 (7th Cir. 1998) (internal citations and quotation marks omitted). The following factors weigh in favor of waiving the bond requirement: the apparent lack of dispute over the application of the insurance policies to cover final judgments here; WCMIC's apparent solvency; the sworn representations made by WCMIC's administrator about coverage under these insurance policies; *and* Polk County's ultimate liability should payment not be made timely under the policies. Even so, plaintiffs raise legitimate concerns about the ease and timeliness of collection under the insurance policies. Accordingly, the court will grant the County's motion for a stay pending appeal provided within 21 days of this order: (1) WCMIC provides a formal, written

6

assurance of payment of the final judgment in full, including all accrued interest, attorneys' fees and costs, within 30 days of remand of the appeal for enforcement of that judgment; *and* (2) Polk County provides a written acknowledgement of its obligation to do the same within 60 days of remand should WCMIC fail to perform on its assurance timely.

Defendant Christensen attempts to piggy-back on the County's motion, but his reasoning makes no sense. He has no insurance policy; instead, Christensen simply argues that he is judgment proof, having no funds to satisfy the judgment entered against him. As such, the court will deny his request to waive the supersedeas bond. Given that he appears incapable of obtaining such a bond, the court will also deny his motion to stay execution.

ORDER

IS IT ORDERED that:

1) Plaintiffs M.J.J. and J.K.J.'s motions to modify the attorneys' fees and costs award ('428 dkt. #282; '433 dkt. #283) are GRANTED. Including all wards by the court to date, therefore, plaintiffs jointly are now entitled to $599,549.32 in *total* attorneys' fees and costs against defendants Polk County and Darryl L. Christensen, jointly and severally.

2) Plaintiffs' motions to alter or amend the judgment to add prejudgment interest ('428 dkt. #287; '433 dkt. #288) are GRANTED IN PART AND DENIED IN PART. Plaintiffs are each awarded $83,600.00 in prejudgment interest against defendants Polk County and Darryl L. Christensen, jointly and severally.

3) Defendant Polk County's motion to stay execution of judgment and waive the supersedeas bond requirement ('428 dkt. #284; '433 dkt. #285) is GRANTED IN PART AND DENIED IN PART. The stay is granted for 21 days to provide Polk County with time to file the two submissions described above. If Polk County provides those submissions, the stay is extended until resolution of the pending appeal. If Polk County fails to provide those submissions, the stay will be lifted after the 21-day period.

4) Defendant Christensen's motion to join Polk County's motion to stay ('428 dkt. #290; '433 dkt. #291) is DENIED.

5) The clerk of court is directed to enter a second amended judgment reflecting this order.

Entered this 17th day of May, 2018.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge